**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ROBERT MARTINO *et al.*,

Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN,

Defendant.

Case No. 1:21-cv-01808-RDM

**PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT THIRD-PARTY DISCOVERY**

Plaintiffs respectfully move this Court for entry of an order permitting them to conduct limited third-party discovery pursuant to Federal Rules of Civil Procedure 26, 30, and 45. This order would further Plaintiffs' efforts to prove Defendant's, the Islamic Republic of Iran's ("Iran"), liability and Plaintiffs' resulting damages "by evidence satisfactory to the court." 28 U.S.C. § 1608(e).

## I. Grounds for Granting Leave to Conduct Third-Party Discovery

Iran has not appeared in this action after being properly served and as a result the Clerk certified Iran's default on September 15, 2022. Clerk's Entry of Default, ECF No. 29. However, each Plaintiff must still "establish[] his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). When (as here) a party must present evidence in a default action, third-party discovery is appropriate if it is "reasonably calculated to lead to evidence in support of Plaintiffs' motion for default judgment and a request for damages." *Kraho GmbH v. Overlord Ltd.*, CV 19-04050-AB, 2019 WL 8064249, at *3 (C.D. Cal. Dec. 20, 2019); *see also*, *e.g.*, Minute Order, *Fritz v. Islamic Republic of Iran*, No. 15-cv-00456-RDM (D.D.C. Nov. 3, 2017) ("Plaintiffs

may issue third-party subpoenas in light of Defendant Islamic Republic of Iran's default"), ECF No. 29.

Plaintiffs seek leave to conduct limited third-party discovery because, under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Because Iran has defaulted and Plaintiffs have no reason to believe it will appear in this case, a Rule 26(f) conference will likely not occur. *See*, *e.g.*, *Alstom Power, Inc. v. Graham*, 3:15cv174, 2016 WL 354754, at *2 (E.D. Va. Jan. 27, 2016) ("The Court has broad discretion to supervise discovery. This latitude extends to allowing discovery in the absence of a Rule 26(f) conference.") (internal quotation marks and citations omitted).

Courts in this District have permitted third-party discovery relating to liability in default actions like this one. *See, e.g.*, Minute Order, *Neiberger, et al. v. Islamic Republic of Iran*, No. 16-cv-02193, 2022 WL 17370239 (D.D.C. Sept. 8, 2022) (granting leave to conduct third-party discovery), ECF No. 71; Order, *Cabrera v. Islamic Republic of Iran*, No. 19-cv-03835-JDB (D.D.C. Nov. 3, 2020) (same), ECF No. 24; Minute Order, *Fishbeck v. Islamic Republic of Iran*, No. 18-cv-02248-CRC (D.D.C. Aug. 11, 2020) (same), ECF No. 41; Order, *Holladay v. Islamic Republic of Iran*, No. 17-cv-00915-RDM (D.D.C. Nov. 1, 2018) (same), ECF No. 73; Order, *Hake v. Bank Markazi Jomhouri Islami Iran*, No. 17-cv-00114-TJK (D.D.C. May 2, 2018) (same), ECF No. 45. Courts in this District have also overseen third-party discovery on damages issues. *See*, *e.g.*, *Flatow v. Islamic Republic of Iran*, 201 F.R.D. 5, 7 (D.D.C. 2001) (modifying third-party subpoena served on government agency in relation to default judgment against Iran).

Because Iran has refused to participate in the present litigation, Plaintiffs have and are in the process of obtaining information to support their claims by other means—including through

requests to numerous federal agencies under the Freedom of Information Act, 5 U.S.C. §§ 552, et seq. ("FOIA") and from Plaintiffs—but certain of those attempts have been insufficient through no fault of Plaintiffs. For example, Plaintiffs' counsel submitted a FOIA request to U.S. Central Command ("CENTCOM") on December 20, 2021 seeking, *inter alia*, information pertaining to the Combined Explosives Exploitation Cell ("CEXC") database, which would serve to demonstrate Iran's involvement in the specific attacks at issue in *Martino*.

Plaintiffs' counsel previously received documents from the CEXC database in another action involving similar claims, *Neiberger v. Islamic Republic of Iran*, No. 1:16-cv-2193 (D.D.C.) ("*Neiberger*"). These records provided crucial details about the specific weapons used in those attacks, as well as other attribution evidence linking Iran to the attacks. As the CEXC documents bore directly upon the plaintiffs' claims in *Neiberger*, Plaintiffs submit that it is highly probable that the information sought here will support Plaintiffs' claims in the instant case.

Plaintiffs' counsel in *Neiberger* originally sought the CEXC records from Naval Surface Warfare Center, Indian Head Division ("NSWCIHD") pursuant to a FOIA request and then through a third-party subpoena approved by the District Court. *See* Minute Order, June 4, 2021, 1:16-cv-2193 (D.D.C.). While NSWCIHD ultimately produced many of the requested documents, after doing so NSWCIHD informed Plaintiffs' counsel that it was returning the CEXC database to CENTCOM and would no longer be the release authority for this information. *See* Memo at 5-6, Ex. 1. As such, Plaintiffs' counsel in this matter submitted a FOIA request to CENTCOM on December 20, 2021 for the CEXC records. *See Sparacino v. CENTCOM*, No. 1:22-cv-1602-JMC (D.D.C.), Dkt. 1-6, Ex. 2. In responding to Plaintiffs' FOIA request, CENTCOM informed Plaintiffs' counsel that, despite having already located thousands of responsive records, it referred the request to NSWCIHD, which it claimed was the custodian of the CEXC database. *See* Ex. 3.

Since referring the FOIA to NSWCIHD, both CENTCOM and NSWCIHD have refused to acknowledge custodianship of the CEXC database, with both agencies claiming they are not the release authority for these records under FOIA. As a result, Plaintiffs have been unable to identify any contact at any agency willing to process and produce these highly relevant documents located in the CEXC database. Instead, both CENTCOM and NSWCIHD have represented (for months) that other third parties, namely the Chairman of the Joint Chiefs of Staff ("CJCS") and the Office of the Secretary of Defense ("OSD"), will at some indeterminate time decide whether CENTCOM or NSWCIHD bears responsibility for responding to Plaintiffs' FOIA request. In the meantime, Plaintiffs' FOIA request remains unanswered long after the statutory deadline.

Plaintiffs' suit against CENTCOM to enforce their FOIA request, filed in this District Court on June 6, 2022, *Sparacino v. CENTCOM*, No. 1:22-cv-1602-JMC (D.D.C.), has been of no avail in resolving this issue. In the parties' most recent joint status report in that suit, CENTCOM reported that "[d]isposition of the CEXC-I database is currently pending decision by the Joint Staff"—nearly *six months* since Plaintiffs were originally notified that CENTCOM had referred Plaintiffs' request to NSWCIHD and that "Navy has agreed to accept the CEXC-I database." Ex. 4 (Jan. 17, 2023 JSR); Ex. 3 at p. 4. Meanwhile, through Plaintiffs' FOIA lawsuit against United States Naval Forces Central Command ("NAVCENT") seeking documents in the CEXC database pertaining to a narrower set of attack victims, NAVCENT recently confirmed, after Plaintiffs' request was referred to NSWCIHD, that NSWCIHD had "conducted a search" of the CEXC database and "located approximately 2,000 pages of potentially responsive records. However, because these records contain information that belongs to [CENTCOM], NSWCIHD is currently working on referring the pages to CENTCOM for further processing." Ex. 5 (Feb. 6, 2023 *Sparacino v. NAVCENT* JSR). In other words, CENTCOM and NSWCIHD are both able to search

the CEXC database (and have in fact done so in response to certain of Plaintiffs' requests), but neither agency will agree to process and produce these documents.

Although two years have already elapsed since Plaintiffs' initial submission of its FOIA request to CENTCOM, neither CENTCOM nor NSWCIHD have produced *any* of the requested CEXC records that either agency has located. Undersigned counsel have worked to obtain as much information and evidence as possible from Plaintiffs, yet Plaintiffs are limited in what information they have access to regarding these overseas attacks, partly as a result of Iran's refusal to appear and be subjected to discovery. Therefore, Plaintiffs seek leave to conduct limited and targeted third-party discovery from whichever agency is determined to be the proper custodian of the CEXC database as set out below to obtain the necessary evidence to substantiate their claims.

## II. Scope of Requested Third-Party Discovery

Plaintiffs propose seeking third-party discovery that is reasonably calculated to lead to evidence of Iran's involvement in the attacks specified in the Complaint and Plaintiffs' request for damages. Plaintiffs request leave to issue subpoenas, or *Touhy* requests, to NSWCIHD, CENTCOM, CJCS, and OSD, which upon information and belief, would be in the possession of or maintain control over the relevant CEXC documents containing information relating to Iran's support for the specified attacks, including U.S. Department of Defense CEXC Reports and other records documenting the details of the weapons used in each attack.

Plaintiffs intend to rely on CEXC reports and records for evidence of the Iranian-supported construction and Iranian-supplied components of the improvised explosive devices and other weapons used by terrorists in the attacks at issue in the instant case. Additionally, Plaintiffs believe that the CEXC documents may also contain information regarding the complexity of the attacks at issue in this case, the extent of the damage caused by the weapons, as well as other attribution

evidence linking Iran to the groups that carried out the attacks. This information is relevant to demonstrate Iran's involvement in and/or provision of material support for each attack, as well as the extent of Plaintiffs' injuries.

## III. Proposed Schedule

Plaintiffs propose to serve the third-party subpoenas, if the Court permits, upon NSWCIHD, CENTCOM, CJCS, and OSD—the Agencies which Plaintiffs reasonably believe to be in possession of or maintain control over the specified records—immediately following the disposition of this Motion. Plaintiffs will be prepared to update the Court on their progress in pursuing this discovery, and the expected timeline for serving any additional requests, at any interval preferred by the Court.

Pursuant to Local Civil Rule 7(c), Plaintiffs attach to this Motion a proposed order entering the relief requested above.

DATED: February 15, 2023

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

/s/ *Michael J. Gottlieb*

Michael J. Gottlieb (D.C. Bar No. 974960)
1875 K Street, N.W.
Washington, DC 20006-1238
Tel: (202) 303-1000
Fax: (202) 303-2000
MGottlieb@willkie.com

Nicholas Reddick (D.C. Bar No. 1670683)
One Front Street
San Francisco, CA 94111
Tel: (415) 858-7400
Fax: (415) 858-7599
NReddick@willkie.com

Randall Jackson (D.C. Bar No. 490798)
787 Seventh Avenue
New York, NY 10019-6099
Tel: (212) 728-8000
Fax: (212) 728-8111
RJackson@willkie.com

SPARACINO PLLC

Ryan R. Sparacino (D.C. Bar No. 493700)
Eli J. Kay-Oliphant (D.C. Bar No. 503235
1920 L Street, NW, Suite 535
Washington, D.C. 20036
Tel: (202) 629-3530
ryan.sparacino@sparacinopllc.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of February, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

*/s/ Michael J. Gottlieb*
Michael J. Gottlieb