IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MARTINO, *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>   Defendant. | Case No. 1:21-cv-01808-RDM |

## MOTION TO EXCEED PAGE LIMIT

Plaintiffs, by and through undersigned counsel, respectfully move this Court to extend the page limit of their Motion for Default Judgment on Behalf of Bellwether Plaintiffs and Memorandum in Support Thereof ("Bellwether Motion for Default"). Plaintiffs seek an increase of 145 pages from the 45 pages permitted by Local Rule 7(e) for a total of 190 pages. In support of this Motion, Plaintiffs state the following:

1. This is a civil action pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A ("FSIA"), involving twenty-five (25) terrorist attacks in Iraq that were carried out from 2004 to 2009 by Iran-sponsored terrorist groups ("Bellwether Attacks"). Through the Bellwether Motion for Default, Plaintiffs seek damages on behalf of one soldier who was severely injured in an attack and forty-four (44) family members of U.S. service members and civilians who were killed in the attacks ("Bellwether Plaintiffs").

2. The Bellwether Motion for Default sets forth the Court's subject matter and personal jurisdiction, Defendant's liability for the attacks at issue, and Plaintiffs' entitlement to damages as a result of the attacks. Given the substantial volume required for such a briefing (as to even a single plaintiff or attack, let alone 45 plaintiffs injured or killed in 25 attacks), Courts

overseeing prior FSIA suits in this District have frequently allowed plaintiffs to either exceed the page limit in their memoranda in support of default judgment, *see Neiberger v. Islamic Republic of Iran*, No. 1:16-CV-02193-EGS-ZMF (D.D.C.) August 31, 2021 Minute Order (granting motion to exceed page limit and allowing Plaintiffs a page limit of 180 pages with respect to their Memorandum in support of their Motion for Default Judgment for 40 plaintiffs); *Henkin v. Islamic Republic of Iran*, No. 1:18-CV-1273-RCL, 2021 WL 2914036 (D.D.C. July 12, 2021), ECF No. 21-1 (filed Aug. 27, 2020) (58-page memorandum in support of default judgment for seven plaintiffs), or alternatively to spread their claims across multiple briefings, submitting separate briefs for their damages, jurisdiction, and liability arguments, *see Karcher v. Islamic Republic of Iran*, 396 F. Supp. 3d 12 (D.D.C. 2019), No. 1:16-cv-00232-CKK ECF No. 32 (ordering separate briefs for jurisdiction and Plaintiffs' substantive legal claims, respectively, and setting out separate proceedings for damages) and/or to supplement the record with additional briefings in order to fully set forth their claims, *see Fritz v. Islamic Republic of Iran*, 320 F. Supp. 3d 48 (D.D.C. 2018), No. 1:15-cv-00456-RDM ECF No. 42 (supplemental brief submitted on behalf of 22 plaintiffs in response to issues noted by the Court during a pretrial conference).

3. Here, in the interest of judicial economy, Plaintiffs have prepared their Bellwether Motion for Default to be a fully comprehensive brief that, along with 221 evidentiary exhibits (including four expert reports), establishes the elements of all 45 Bellwether Plaintiffs' claims for relief such that this Court may effectuate judgment under Federal Rule of Civil Procedure 55 as to each Bellwether Plaintiff based solely on this Motion, without the need for an evidentiary hearing or additional briefing. Plaintiffs respectfully submit that the extended page limit will preserve the Court's (and Plaintiffs') resources by allowing the Court to consolidate arguments that would normally be separated into three or more separate briefs and multiple hearings. Additionally, filing

one brief covering jurisdiction, liability, and damages for all 25 Bellwether Attacks and all 45 Bellwether Plaintiffs allows for greater efficiencies as each argument can draw from the same detailed descriptions of the attacks and the same underlying evidence, as opposed to being required to repeat them across multiple briefs.

4. Plaintiffs' proposal also comports with the Case Management Order ("CMO") this Court approved and ordered on August 16, 2023, which established the process by which not only these 45 Bellwether Plaintiffs' claims may be efficiently adjudicated, but also by which the remaining approximately 52 Plaintiffs injured by the Bellwether Attacks and the remaining approximately 528 non-Bellwether Plaintiffs injured in the approximately 211 non-Bellwether Attacks may be subsequently heard by Special Masters appointed by this Court to provide it recommended findings over the subsequent three phases of the CMO. Pls' Mot. for Entry of Case Mgmt. Order, ECF No. 35; *Martino et al. v. Islamic Republic of Iran*, No. 21-CV-01808-RDM (D.D.C.) August 16, 2023 Minute Order. By consolidating all of the information this Court needs to adjudicate the 45 Bellwether Plaintiffs' claims in one place, Plaintiffs seek to provide this Court and the Special Masters it appoints a comprehensive rubric for how future claims may be presented in the subsequent phases to achieve efficient judgments.

5. Accordingly, Plaintiffs respectfully request the Court's leave to file their Bellwether Motion for Default as currently drafted (occupying 145 additional pages beyond the 45 pages permitted by Local Rule 7(e)), as opposed to in either a trifurcated form (that splits jurisdiction, liability, and damages) or in a shorter (but necessarily incomplete) presentation of only a few plaintiffs or claims at a time.

6. To aid the Court's review, Plaintiffs plan to file their proposed Bellwether Motion for Default, through a Motion to Seal, directly following their Motion to Exceed here, so that the

Court can consider exactly how Plaintiffs propose to utilize the additional pages, rather than in the abstract.

7. Defendant will not be prejudiced by granting Plaintiffs additional pages, as Defendant has not appeared in this case.

8. A proposed order is attached.

9. However, should this Court prefer that Plaintiffs break apart their briefing and submit multiple briefs, Plaintiffs seek leave to file separate briefs as to jurisdiction, liability, and damages within 10 days of an order to do so, and further seek an extension of 20 pages each for each of the reasons stated above.

Dated: November 30, 2023                                  Respectfully submitted,

/s/   Nicholas Reddick
Nicholas Reddick (D.C. Bar No. 1670683)
Willkie Farr & Gallagher LLP
One Front Street
San Francisco, CA 94111
Tel: (415) 858-7400
Fax: (415) 858-7599
NReddick@willkie.com

Michael J. Gottlieb (D.C. Bar No. 974960)
Devin Charles Ringger (D.C. Bar No. 1044160)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
MGottlieb@willkie.com
DRingger@willkie.com

Ryan R. Sparacino (D.C. Bar No. 493700)
Sparacino PLLC
1920 L Street, N.W., Suite 835
Washington, DC 20036

Tel: (202) 629-3530
ryan.sparacino@sparacinopllc.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of November, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                                            */s/ Nicholas Reddick*
                                            Nicholas Reddick