UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT MARTINO, *et al.*,

    *Plaintiffs*,

v.

ISLAMIC REPUBLIC OF IRAN,

    *Defendant.*

Civil Action No. 21-1808 (RDM)

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' motion for leave to file documents under seal, Dkt. 38. For the reasons stated below, the motion is **GRANTED**.

When determining whether court records should be sealed, courts in this Circuit apply the six-factor test set out in *United States v. Hubbard*, 650 F.2d 293, 317–21 (D.C. Cir. 1980):

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the document prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interested involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced.

*TIG Ins. Co. Firemen's Ins. Co.*, 718 F. Supp. 2d 90, 95 (D.D.C. 2010) (internal citation omitted). Whether judicial records should be made public is a matter "best left to the sound discretion of the trial court," and the court's discretion is "to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'n*, 435 U.S. 589, 598 (1978).

This is a civil action pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A, involving 25 terrorist attacks in Iraq that were carried out from 2004 to 2009 by Iran-

sponsored terrorist groups. Dkt. 37 at 1. Through the Bellwether Motion for Default Judgment, Plaintiffs seek damages on behalf of one soldier who was severely injured in an attack and 44 family members of U.S. service members and civilians who were killed in the attacks. *Id.* Plaintiffs now seek leave to file certain documents under seal that fall into three categories:

(1) Documents containing an individual's Social Security Number, Taxpayer Identification Number, birth date, financial account number, address, or name if known to be a minor ("PII Documents");

(2) Declarations by Plaintiffs or third parties, and other similarly sensitive documents discussing sensitive personal injuries, including physical, mental, or financial injuries ("Victims' Documents"); and

(3) Portions of Plaintiffs' Motion for Default Judgment on Behalf of Bellwether Plaintiffs and Memorandum in Support Thereof ("Bellwether Motion for Default") and the attached Expert Reports, which include recitations of the above two categories of documents ("Documents Analyzing Sensitive Documents," and collectively, the "Documents").

Dkt. 38 at 1–2.

Applying *Hubbard*'s six-factors, the Court concludes that all three categories of materials may be filed under seal. As to all three categories, Defendant the Islamic Republic of Iran has not responded to the Complaint or entered an appearance in this matter. *See* Dkt. 29 (Clerk's Entry of Default). Given Defendant's failure to appear, Defendant will not be prejudiced by a Court order granting this Motion to Seal—as Plaintiff points out, Defendant is unlikely to respond to the Bellwether Motion for Default or its exhibits, whether filed under seal or publicly. Dkt. 38 at 3. Accordingly, factor five carries little or no weight in the Court's analysis.

Beginning with the PII documents, as Plaintiffs point out, under Federal Rule of Civil Procedure 5.2(a) and Local Rule 5.4(f), they must—at a minimum—redact the PII Documents to comport with the four requirements of the rules. *See* Fed. R. Civ. P. 5.2(a); LCvR 5.4(f). There

2

is an obvious privacy interest in personal financial information that outweighs the need for public disclosure.

Turning to the Victims' Documents, there is little public interest in obtaining access to this type of sensitive, personal information, nor has the public ever had access to such information. The information does not bear on whether Iran was responsible for the attacks at issue, and, to the extent it relates to the question of damages, the Court can ensure that the public is informed about the types of injuries at issue without disclosing the details about the specific, personal effects on each individual victim. By contrast, the Plaintiffs have a strong privacy interest in maintaining the confidentiality of the Victims' Documents. Indeed, the Victims' Documents all contain information concerning the mental, physical, and financial health of each Plaintiff. Moreover, the Victims' Documents also contain graphic and sensitive details regarding the deaths of their loved ones, which are almost certain to cause additional harm to those involved if they are forced to confront the traumas detailed in the Victims' Documents yet again in a public environment.

In short, the Victims' Documents convey the personal details of the individual trauma inflicted upon Plaintiffs and their loved ones by Defendant's conduct, details never before disclosed in public and relevant only to the measure of damages, if any, caused to Plaintiffs and their decedent family members by the acts of terrorism that Plaintiffs attribute to Iran. As this Court has previously recognized, such privacy interests in information pertaining to personal injuries or other medical details far outweigh the public's right to access information. *See Schwartz v. Islamic Republic of Iran*, 2020 WL 7042842, at *3 n.2 (D.D.C. Nov. 30, 2020) (granting Plaintiffs' motion to file certain materials under seal because they included

"confidential, personal information—namely information related to the mental health diagnoses of one Plaintiff").

Finally, with respect to the third category of documents—the Documents Analyzing Sensitive Documents—the Court agrees that, as Plaintiffs request, the portions of these documents which discuss and analyze the first two categories of information should be redacted to comport with the sealed treatment granted above. Like the Victims' Documents, these documents contain extremely sensitive details of the deaths and/or injuries of Plaintiffs and/or their loved ones.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to file documents under seal, Dkt. 38, is hereby **GRANTED**. The attachments to Plaintiffs' motion shall remain **SEALED**. Plaintiffs are **ORDERED** to file on the public docket redacted versions of the documents discussed above on or before December 14, 2023.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  December 4, 2023