# **Exhibit 122**

UNCLASSIFIED

PFC Youngblood, Kelly






**DEPARTMENT OF THE ARMY**
HEADQUARTERS, 3D BATTALION, 69TH ARMOR REGIMENT
FOB RAMADI, IRAQ
APO AE 09396

REPLY TO
ATTENTION OF

AFZP-VAK-C                                                                 21 February 2007

MEMORANDUM FOR Commander, 3-69 Armor Battalion, 1 Heavy Brigade Combat Team, 3rd Infantry Division, Camp Ramadi, Iraq APO AE 09396

SUBJECT: 15-6 Investigation into the circumstances surrounding the death of PV2 Youngblood

1. I have been appointed to conduct an informal investigation, pursuant to AR 15-6, to investigate the facts and circumstances surrounding the death of Private (PV2) Youngblood, Kelly D., Delta Company, 3d Battalion 69th Armor Regiment, 3d Infantry Division that occurred in the vicinity of Outpost Grant on 18 February 2007.

2. Facts: On 18 February 2007 at approximately 1000 hrs the Outlaw 31 tank consisting of (b)(3), (b)(6) [(b)(3), (b)(6)] and PV2 Youngblood was returning to COP Grant after switching out OP1 vic. 38S LB 43058 98642. As the tank parked in the motorpool and the driver PV2 Youngblood exited 2 shots were heard originating from an unknown building in the L5 patrol sector (refer to Exhibit B). At that time PV2 Youngblood was seen motionless on the front slope of the tank near the drivers hatch (b)(3), (b)(6) [(b)(3), (b)(6)] pulled PV2 Yougnblood of off the tank while [(b)(3), (b)(6)] covered him (refer to Exhibit C). [(b)(3), (b)(6)] was called and assessed the casualty. As described in [(b)(3), (b)(6)] sworn statement in Exhibit A [(b)(3), (b)(6)] determined that PV2 Youngblood had no pulse and saw one gunshot wound to the [(b)(6)]. At the time of the incident PVT Youngblood was wearing full Marne Standard consisting of Helmet, complete IBA and eye pro (refer to Exhibit G). The first gunshot wound entered [(b)(6)] [(b)(6)] PV2 Youngblood was medivaced to Charlie Med were he was pronounced dead by [(b)(3), (b)(6)] and verified by [(b)(3), (b)(6)] (refer to Exhibit E). As stated in Exhibit D the cause of death was determined to be a gunshot wound to the head.

3. Findings: PV2 Youngblood died as a result of enemy action.

4. Recommendations: A force protection assessment of COP Grant be performed and a plan put in place to mitigate the sniper threat in the motorpool. There is a plan to build an internal wall surrounding the motorpool at COP Grant with T-walls. This plan should be an extremely high priority. Soldiers will park as close to the walls surrounding the motorpool as possible to make precision small arms fire difficult. Soldiers will continue to move from cover to cover at a fast pace whenever moving outside at COP Grant. The demolition of some buildings surrounding COP Grant particularly those commonly used as small arms fire positions is required immediately.

4. POC for this memorandum is the undersigned at [(b)(6)]

[(b)(3), (b)(6)]

3 Encls
1. Appointment orders
2. DA Form 1574
3. Exhibits A -- G

*Approved for release*

UNCLASSIFIED

# REPORT OF PROCEEDINGS BY INVESTIGATING OFFICER/BOARD OF OFFICERS

For use of this form, see AR 15-6; the proponent agency is OTJAG.

*IF MORE SPACE IS REQUIRED IN FILLING OUT ANY PORTION OF THIS FORM, ATTACH ADDITIONAL SHEETS*

## SECTION I - APPOINTMENT

Appointed by **(b)(3), (b)(6)** *(Appointing authority)*

on **18 FEB 07** *(Date)* *(Attach inclosure 1: Letter of appointment or summary of oral appointment data.) (See para 3-15, AR 15-6.)*

## SECTION II - SESSIONS

The *(investigation) (board)* commenced at **Camp Ramadi** *(Place)* at **2000** *(Time)*

on **18 FEB 07** *(Date)* *(If a formal board met for more than one session, check here ☐. Indicate in an inclosure the time each session began and ended, the place, persons present and absent, and explanation of absences, if any.)* The following persons *(members, respondents, counsel)* were present: *(After each name, indicate capacity, e.g., President, Recorder, Member, Legal Advisor.)*

The following persons *(members, respondents, counsel)* were absent: *(Include brief explanation of each absence.) (See paras 5-2 and 5-8a, AR 15-6.)*

The *(investigating officer) (board)* finished gathering/hearing evidence at **2200** *(Time)* on **20 FEB 07** *(Date)*

and completed findings and recommendations at **1500** *(Time)* on **18 FEB 07** *(Date)*

## SECTION III - CHECKLIST FOR PROCEEDINGS

### A. COMPLETE IN ALL CASES

| | | YES | NO[1] | NA[2] |
|---|---|---|---|---|
| 1 | **Inclosures** *(para 3-15, AR 15-6)* Are the following inclosed and numbered consecutively with Roman numerals: *(Attached in order listed)* | | | |
| a. | The letter of appointment or a summary of oral appointment data? | ☒ | ☐ | |
| b. | Copy of notice to respondent, if any? *(See item 9, below)* | ☐ | ☐ | ☒ |
| c. | Other correspondence with respondent or counsel, if any? | ☐ | ☐ | ☒ |
| d. | All other written communications to or from the appointing authority? | ☐ | ☐ | ☒ |
| e. | Privacy Act Statements *(Certificate, if statement provided orally)?* | ☐ | ☐ | ☒ |
| f. | Explanation by the investigating officer or board of any unusual delays, difficulties, irregularities, or other problems encountered *(e.g., absence of material witnesses)?* | ☐ | ☐ | ☒ |
| g. | Information as to sessions of a formal board not included on page 1 of this report? | ☐ | ☐ | ☒ |
| h. | Any other significant papers *(other than evidence)* relating to administrative aspects of the investigation or board? | ☒ | ☐ | |

FOOTNOTES: 1. Explain all negative answers on an attached sheet.
2. Use of the N/A column constitutes a positive representation that the circumstances described in the question did not occur in this investigation or board.

DA FORM 1574, MAR 1983    USARCENT FOIA FA-22-0067 Batch 3    EDITION OF NOV 77 IS OBSOLETE.    Page 1 of 4 pages    66   APD PE v1.20

UNCLASSIFIED

*Approved for Release*

UNCLASSIFIED

| | | YES | NO 1/ | NA 2/ |
|---|---|---|---|---|
| 2 | Exhibits *(para 3-16, AR 15-6)* | | | |
| | a. Are all items offered *(whether or not received)* or considered as evidence individually numbered or lettered as exhibits and attached to this report? | ☒ | ☐ | ☐ |
| | b. Is an index of all exhibits offered to or considered by investigating officer or board attached before the first exhibit? | ☒ | ☐ | ☐ |
| | c. Has the testimony/statement of each witness been recorded verbatim or been reduced to written form and attached as an exhibit? | ☒ | ☐ | ☐ |
| | d. Are copies, descriptions, or depictions *(if substituted for real or documentary evidence)* properly authenticated and is the location of the original evidence indicated? | ☒ | ☐ | ☐ |
| | e. Are descriptions or diagrams included of locations visited by the investigating officer or board *(para 3-6b, AR 15-6)*? | ☐ | ☐ | ☒ |
| | f. Is each written stipulation attached as an exhibit and is each oral stipulation either reduced to writing and made an exhibit or recorded in a verbatim record? | ☐ | ☐ | ☒ |
| | g. If official notice of any matter was taken over the objection of a respondent or counsel, is a statement of the matter of which official notice was taken attached as an exhibit *(para 3-16d, AR 15-6)*? | ☐ | ☐ | ☒ |
| 3 | Was a quorum present when the board voted on findings and recommendations *(paras 4-1 and 5-2b, AR 15-6)*? | | | ☒ |
| **B. COMPLETE ONLY FOR FORMAL BOARD PROCEEDINGS** *(Chapter 5, AR 15-6)* | | | | |
| 4 | At the initial session, did the recorder read, or determine that all participants had read, the letter of appointment *(para 5-3b, AR 15-6)*? | | | |
| 5 | Was a quorum present at every session of the board *(para 5-2b, AR 15-6)*? | | | |
| 6 | Was each absence of any member properly excused *(para 5-2a, AR 15-6)*? | | | |
| 7 | Were members, witnesses, reporter, and interpreter sworn, if required *(para 3-1, AR 15-6)*? | | | |
| 8 | If any members who voted on findings or recommendations were not present when the board received some evidence, does the inclosure describe how they familiarized themselves with that evidence *(para 5-2d, AR 15-6)*? | | | |
| **C. COMPLETE ONLY IF RESPONDENT WAS DESIGNATED** *(Section II, Chapter 5, AR 15-6)* | | | | |
| 9 | Notice to respondents *(para 5-5, AR 15-6)*: | | | |
| | a. Is the method and date of delivery to the respondent indicated on each letter of notification? | | | |
| | b. Was the date of delivery at least five working days prior to the first session of the board? | | | |
| | c. Does each letter of notification indicate — | | | |
| | (1) the date, hour, and place of the first session of the board concerning that respondent? | | | |
| | (2) the matter to be investigated, including specific allegations against the respondent, if any? | | | |
| | (3) the respondent's rights with regard to counsel? | | | |
| | (4) the name and address of each witness expected to be called by the recorder? | | | |
| | (5) the respondent's rights to be present, present evidence, and call witnesses? | | | |
| | d. Was the respondent provided a copy of all unclassified documents in the case file? | | | |
| | e. If there were relevant classified materials, were the respondent and his counsel given access and an opportunity to examine them? | | | |
| 10 | If any respondent was designated after the proceedings began *(or otherwise was absent during part of the proceedings)*: | | | |
| | a. Was he properly notified *(para 5-5, AR 15-6)*? | | | |
| | b. Was record of proceedings and evidence received in his absence made available for examination by him and his counsel *(para 5-4c, AR 15-6)*? | | | |
| 11 | Counsel *(para 5-6, AR 15-6)*: | | | |
| | a. Was each respondent represented by counsel? | | | |
| | Name and business address of counsel: | | | |
| | *(If counsel is a lawyer, check here ☐ )* | | | |
| | b. Was respondent's counsel present at all open sessions of the board relating to that respondent? | | | |
| | c. If military counsel was requested but not made available, is a copy *(or, if oral, a summary)* of the request and the action taken on it included in the report *(para 5-6b, AR 15-6)*? | | | |
| 12 | If the respondent challenged the legal advisor or any voting member for lack of impartiality *(para 5-7, AR 15-6)*: | | | |
| | a. Was the challenge properly denied and by the appropriate officer? | | | |
| | b. Did each member successfully challenged cease to participate in the proceedings? | | | |
| 13 | Was the respondent given an opportunity to *(para 5-8a, AR 15-6)*: | | | |
| | a. Be present with his counsel at all open sessions of the board which deal with any matter which concerns that respondent? | | | |
| | b. Examine and object to the introduction of real and documentary evidence, including written statements? | | | |
| | c. Object to the testimony of witnesses and cross-examine witnesses other than his own? | | | |
| | d. Call witnesses and otherwise introduce evidence? | | | |
| | e. Testify as a witness? | | | |
| | f. Make or have his counsel make a final statement or argument *(para 5-9, AR 15-6)*? | | | |
| 14 | If requested, did the recorder assist the respondent in obtaining evidence in possession of the Government and in arranging for the presence of witnesses *(para 5-8b, AR 15-6)*? | | | |
| 15 | Are all of the respondent's requests and objections which were denied indicated in the report of proceedings or in an inclosure or exhibit to it *(para 5-11, AR 15-6)*? | | | |

*FOOTNOTES:* 1/ *Explain all negative answers on an attached sheet.*
2/ *Use of the N/A column constitutes a positive representation that the circumstances described in the question did not occur in this investigation or board.*

Approved for Release

*Page 2 of 4 pages, DA Form 1574, Mar 1983*

APD PE v1.20

UNCLASSIFIED

## SECTION IV - FINDINGS  *(para 3-10, AR 15-6)*

The *(investigating officer) (board)*, having carefully considered the evidence, finds:

See Attached Memo.

## SECTION V - RECOMMENDATIONS  *(para 3-11, AR 15-6)*

In view of the above findings, the *(investigating officer) (board)* recommends:

See Attahced Memo.

Approved for Release

UNCLASSIFIED

## SECTION VI - AUTHENTICATION  (para 3-17, AR 15-6)

THIS REPORT OF PROCEEDINGS IS COMPLETE AND ACCURATE. *(If any voting member or the recorder fails to sign here or in Section VII below, indicate the reason in the space where his signature should appear.)*

_____                         (b)(3), (b)(6)   _____
(Recorder)                                                          (President)

_____                         _____
(Member)                                           (Member)

_____                         _____
(Member)                                           (Member)

## SECTION VII - MINORITY REPORT  (para 3-13, AR 15-6)

To the extent indicated in Inclosure _____ , the undersigned do(es) not concur in the findings and recommendations of the board. *(In the inclosure, identify by number each finding and/or recommendation in which the dissenting member(s) do(es) not concur. State the reasons for disagreement. Additional/substitute findings and/or recommendations may be included in the inclosure.)*

_____                         _____
(Member)                                           (Member)

## SECTION VIII - ACTION BY APPOINTING AUTHORITY  (para 2-3, AR 15-6)

The findings and recommendations of the *(investigating officer)* *(board)* are *(approved)* *(disapproved)* *(approved with following exceptions/substitutions).* *(If the appointing authority returns the proceedings to the investigating officer or board for further proceedings or corrective action, attach that correspondence (or a summary, if oral) as a numbered inclosure.)*

(b)(3), (b)(6)

Approved for Release