**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ROBERT MARTINO, *et al*., | |
| Plaintiffs, | |
| v. | Case No. 1:21-cv-01808-RDM |
| ISLAMIC REPUBLIC OF IRAN, | |
| Defendant. | |

**<u>PLAINTIFFS' MOTION TO APPOINT SPECIAL MASTER AND
ADOPT ADMINISTRATIVE PLAN CONCERNING SPECIAL MASTER
FOR ADDITIONAL BELLWETHER PLAINTIFFS</u>**

## TABLE OF CONTENTS

I.     PROPOSED SPECIAL MASTER .................................................................................. 1

II.    PROPOSED ADMINISTRATIVE PLAN................................................................... 2

    A.     Scope of Appointment................................................................................... 2

    B.     Communication .............................................................................................. 5

    C.     Materials.......................................................................................................... 5

    D.     Timing, Filing, and Review ........................................................................... 5

    E.     Compensation.................................................................................................. 7

On November 30, 2023, Plaintiffs filed a Motion for Default Judgment against the Islamic Republic of Iran on behalf of 45 Bellwether Plaintiffs covering 25 Bellwether Attacks. *See* Dkts. 38, 39, 40, 41. In accordance with the Court's Case Management Order in this action, *see* August 16, 2023 Minute Order, *Martino et al. v. Islamic Republic of Iran*, No. 1:21-cv-01808-RDM (D.D.C. August 16, 2023), Plaintiffs respectfully move the Court to appoint a Special Master to evaluate and propose damages awards for 52 additional Plaintiffs associated with these same Bellwether Attacks ("Additional Bellwether Plaintiffs") and to adopt an Administrative Plan to govern the damages proceedings before the Special Master. *See* 28 U.S.C. § 1605A(e)(1) (permitting "[t]he courts of the United States [to] appoint special masters to hear damage claims brought under" the FSIA's terrorism exception); *see also* Fed. R. Civ. P. 53 (governing the appointment of special masters).

## I.    PROPOSED SPECIAL MASTER

Plaintiffs propose utilizing Deborah E. Greenspan, Esq. as the Special Master to evaluate and make recommendations to the Court as to damages awards for the 52 Additional Bellwether Plaintiffs. The Court has previously appointed Ms. Greenspan as a Special Master in similar proceedings to administer damages proceedings, evaluate evidence, and prepare proposed findings and recommendations for the disposition of plaintiffs' claims for damages. *See Jakubowicz v. Islamic Republic of Iran*, No. CV 18-1450 (RDM), 2023 WL 6907852 (D.D.C. Sept. 1, 2023); *Fritz v. Islamic Republic of Iran*, No. CV 15-456 (RDM), 2018 WL 5046229 (D.D.C. Aug. 13, 2018), report and recommendation adopted as modified, 324 F. Supp. 3d 54 (D.D.C. 2018). Even beyond this specific experience, Ms. Greenspan is also substantially qualified for the role of special master. *See* Ex. 1, Decl. of Deborah E. Greenspan at Ex. B, *Curriculum Vitae* of Deborah E. Greenspan. Plaintiffs' counsel has approached Ms. Greenspan about the possibility of serving in

1

this matter.  She has indicated that, if appointed, she is willing and able to serve as a special master in this case.  Ex. 1, Decl. of Deborah E. Greenspan.  Ms. Greenspan has further reviewed the Complaint in this matter and affirmed that none of the grounds that would require disqualification of a judge under 28 U.S.C. § 455 apply to her.  Ex. 1, Decl. of Deborah E. Greenspan.

Thus, Plaintiffs respectfully request the Court to appoint Ms. Greenspan as the Special Master in this case.

## II.    PROPOSED ADMINISTRATIVE PLAN

Plaintiffs also request the Court to adopt the proposed Administrative Plan that conforms to the requirements of Rule 53 of Federal Rules of Civil Procedure:

> The appointing order must direct the master to proceed with all reasonable diligence and must state:
>> (A) the master's duties, including any investigation or enforcement duties, and any limits on the master's authority under Rule 53(c);
>> (B) the circumstances, if any, in which the master may communicate ex parte with the court or a party;
>> (C) the nature of the materials to be preserved and filed as the record of the master's activities;
>> (D) the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations; and
>> (E) the basis, terms, and procedure for fixing the master's compensation under Rule 53(g).

Fed. R. Civ. P. 53(b)(2).

### A.    Scope of Appointment

Plaintiffs propose that the Special Master be empowered to consider all issues related to each Additional Bellwether Plaintiff proving their entitlement to compensatory damages.  *See* 28 U.S.C. § 1605A(e).  This shall include assessing each Additional Bellwether Plaintiff's standing under the private right of action in 28 U.S.C. § 1605A(c).  There are two such standing requirements beyond the requirements for a sovereign-immunity waiver.

2

*First*, each Plaintiff must be:
>  (1) a national of the United States,
>  (2) a member of the armed forces,
>  (3) an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or
>  (4) the legal representative of a person described in paragraph (1), (2), or (3).

28 U.S.C. § 1605A(c).

*Second*, each family member Additional Bellwether Plaintiff must be an immediate family member (or the functional equivalent) of an individual killed or physically injured to be entitled to solatium damages. *See, e.g.*, Order Adopting Administrative Plan at 6, *Sheikh v. Republic of the Sudan*, No. 14-cv-2090-JDB (D.D.C. Aug. 29, 2019), Dkt. 44 ("*Sheikh Administrative Plan*") (requiring that reports "include recommended findings of fact and conclusions of law on the issue of standing" including "each plaintiff's employment status or familial relationships").

The Special Master shall then "make or recommend findings of fact on" the scope of each Additional Bellwether Plaintiff's compensatory damages. Fed. R. Civ. P. 53(a)(1)(B). To assess Additional Bellwether Plaintiffs' damages claims and the applicable law, the Special Master shall be guided by the provisions of 28 U.S.C. § 1605A, this Court's prior decisions, other relevant precedent, and further orders the Court may enter. Relevant precedents include, but are not limited to: *Force v. Islamic Republic of Iran*, 617 F. Supp. 3d 20 (D.D.C. 2022); *Ewan v. Islamic Republic of Iran*, 466 F. Supp. 3d 236 (D.D.C. 2020); *Barry v. Islamic Republic of Iran*, 410 F. Supp. 3d 161 (D.D.C. 2019); *Fritz v. Islamic Republic of Iran*, 324 F. Supp. 3d 54 (D.D.C. 2018); *Cohen v. Islamic Republic of Iran*, 238 F. Supp. 3d 71, 84 (D.D.C. 2017); *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379 (D.D.C. 2015); *Moradi v. Islamic Republic of Iran*, 77 F. Supp. 3d 57 (D.D.C. 2015); *Owens v. Republic of Sudan*, 71 F. Supp. 3d 252 (D.D.C. 2014); *Oveissi v. Islamic Republic of Iran*, 879 F. Supp. 2d 44 (D.D.C. 2012); *Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204

3

(D.D.C. 2012); *Oveissi v. Islamic Republic of Iran*, 768 F. Supp. 2d 16 (D.D.C. 2011); *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52 (D.D.C. 2010); *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8 (D.D.C. 2009); *Est. of Heiser v. Islamic Republic of Iran*, 659 F. Supp. 2d 20 (D.D.C. 2009); *Est. of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006); *Jakubowicz v. Islamic Republic of Iran*, No. CV 18-1450 (RDM), 2023 WL 6907852 (D.D.C. Sept. 1, 2023); *Gration v. Islamic Republic of Iran*, No. 21-CV-1859 (BAH), 2023 WL 5221955 (D.D.C. Aug. 15, 2023); *Cabrera v. Islamic Republic of Iran*, No. 19-cv-3835-JDB, 2023 WL 3496303 (D.D.C. May 16, 2023); *Taitt v. Islamic Republic of Iran*, No. CV 20-1557 (RC), 2023 WL 2536518 (D.D.C. Mar. 16, 2023); *Schwartz v. Islamic Republic of Iran*, No. CV 18-1349 (RDM), 2022 WL 1567358 (D.D.C. May 18, 2022); *Bernhardt v. Islamic Republic of Iran*, No. CV 18-2739 (TJK), 2023 WL 2598677 (D.D.C. Mar. 22, 2023); *Cabrera v. Islamic Republic of Iran*, No. CV 18-2065 (JDB), 2022 WL 2817730 (D.D.C. July 19, 2022), *adhered to*, 2023 WL 1975091 (D.D.C. Jan. 27, 2023); *Neiberger v. Islamic Republic of Iran*, No. 16-cv-2193-EGS-ZMF, 2022 WL 17370239 (D.D.C. Sept. 8, 2022), *report and recommendation adopted*, 2022 WL 17370160 (D.D.C. Sept. 30, 2022); *Blank v. Islamic Republic of Iran*, No. 19-3645 (BAH), 2021 WL 3021450 (D.D.C. July 17, 2021).

The Special Master shall have authority to exercise all powers set forth in Rule 53(c) of the Federal Rules of Civil Procedure.  As to the admissibility of evidence, the Special Master shall liberally construe the Federal Rules of Evidence.  Plaintiffs may prove their claims "using evidence that might not be admissible in a trial," because the Court is not required "to step into the shoes of the defaulting party and pursue every possible evidentiary challenge."  *Owens v. Republic of Sudan,* 864 F.3d 751, 785 (D.C. Cir. 2017)*, vacated and remanded on other grounds by Opati v. Republic of Sudan*, 140 S. Ct. 1601 (2020).  For example, the Special Master should be permitted

4

to receive testimony by sworn declarations. *See* Minute Entry, *Soto v. Islamic Republic of Iran*, No. 15-cv-08410 (N.D. Ill. Nov. 17, 2021), Dkt. 95 (ordering plaintiff to establish citizenship, including by sworn declaration); Report and Recommendation of Special Master Regarding Compensatory Damages at 4, 6-7, 10, 12-14, *Lonquist v. Islamic Republic of -Iran*, No. 17-cv-01630-JDB (D.D.C. Feb. 11, 2020), Dkt. 38 (considering affidavit of plaintiffs as to eligibility and damages); Report and Recommendation of Special Master Regarding Plaintiff Fanuel Okall Onyandgo's Claims at 2, 3-4, *Chogo v. Republic of the Sudan*, No. 15-cv-00951-JDB (D.D.C. Oct. 10, 2019), Dkt. 41 (same). Additional Bellwether Plaintiffs should not be required to qualify documents as genuine pursuant to Federal Rule of Evidence 901. Instead, Additional Bellwether Plaintiffs' counsel requests permission to state that a proffered document is genuine and is an accurate copy of what counsel proffers it to be. *See, e.g.*, *Sheikh Administrative Plan* at 7.

### B.    Communication

Plaintiffs request that the Special Master be permitted to communicate *ex parte* with the Court or with Plaintiffs' counsel if the Special Master determines the communication is reasonable and efficient. Similarly, Plaintiffs request permission for Plaintiffs' counsel to communicate *ex parte* with the Special Master as reasonably necessary to facilitate the carrying out of the Special Master's duties. *See*, *e.g.*, *Sheikh Administrative Plan* at 7.

### C.    Materials

Plaintiffs request for the Court to authorize the Special Master to receive and to review evidence in this case, including evidence filed under seal. Plaintiffs shall deliver courtesy copies of all materials relevant to the assessment of damages to the Special Master.

### D.    Timing, Filing, and Review

The Special Master shall proceed with reasonable diligence in completing her duties. Fed.

R. Civ. P. 53(b)(2). Plaintiffs propose that they submit all relevant and necessary materials and evidence to the Special Master by no later than 60 days after entry of the appointment order. If the Special Master requests additional information, Plaintiffs shall submit the requested additional information within 30 days of the request. In the event that an Additional Bellwether Plaintiff is unable to submit their materials to the Special Master within this timeframe, Plaintiffs request permission to seek leave of the Special Master to submit these materials to the Special Master as soon as such materials are able to be submitted. If the Special Master is unable to receive such materials at such time, Plaintiffs request permission to include such Additional Bellwether Plaintiff's materials among one of the two forthcoming tranches of Non-Bellwether Plaintiffs' materials to be submitted following this Court's entry of a Bellwether Opinion. *See* August 16, 2023 Minute Order, *Martino et al. v. Islamic Republic of Iran*, No. 1:21-cv-01808-RDM (D.D.C. August 16, 2023).

Plaintiffs also propose that the Special Master submit a report to the Court containing recommended findings of fact and conclusions on each claim referred to her. The report shall contain an evaluation of each item of damages governing the eligible Additional Bellwether Plaintiffs' right of recovery. Plaintiffs propose that they file on the docket the Special Master's report and recommendations within 30 days of the Court's final judgment on the pending Bellwether Motion for Default Judgment, or as soon as practicable thereafter.

The Court shall review the Special Master's findings, conclusions, and recommendations contained in the report consistent with Rule 53 of the Federal Rules of Civil Procedure. Additional Bellwether Plaintiffs request permission to move to modify the Special Master's recommendation within 30 days of the report's filing if Additional Bellwether Plaintiffs object to any finding, conclusion, or recommendation.

### E.    Compensation

Plaintiffs propose that payment of the Special Master be contingent upon receipt of funding from a fund administered by the Department of Justice ("DOJ") and be disbursed consistent with the procedures set forth by the DOJ's Office for Victims of Crime ("OVC").  *See* 28 U.S.C. § 1605A(e)(2) ("The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984[,] . . . such funds as may be required to cover the costs of special masters[.]").

Plaintiffs propose that the Special Master be paid $1,300 per day of work under this Administrative Plan.  This Court has previously approved a rate of $1,200 per day of work.  *See*, *e.g.*, Order at 2, *Jakubowicz v. Islamic Republic of Iran*, No. 18-cv-1450-RDM (D.D.C. Aug. 12, 2022), Dkt. 59.  Recently, at least one other court in this jurisdiction has increased the rate to adjust for inflation.  *Compare* Order Adopting Administrative Plan Concerning Special Masters at 6, *Cabrera v. Islamic Republic of Iran*, No. 19-cv-3835-JDB (D.D.C. Jul 19, 2022), Dkt. 79 (setting a $1,300 rate per day of work), *with Sheikh Administrative Plan* at 4 (approving a $1,200 rate).  The Special Master shall also be reimbursed for reasonable expenses incurred in the performance of her duties.

Where less than a full work day (i.e., less than eight hours) but more than half of a work day (i.e., more than four hours) is expended, the Special Master shall be paid $1,300 for that day.  Where half or less of a work day is expended (i.e., four hours or less), the Special Master shall be paid $650 for that day.  De minimis time expended on minor tasks on any single day, e.g., placing a single short phone call or drafting an email inquiry, shall not suffice to claim compensation for one-half day.  For the avoidance of any doubt, time spent by the Special Master reviewing legal issues relating to damages shall be compensable in accordance with this paragraph.

Additional expenses beyond reasonable meals, lodging, and transportation shall not exceed $350 per day.  Only the Special Master that has been appointed by the Court is entitled to compensation for work performed under this Administrative Plan.  Work performed on behalf of the Special Master by any legal assistant, associate attorney, or other staff shall not be entitled to compensation under this Administrative Plan, except as reasonable business-related expenses subject to the $350 per day limit.  Should any question as to expenses arise that is not already addressed herein, the regulations promulgated by the Internal Revenue Service regarding business expenses shall govern, and, subject to the above limitations, all expenses qualifying as business-related shall be paid.

To support any claim for payment for work performed under this Administrative Plan, the Special Master must submit a detailed voucher that: (1) identifies each date that work was performed; (2) describes with reasonable detail the type of work performed on each date (including which Plaintiffs' reports were worked on); (3) states the total hours worked on each date; (4) states whether the hours worked on each date constitute a full or half day of work; (5) lists the total amount due for that day (i.e., either the half-day or full-day rate); and (6) states the total amount claimed on the voucher.  To support any claim for additional business-related expenses, the Special Master must submit a detailed voucher that: (1) identifies the date any business expense was incurred; (2) describes with sufficient detail the type of reasonable business-related expense incurred; and (3) includes receipts and or billing statements substantiating the expense.  The vouchers must be submitted to Plaintiffs within two weeks of the entry of any damages award in this case.

Within two weeks of receiving any such voucher, Plaintiffs shall file a motion with the Court seeking the Court's order that the Clerk coordinate payment with the DOJ.

8

Dated:  January 19, 2024                    Respectfully submitted,

                                            */s/ Nicholas Reddick*
                                            Nicholas Reddick (D.C. Bar No. 1670683)
                                            Willkie Farr & Gallagher LLP
                                            333 Bush Street
                                            San Francisco, CA 94104
                                            Tel: (415) 858-7400
                                            Fax: (415) 858-7599
                                            NReddick@willkie.com

                                            Michael J. Gottlieb (D.C. Bar No. 974960)
                                            Devin Charles Ringger (D.C. Bar No. 1044160)
                                            Willkie Farr & Gallagher LLP
                                            1875 K Street, N.W.
                                            Washington, DC 20006-1238
                                            Tel: (202) 303-1000
                                            Fax: (202) 303-2000
                                            MGottlieb@willkie.com
                                            DRingger@willkie.com

                                            Ryan R. Sparacino (D.C. Bar No. 493700)
                                            Sparacino PLLC
                                            1920 L Street, NW, Suite 535
                                            Washington, D.C. 20036
                                            Tel: (202) 629-3530
                                            ryan.sparacino@sparacinopllc.com

                                            *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

*/s/ Nicholas Reddick*
Nicholas Reddick