IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MARTINO, *et al.*,<br><br>                Plaintiffs,<br><br>    v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>                Defendant. | Case No. 1:21-cv-01808-RDM |

**[PROPOSED] ORDER APPOINTING SPECIAL MASTER AND ADOPTING ADMINISTRATIVE PLAN CONCERNING SPECIAL MASTER FOR ADDITIONAL BELLWETHER PLAINTIFFS**

Upon consideration of Plaintiffs' Motion to Appoint Special Master and Adopt Administrative Plan Concerning Special Master For Additional Bellwether Plaintiffs in the above-captioned case, and the entire record herein, it is hereby

**ORDERED** that Deborah E. Greenspan, Esq. is hereby **APPOINTED** Special Master for the purpose of assisting this Court with the determination of compensatory damages for the additional Plaintiffs associated with the Bellwether Attacks presented in Plaintiffs' Motion for Default Judgment on Behalf of Bellwether Plaintiffs (the "Additional Bellwether Plaintiffs").

It is further **ORDERED** that the following Administrative Plan shall govern further proceedings as to the review of evidence and determination of compensatory damages for the Additional Bellwether Plaintiffs associated with the Bellwether Attacks.

**I.  Qualifications**

Each person appointed as a Special Master of this Court under this Administrative Plan shall have not less than five years of experience as a licensed attorney or as a judge of a court of any state, the District of Columbia, or the United States.  Such person shall not be related to any

party or counsel appearing in this action, nor have any financial or other interest that would create a conflict of interest. See Fed. R. Civ. P. 53(a)(2), (b)(3). Plaintiffs have submitted the *curriculum vitae* of the proposed Special Master and a signed declaration disclosing any ground for disqualification under 28 U.S.C. § 455 and agreeing to abide by this Administrative Plan and any orders issued by this Court.

## II. Scope of Appointment

The Special Master shall consider all issues related to each Additional Bellwether Plaintiff proving their entitlement to compensatory damages. *See* 28 U.S.C. § 1605A(e). This shall include assessing each Additional Bellwether Plaintiff's standing under the private right of action in 28 U.S.C. § 1605A(c). There are two such standing requirements beyond the requirements for a sovereign-immunity waiver.

> *First*, each Plaintiff must be:
> (1) a national of the United States,
> (2) a member of the armed forces,
> (3) an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or
> (4) the legal representative of a person described in paragraph (1), (2), or (3).

28 U.S.C. § 1605A(c).

*Second*, each family member Additional Bellwether Plaintiff must be an immediate family member (or the functional equivalent) of an individual killed or physically injured to be entitled to solatium damages. *See*, *e.g.*, Order Adopting Administrative Plan at 6, *Sheikh v. Republic of the Sudan*, No. 14-cv-2090-JDB (D.D.C. Aug. 29, 2019), Dkt. 44 ("*Sheikh Administrative Plan*") (requiring that reports "include recommended findings of fact and conclusions of law on the issue of standing" including "each plaintiff's employment status or familial relationships").

The Special Master shall then "make or recommend findings of fact on" the scope of each Additional Bellwether Plaintiff's compensatory damages. Fed. R. Civ. P. 53(a)(1)(B). To assess

Additional Bellwether Plaintiffs' damages claims and the applicable law, the Special Master shall be guided by the provisions of 28 U.S.C. § 1605A, this Court's prior decisions, other relevant precedent, and further orders the Court may enter. Relevant precedents include, but are not limited to: *Force v. Islamic Republic of Iran*, 617 F. Supp. 3d 20 (D.D.C. 2022); *Ewan v. Islamic Republic of Iran*, 466 F. Supp. 3d 236 (D.D.C. 2020); *Barry v. Islamic Republic of Iran*, 410 F. Supp. 3d 161 (D.D.C. 2019); *Fritz v. Islamic Republic of Iran*, 324 F. Supp. 3d 54 (D.D.C. 2018); *Cohen v. Islamic Republic of Iran*, 238 F. Supp. 3d 71, 84 (D.D.C. 2017); *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379 (D.D.C. 2015); *Moradi v. Islamic Republic of Iran*, 77 F. Supp. 3d 57 (D.D.C. 2015); *Owens v. Republic of Sudan*, 71 F. Supp. 3d 252 (D.D.C. 2014); *Oveissi v. Islamic Republic of Iran*, 879 F. Supp. 2d 44 (D.D.C. 2012); *Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204 (D.D.C. 2012); *Oveissi v. Islamic Republic of Iran*, 768 F. Supp. 2d 16 (D.D.C. 2011); *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52 (D.D.C. 2010); *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8 (D.D.C. 2009); *Est. of Heiser v. Islamic Republic of Iran*, 659 F. Supp. 2d 20 (D.D.C. 2009); *Est. of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006); *Jakubowicz v. Islamic Republic of Iran*, No. CV 18-1450 (RDM), 2023 WL 6907852 (D.D.C. Sept. 1, 2023); *Gration v. Islamic Republic of Iran*, No. 21-CV-1859 (BAH), 2023 WL 5221955 (D.D.C. Aug. 15, 2023); *Cabrera v. Islamic Republic of Iran*, No. 19-cv-3835-JDB, 2023 WL 3496303 (D.D.C. May 16, 2023); *Taitt v. Islamic Republic of Iran*, No. CV 20-1557 (RC), 2023 WL 2536518 (D.D.C. Mar. 16, 2023); *Schwartz v. Islamic Republic of Iran*, No. CV 18-1349 (RDM), 2022 WL 1567358 (D.D.C. May 18, 2022); *Bernhardt v. Islamic Republic of Iran*, No. CV 18-2739 (TJK), 2023 WL 2598677 (D.D.C. Mar. 22, 2023); *Cabrera v. Islamic Republic of Iran*, No. CV 18-2065 (JDB), 2022 WL 2817730 (D.D.C. July 19, 2022), *adhered to*, 2023 WL 1975091 (D.D.C. Jan. 27, 2023); *Neiberger v. Islamic Republic of Iran*, No. 16-cv-2193-EGS-ZMF, 2022

WL 17370239 (D.D.C. Sept. 8, 2022), *report and recommendation adopted*, 2022 WL 17370160 (D.D.C. Sept. 30, 2022); *Blank v. Islamic Republic of Iran*, No. 19-3645 (BAH), 2021 WL 3021450 (D.D.C. July 17, 2021).

The Special Master shall have authority to exercise all powers set forth in Rule 53(c) of the Federal Rules of Civil Procedure. As to the admissibility of evidence, the Special Master shall liberally construe the Federal Rules of Evidence. Plaintiffs may prove their claims "using evidence that might not be admissible in a trial," because the Court is not required "to step into the shoes of the defaulting party and pursue every possible evidentiary challenge." *Owens v. Republic of Sudan,* 864 F.3d 751, 785 (D.C. Cir. 2017)*, vacated and remanded on other grounds by Opati v. Republic of Sudan*, 140 S. Ct. 1601 (2020). The Special Master may receive testimony by sworn declarations. *See* Minute Entry, *Soto v. Islamic Republic of Iran*, No. 15-cv-08410 (N.D. Ill. Nov. 17, 2021), Dkt. 95 (ordering plaintiff to establish citizenship, including by sworn declaration); Report and Recommendation of Special Master Regarding Compensatory Damages at 4, 6-7, 10, 12-14, *Lonquist v. Islamic Republic of -Iran*, No. 17-cv-01630-JDB (D.D.C. Feb. 11, 2020), Dkt. 38 (considering affidavit of plaintiffs as to eligibility and damages); Report and Recommendation of Special Master Regarding Plaintiff Fanuel Okall Onyandgo's Claims at 2, 3-4, *Chogo v. Republic of the Sudan*, No. 15-cv-00951-JDB (D.D.C. Oct. 10, 2019), Dkt. 41 (same). Additional Bellwether Plaintiffs do not need to qualify documents as genuine pursuant to Federal Rule of Evidence 901. Additional Bellwether Plaintiffs' counsel may state that a proffered document is genuine and is an accurate copy of what counsel proffers it to be. *See, e.g.*, *Sheikh Administrative Plan* at 7.

### III.   Communication

The Special Master may communicate *ex parte* with the Court or with Plaintiffs' counsel if the Special Master determines the communication is reasonable and efficient. Plaintiffs' counsel

may communicate *ex parte* with the Special Master as reasonably necessary to facilitate the carrying out of the Special Master's duties. *See, e.g.*, *Sheikh Administrative Plan* at 7.

### IV. Materials

The Special Master may receive and review evidence in this case, including evidence filed under seal. Plaintiffs shall deliver courtesy copies of all materials relevant to the assessment of damages to the Special Master.

### V. Timing, Filing, and Review

The Special Master shall proceed with reasonable diligence in completing her duties. Fed. R. Civ. P. 53(b)(2). Plaintiffs shall submit all relevant and necessary materials and evidence to the Special Master by no later than 60 days after entry of the appointment order. If the Special Master requests additional information, Plaintiffs shall submit the requested additional information within 30 days of the request. In the event that an Additional Bellwether Plaintiff is unable to submit their materials to the Special Master within this timeframe, Plaintiffs' counsel shall seek leave of the Special Master to submit these materials to the Special Master as soon as such materials are able to be submitted. If the Special Master is unable to receive such materials at such time, Plaintiffs' counsel may include such Additional Bellwether Plaintiff's materials among one of the two forthcoming tranches of Non-Bellwether Plaintiffs' materials to be submitted following this Court's entry of a Bellwether Opinion.

The Special Master shall submit a report to the Court containing recommended findings of fact and conclusions on each claim referred to her. The report shall contain an evaluation of each item of damages governing the eligible Additional Bellwether Plaintiffs' right of recovery. Plaintiffs shall file on the docket the Special Master's report and recommendations within 30 days of the Court's final judgment on the pending Bellwether Motion for Default Judgment, or as soon as practicable thereafter.

The Court shall review the Special Master's findings, conclusions, and recommendations contained in the report consistent with Rule 53 of the Federal Rules of Civil Procedure. Additional Bellwether Plaintiffs may to move to modify the Special Master's recommendation within 30 days of the report's filing if Additional Bellwether Plaintiffs object to any finding, conclusion, or recommendation.

## VI. Compensation

Payment of the Special Master is contingent upon receipt of funding from a fund administered by the Department of Justice ("DOJ") and will be disbursed consistent with the procedures set forth by the DOJ's Office for Victims of Crime ("OVC"). *See* 28 U.S.C. § 1605A(e)(2) ("The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984[,] . . . such funds as may be required to cover the costs of special masters[.]").

The Special Master shall be paid $1,300 per day of work under this Administrative Plan. The Special Master shall also be reimbursed for reasonable expenses incurred in the performance of her duties.

Where less than a full work day (i.e., less than eight hours) but more than half of a work day (i.e., more than four hours) is expended, the Special Master shall be paid $1,300 for that day. Where half or less of a work day is expended (i.e., four hours or less), the Special Master shall be paid $650 for that day. De minimis time expended on minor tasks on any single day, e.g., placing a single short phone call or drafting an email inquiry, shall not suffice to claim compensation for one-half day. For the avoidance of any doubt, time spent by the Special Master reviewing legal issues relating to damages shall be compensable in accordance with this paragraph.

Additional expenses beyond reasonable meals, lodging, and transportation shall not exceed $350 per day. Only the Special Master that has been appointed by the Court is entitled to

compensation for work performed under this Administrative Plan. Work performed on behalf of the Special Master by any legal assistant, associate attorney, or other staff shall not be entitled to compensation under this Administrative Plan, except as reasonable business-related expenses subject to the $350 per day limit. Should any question as to expenses arise that is not already addressed herein, the regulations promulgated by the Internal Revenue Service regarding business expenses shall govern, and, subject to the above limitations, all expenses qualifying as business-related shall be paid.

To support any claim for payment for work performed under this Administrative Plan, the Special Master must submit a detailed voucher that: (1) identifies each date that work was performed; (2) describes with reasonable detail the type of work performed on each date (including which Plaintiffs' reports were worked on); (3) states the total hours worked on each date; (4) states whether the hours worked on each date constitute a full or half day of work; (5) lists the total amount due for that day (i.e., either the half-day or full-day rate); and (6) states the total amount claimed on the voucher. To support any claim for additional business-related expenses, the Special Master must submit a detailed voucher that: (1) identifies the date any business expense was incurred; (2) describes with sufficient detail the type of reasonable business-related expense incurred; and (3) includes receipts and or billing statements substantiating the expense. The vouchers must be submitted to Plaintiffs within two weeks of the entry of any damages award in this case.

Within two weeks of receiving any such voucher, Plaintiffs shall file a motion with the Court seeking the Court's order that the Clerk coordinate payment with the DOJ.

**SO ORDERED.**

Dated: _____          _____
                                    Randolph D. Moss
                                    United States District Court Judge