IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MARTINO, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>　　　　　　　Defendant. | Case No. 1:21-cv-01808-RDM |

**PLAINTIFFS' MOTION TO AMEND CAPTION AND SUBSTITUTE PLAINTIFFS**

Plaintiffs Brandon Pionk and Moira LeGrand (previously referenced as minor Plaintiffs B.P. and M.L.) respectfully request that the Court amend the caption of this case to remove their respective guardians as their next friends and substitute Brandon Pionk and Moira LeGrand as the real parties in interest now that both claimants have reached the age of majority.

**BACKGROUND**

Brandon Pionk, the son of attack victim U.S. Army Sergeant Matthew Pionk, was named as a Plaintiff (notated as "B.P., by and through his next friend Melanie Pionk") in Plaintiffs' First Amended Complaint filed November 5, 2021. Dkt. 15 at 5, 236. At the time, his mother and legal guardian, Plaintiff Melanie Pionk, represented him as his next friend pursuant to Rule 17(c) of the Federal Rules of Civil Procedure because he was a seventeen-year-old minor. Fed. R. Civ. P. 17(c). Brandon Pionk is now nineteen years old and is therefore an adult under the law of Minnesota, where he resides. *See* MINN. STAT. § 645.451 (2023) (establishing eighteen years of age as the age of majority).

Moira LeGrand, the stepdaughter of attack victim U.S. Army Corporal Damon LeGrand, was named as a Plaintiff (notated as "M.L., by and through her next friend Ashley Rawlings") in

the First Amended Complaint. Dkt. 15 at 4, 191. At the time, her mother and legal guardian, Plaintiff Ashley Rawlings, represented Ms. LeGrand as her next friend pursuant to Rule 17(c) of the Federal Rules of Civil Procedure because she was a sixteen-year-old minor. Fed. R. Civ. P. 17(c). Moira LeGrand is now nineteen years old and therefore an adult under the law of Arizona, where she resides. *See* Ariz. Rev. Stat. Ann. § 1-215 (2021) (establishing eighteen years of age as the age of majority).

## ARGUMENT

I. **Removal of Melanie Pionk and Ashley Rawlings as Next Friends of B.P. and M.L., Respectively, and Substitution of Brandon Pionk and Moira LeGrand is Proper Under Federal Rules of Civil Procedure 15, 17, and 25.**

When the First Amended Complaint was filed, it was necessary for Brandon Pionk and Moira LeGrand to sue through their respective guardians as their next friends. *See* Fed. R. Civ. P. 17(c)(1)(A). Because Brandon and Moira are no longer minors, their next of friends should be removed, they should be substituted as the real parties in interest, and the case caption should be amended accordingly.

Federal Rule of Civil Procedure 17 provides that the real party in interest may be "substituted into the action," at which point "the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). *See, e.g., Brooks v. District of Columbia*, 841 F. Supp. 2d 253, 261 (D.D.C. 2012) (granting motion to substitute child as plaintiff and real party in interest upon reaching the age of majority pursuant to Rule 17(a)(3)). Substitution of a plaintiff who has reached the age of majority for his or her next friend is also authorized under Rules 15 and 25. *See, e.g., Walker v. Evans*, No. 10-12596, 2011 WL 3583248, at *1 (E.D. Mich. Aug. 15, 2011) ("Although Federal Rule of Civil Procedure 25 does not explicitly contemplate [substituting minors for their next friends], the court sees no reason why substitution would not be appropriate, under either that Rule or under Rule 15 permitting amendments to the complaint,

2

when minor parties reach the age of majority."); *Richard v. MWW Transport, Inc.*, No. 1:20-cv-01151-SDG, 2021 WL 9385878, at *2 (N.D. Ga. Aug. 13, 2021) (granting plaintiffs' motion to amend the Complaint pursuant to Rule 15 and finding it appropriate to substitute a plaintiff who "has reached the age of majority and can now represent her own legal interests"); *Z.C. v. Wal-Mart Stores, Inc.*, 574 F. App'x 52, 54 (2d Cir. 2014) (directing a plaintiff that had reached the age of majority to file a motion of substitution pursuant to Rule 25 of the Federal Rules of Civil Procedure).

Accordingly, courts allow, as a matter of course, substitution of formerly minor plaintiffs in place of their next friends. *See, e.g.*, Min. Order Granting Mot. to Substitute Party, *Zambon v. Islamic Republic of Iran*, 1:18-cv-02065-JDB (April 17, 2024) (granting motion to remove parent as next friend and amending docket to reflect child as plaintiff); Min. Order Granting Mot. to Substitute Party, *Heaton v. Islamic Republic of Iran*, 1:19-cv-03003-JMC (June 8, 2023) (same) Min. Order Granting Mot. to Substitute Party, *Colvin v. Syrian Arab Republic*, 1:16-cv-01423-ABJ (Mar. 27, 2018) (same). That same approach is warranted here.

**II.  Substitution of Brandon Pionk and Moira LeGrand Does Not Require Serving an Amended Complaint Under the Foreign Sovereign Immunities Act.**

Granting this Motion would not require Plaintiffs to effect service on Iran again. Although a foreign state sued in the United States is entitled to be served with the initial complaint and summons, it largely forgoes the right to receive service of further filings if it fails to appear and defaults, as Iran did here. Dkt. 29, Clerk's Entry of Default as to Islamic Republic of Iran; *see Dammarell v. Islamic Republic of Iran*, 370 F. Supp. 2d 218, 223-25 (D.D.C. 2005); *see also* 28 U.S.C. § 1608 (requiring service of the initial complaint and summons, and of any eventual default judgment, but not of any intermediary filings); Fed. R. Civ. P. 5(a)(2) (waiving service

requirements for most pleadings after the original complaint, discovery papers, motions, and other documents for "a party who is in default for failing to appear").

While courts have acknowledged "the possibility that additions to a complaint could be so substantial that the amended complaint must be served on a foreign state under section 1608 even though the foreign state is not being added to the complaint for the first time," *Dammarell*, 370 F. Supp. 2d at 225, those *substantial* changes are not present here. *See* Fed. R. Civ. P. 5(a)(2) (requiring that even a defaulting defendant be served with any "pleading that asserts a new claim for relief against" them). Indeed, amendments to a complaint, as here, that "do[] not add any claims but instead clarif[y] existing claims" do not trigger a renewed service obligation. *Maalouf v. Islamic Republic of Iran*, 514 F. Supp. 3d 280, 286 (D.D.C. 2021) (quoting *Dammarell*, 370 F. Supp. 2d at 224); *see also* Min. Order Granting Mot. to Substitute Party, *Zambon v. Islamic Republic of Iran*, 1:18-cv-02065-JDB (April 17, 2024) (removing parent as next friend and amending docket to reflect child as plaintiff without affecting renewed service on the Islamic Republic of Iran).

Substituting a minor who has reached the age of majority as a plaintiff does amount to a change "so substantial" that service on Iran might be required. *See id.* The substitution amounts to nothing more than ensuring that Brandon Pionk and Moira LeGrand are properly addressed on the docket, since they were "always the real party in interest." *Wilson v. Webb,* 2000 WL 1359624, at *10 (6th Cir. Sept. 13, 2000); *accord Crowder v. Gordons Transports, Inc*., 387 F.2d 413, 418-19 (8th Cir. 1967). In fact, at least one court in this district has *sua sponte* substituted a plaintiff who had reached the age of majority, without requiring notice be given to the foreign sovereign. *See, e.g.*, *Ben-Rafael v. Islamic Republic of Iran*, 540 F. Supp. 2d 39, 49 (D.D.C. 2008).

## CONCLUSION

Brandon Pionk and Moira LeGrand respectfully request that the Court substitute their names for their respective initials and mothers as next friends, and amend the caption to list Brandon Pionk and Moira LeGrand as Plaintiffs in their own right.

Dated:  July 10, 2024

Respectfully submitted,

*/s/ Nicholas Reddick*
Nicholas Reddick (D.C. Bar No. 1670683)
Willkie Farr & Gallagher LLP
333 Bush Street
San Francisco, CA 94104
Tel: (415) 858-7400
Fax: (415) 858-7599
NReddick@willkie.com

Michael J. Gottlieb (D.C. Bar No. 974960)
Devin Charles Ringger (D.C. Bar No. 1044160)
Logan R. Kenney (D.C. Bar No. 90005142)
Willkie Farr & Gallagher LLP
1875 K Street, NW
Washington, DC 20006-1238
Tel: (202) 303-1000
Fax: (202) 303-2000
MGottlieb@willkie.com
DRingger@willkie.com
LKenney@willkie.com

Ryan R. Sparacino (D.C. Bar No. 493700)
Sparacino PLLC
1920 L Street, NW, Suite 535
Washington, DC 20036
Tel: (202) 629-3530
ryan.sparacino@sparacinopllc.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this tenth day of July 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

/s/ *Nicholas Reddick*
Nicholas Reddick