IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT MARTINO, *et al.*,

                        Plaintiffs,

        v.

ISLAMIC REPUBLIC OF IRAN,

                        Defendant.

Case No. 1:21-cv-01808-RDM

**PLAINTIFFS' STATUS REPORT AND UPDATE REGARDING SPECIAL MASTER CANDIDATES**

       Pursuant to the Court's August 16, 2023 Case Management Order, *see* Min. Order, *Martino et al. v. Islamic Republic of Iran*, No. 1:21-cv-01808-RDM (D.D.C. Aug. 16, 2023), Plaintiffs filed their Motion for Default Judgment on behalf of Bellwether Plaintiffs ("Bellwether Motion") on November 30, 2023, and their Motion to Appoint Special Master for Additional Bellwether Plaintiffs on January 19, 2024. *See* Dkt. 41, 44. Both of those motions are still pending. Plaintiffs wish to bring two recent developments to the Court's attention, the first of which creates an opportunity for Plaintiffs that have been granted a final judgment on or before July 1, 2025 to obtain meaningful relief.

    **I.**    **U.S. GAO REPORT ANNOUNCING POTENTIAL $2.39 BILLION PAYMENT TO VICTIMS WHO APPLY TO THE FUND BY JULY 1, 2025**

       Plaintiffs wish to bring to the Court's attention a recent notice published by the U.S. Government Accountability Office ("GAO") which will precipitate approximately $2.39 billion being made available for distribution to Plaintiffs, among others, through the U.S. Victims of State

Sponsored Terrorism Fund (the "Fund").[1] Plaintiffs estimate that this $2.39 billion could be made available for distribution to Fund claimants as early as 2026. Plaintiffs anticipate, guided by recent Fund activity and precedent, that the Fund application deadline for new claimants seeking to participate in a 2026 distribution would fall on July 1, 2025.

Congress in 2022 appropriated $3 billion to the Fund to pay lump sum catch-up payments to victims from two specified attacks, the 1983 Beirut barracks and 1996 Khobar Towers bombings. *See* Ex. A, H.R. 2617, Sec. 101(b)(3)(D)(i) ("Fairness for 9/11 Families Act"). Any remaining funds following these catch-up payments shall be deposited into the Fund to be paid to victims who were injured in other attacks, including the attacks at issue in this case. *Id.* at Sec. 101(b)(3)(D)(iv)(IV)(bb). The GAO was charged with devising a method for making these catch-up payments and calculating the sums of catch-up payments to be made to the Khobar Towers and Beirut barracks victims. *Id.* at Sec. 101(b)(3)(D)(i).

On July 9, 2024, the GAO issued a notice announcing that $614,988,012.55 would be needed to provide the lump sum catch-up payments for the Beirut barracks and Khobar Towers bombing victims. Ex. B, 89 Fed. Reg. 56,376 (Jul. 9, 2024). This notice is the last step before the GAO submits its final report to Congress, which we believe—based upon the GAO's approach to similar, previously-enacted legislation—may occur as early as October 2024.[2] The GAO's

---

[1] As a reminder, the Fund is likely Plaintiffs' sole source of recovery in this action, given the inherent difficulty of enforcing a judgment directly against a hostile foreign sovereign. Fund requirements mandate that Plaintiffs obtain a final judgment and initiate service upon Iran before they can apply to the Fund and participate in Fund distributions. Distributions from the Fund only occur once per year—should sufficient assets even be available—and require new applicants to apply to the Fund months in advance in order to be eligible for payment.

[2] The procedural details and mechanics leading to the GAO's sending a final report to Congress are discussed *infra* in Note 3, but Plaintiffs believe this final report will be sent very soon. A structurally-similar act of Congress, the Sudan Claims Resolution Act ("SCRA"), required the GAO to undertake an analogous process of publishing a notice in the Federal Register before sending a final report to Congress, which then precipitated a distribution deadline. 34 U.S.C. §

issuance of this final report will trigger a cascading series of deadlines, the end result of which will be the transfer of approximately $2,385,011,987 into the general Fund. Depending upon the timing of the GAO's issuance of its final report, which Plaintiffs estimate will fall in October 2024, this approximately $2.39 billion may be transferred to the general Fund as early as January 2025, well in time for these assets to be included in the Fund's 2026 distribution.[3]

Using the Fund's application deadline for the forthcoming 2025 distribution as guidance, Plaintiffs estimate that the application deadline for a 2026 distribution would be July 1, 2025.[4] Plaintiffs would therefore need to have judgments and initiate service upon Iran pursuant to 28 U.S.C. § 1608(a)(4) prior to July 1, 2025 in order to be eligible to apply.

The distribution precipitated by this $2.39 billion transfer will be the largest in the Fund's history, amounting to more than twice the amount of the largest distribution to date. *See* Special Master's Report Regarding the Fourth Distribution, Dep't of Just. USVSST Fund (January 2023),

---

20144. Pursuant to the SCRA, the GAO published its analogous notice on June 11, 2021, and sent its final report to Congress exactly two months later, on August 11, 2021. *See* 86 Fed. Reg. 31,312 (Jun. 11, 2021); U.S. GAO, Report on Estimated Lump Sum Catch-Up Payments (Aug. 11, 2021), https://www.gao.gov/assets/gao-21-105306.pdf.

[3] In accordance with the Fairness for 9/11 Families Act, the Fund will authorize the catch-up payments between 90 days and one year after GAO submits its final report to Congress, which Plaintiffs estimate will be sent in October 2024. This would allow the Fund to distribute the lump sum catch-up payments for Beirut barracks and Khobar Towers bombing victims as early as January 2025. Not later than a year after the Fund sends out these payments, and potentially as early as the same day the last catch-up payment is sent, the remaining $2,385,011,987 will be allocated to the general Fund. *See* Ex. A., H.R. 2617, 117th Cong. § 101 (2022) at Sec. 101(b)(3)(D)(iv)(II)-(III) (directing the Fund to authorize lump sum catch-up payments "[n]ot earlier than 90 days after the date on which the Comptroller General submit the report … and not later than 1 year after such date," and that the "reserve fund established by this clause shall be terminated not later than 1 year after the Special Master disperses all lump sum catch-up payments," and directing "[a]ll amounts remaining in the lump sum catch-up payment reserve fund … shall be deposited into the Fund.").

[4] *See* Dep't of Just. USVSST Fund, Important Dates, https://www.usvsst.com/Home/ImportantDates (July 1, 2024 – Application deadline for new claimants to be considered for fifth-round payments).

at pp. 2-3 (listing sums distributed in the first through fourth distributions, with the first and largest distribution totaling $1,104,450,000). Based on prior years, it is unlikely that another payment of this size will be available any time in the near future.

II.     **UPDATE ON SPECIAL MASTER CANDIDATES**

Plaintiffs have continued to make preparations in anticipation of the Court's ruling on the Bellwether Motion and to allow for as many Plaintiffs as possible to be admitted to the Fund in time for a 2026 distribution.

With respect to the 52 Plaintiffs who were injured in a Bellwether attack but not included in the Bellwether Motion, Ms. Greenspan remains ready to begin reviewing materials necessary to prepare her report and recommendation regarding these Plaintiffs' damages awards, should this Court approve Plaintiffs' pending Motion to Appoint Special Master. *See* Dkt. 44. Plaintiffs' counsel have gathered substantially all of the evidence Ms. Greenspan would need to issue her report and recommendation to the Court, and Ms. Greenspan has communicated with Plaintiffs' counsel that she is ready to move expeditiously on those damages assessments should the Court approve her appointment. Plaintiffs' counsel respectfully submit that allowing her to get started on her damages assessments while the Bellwether Motion is pending will substantially increase the likelihood that these plaintiffs will be able to have final judgments prior to the Fund's anticipated July 1, 2025 application deadline.

With respect to the non-Bellwether Plaintiffs, Plaintiffs' counsel has identified six special master candidates to evaluate and make recommendations to the Court as to liability and damages determinations upon this Court's issuance of its Bellwether Opinion. The special master candidates identified by Plaintiffs thus far are: (i) David L. Broom, Esq.; (ii) Paul G. Griffin, Esq.; (iii) Shelby R. Grubbs, Esq.; (iv) Brad Piggott, Esq.; (v) Stephen A. Saltzburg, Esq.; and (vi)

Deborah E. Greenspan, Esq.[5]  Plaintiffs are ready to move the Court to appoint the additional special masters promptly following the Court's issuance of its decision on the Bellwether Motion, in accordance with the Case Management Order.

These special master candidates have previously assisted other courts in this District as special masters in those courts' adjudication of similarly structured Foreign Sovereign Immunity Act cases, and have stated their willingness to proceed expeditiously once they are appointed by the Court.  *See, e.g., Cabrera v. Islamic Republic of Iran*, No. 1:19-cv-03835-JDB (D.D.C. 2019), ECF No. 80, 129 (Appointing as special masters Messrs. Griffin and Saltzburg, and Messrs. Broom, Grubbs, and Piggott, respectively).

Plaintiffs' counsel would welcome the opportunity to participate in a status conference before the Court to further discuss Plaintiffs' pending motions and plans to promptly proceed with the submission of the remaining claims in this case to special masters for adjudication.

---

[5] Plaintiffs' counsel is in the process of identifying two to three additional special master candidates, such that judgments can be expedited as efficiently as possible.

DATED: September 17, 2024                              Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

*/s/ __Nicholas Reddick__*
Nicholas Reddick (D.C. Bar No. 1670683)
333 Bush Street
San Francisco, CA 94104
Tel: (415) 858-7400
Fax: (415) 858-7599
NReddick@willkie.com

Michael J. Gottlieb (D.C. Bar No. 974960)
Devin C. Ringger (D.C. Bar No. 1044160)
Logan Kenney (D.C. Bar. No 90005142)
1875 K Street, N.W.
Washington, DC 20006-1238
Tel: (202) 303-1000
Fax: (202) 303-2000
MGottlieb@willkie.com

SPARACINO PLLC

Ryan R. Sparacino (D.C. Bar No. 493700)
Eli J. Kay-Oliphant (D.C. Bar No. 503235)
1920 L Street, NW, Suite 535
Washington, D.C. 20036
Tel: (202) 629-3530
ryan.sparacino@sparacinopllc.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

                                         /s/ *Nicholas Reddick*
                                         Nicholas Reddick