# EXHIBIT A



H. R. 2617

# One Hundred Seventeenth Congress
## of the
## United States of America

**AT THE SECOND SESSION**

*Begun and held at the City of Washington on Monday,
the third day of January, two thousand and twenty-two*

# An Act

Making consolidated appropriations for the fiscal year ending September 30, 2023, and for providing emergency assistance for the situation in Ukraine, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

**SECTION 1. SHORT TITLE.**

This Act may be cited as the "Consolidated Appropriations Act, 2023".

**SEC. 2. TABLE OF CONTENTS.**

Sec. 1. Short title.
Sec. 2. Table of contents.
Sec. 3. References.
Sec. 4. Explanatory statement.
Sec. 5. Statement of appropriations.
Sec. 6. Adjustments to compensation.

DIVISION A—AGRICULTURE, RURAL DEVELOPMENT, FOOD AND DRUG ADMINISTRATION, AND RELATED AGENCIES APPROPRIATIONS ACT, 2023

Title I—Agricultural Programs
Title II—Farm Production and Conservation Programs
Title III—Rural Development Programs
Title IV—Domestic Food Programs
Title V—Foreign Assistance and Related Programs
Title VI—Related Agency and Food and Drug Administration
Title VII—General Provisions

DIVISION B—COMMERCE, JUSTICE, SCIENCE, AND RELATED AGENCIES APPROPRIATIONS ACT, 2023

Title I—Department of Commerce
Title II—Department of Justice
Title III—Science
Title IV—Related Agencies
Title V—General Provisions

DIVISION C—DEPARTMENT OF DEFENSE APPROPRIATIONS ACT, 2023

Title I—Military Personnel
Title II—Operation and Maintenance
Title III—Procurement
Title IV—Research, Development, Test and Evaluation
Title V—Revolving and Management Funds
Title VI—Other Department of Defense Programs
Title VII—Related Agencies
Title VIII—General Provisions

DIVISION D—ENERGY AND WATER DEVELOPMENT AND RELATED AGENCIES APPROPRIATIONS ACT, 2023

Title I—Corps of Engineers—Civil
Title II—Department of the Interior
Title III—Department of Energy

H. R. 2617—2

Title IV—Independent Agencies
Title V—General Provisions

DIVISION E—FINANCIAL SERVICES AND GENERAL GOVERNMENT
APPROPRIATIONS ACT, 2023

Title I—Department of the Treasury
Title II—Executive Office of the President and Funds Appropriated to the President
Title III—The Judiciary
Title IV—District of Columbia
Title V—Independent Agencies
Title VI—General Provisions—This Act
Title VII—General Provisions—Government-wide
Title VIII—General Provisions—District of Columbia

DIVISION F—DEPARTMENT OF HOMELAND SECURITY APPROPRIATIONS
ACT, 2023

Title I—Departmental Management, Intelligence, Situational Awareness, and Oversight
Title II—Security, Enforcement, and Investigations
Title III—Protection, Preparedness, Response, and Recovery
Title IV—Research, Development, Training, and Services
Title V—General Provisions

DIVISION G—DEPARTMENT OF THE INTERIOR, ENVIRONMENT, AND
RELATED AGENCIES APPROPRIATIONS ACT, 2023

Title I—Department of the Interior
Title II—Environmental Protection Agency
Title III—Related Agencies
Title IV—General Provisions

DIVISION H—DEPARTMENTS OF LABOR, HEALTH AND HUMAN SERVICES,
AND EDUCATION, AND RELATED AGENCIES APPROPRIATIONS ACT, 2023

Title I—Department of Labor
Title II—Department of Health and Human Services
Title III—Department of Education
Title IV—Related Agencies
Title V—General Provisions

DIVISION I—LEGISLATIVE BRANCH APPROPRIATIONS ACT, 2023

Title I—Legislative Branch
Title II—General Provisions

DIVISION J—MILITARY CONSTRUCTION, VETERANS AFFAIRS, AND
RELATED AGENCIES APPROPRIATIONS ACT, 2023

Title I—Department of Defense
Title II—Department of Veterans Affairs
Title III—Related Agencies
Title IV—General Provisions

DIVISION K—DEPARTMENT OF STATE, FOREIGN OPERATIONS, AND
RELATED PROGRAMS APPROPRIATIONS ACT, 2023

Title I—Department of State and Related Agency
Title II—United States Agency for International Development
Title III—Bilateral Economic Assistance
Title IV—International Security Assistance
Title V—Multilateral Assistance
Title VI—Export and Investment Assistance
Title VII—General Provisions

DIVISION L—TRANSPORTATION, HOUSING AND URBAN DEVELOPMENT,
AND RELATED AGENCIES APPROPRIATIONS ACT, 2023

Title I—Department of Transportation
Title II—Department of Housing and Urban Development
Title III—Related Agencies
Title IV—General Provisions—This Act

H. R. 2617—3

DIVISION M—ADDITIONAL UKRAINE SUPPLEMENTAL APPROPRIATIONS ACT, 2023

DIVISION N—DISASTER RELIEF SUPPLEMENTAL APPROPRIATIONS ACT, 2023

DIVISION O—EXTENDERS AND TECHNICAL CORRECTIONS

Title I—National Cybersecurity Protection System Authorization Extension
Title II—NDAA Technical Corrections
Title III—Immigration Extensions
Title IV—Environment and Public Works Matters
Title V—Safety Enhancements
Title VI—Extension of Temporary Order for Fentanyl-Related Substances
Title VII—Federal Trade Commission Oversight of Horseracing Integrity and Safety Authority
Title VIII—United States Parole Commission Extension
Title IX—Extension of FCC Auction Authority
Title X—Budgetary Effects

DIVISION P—ELECTORAL COUNT REFORM AND PRESIDENTIAL TRANSITION IMPROVEMENT

DIVISION Q—AVIATION RELATED MATTERS

DIVISION R—NO TIKTOK ON GOVERNMENT DEVICES

DIVISION S—OCEANS RELATED MATTERS

DIVISION T—SECURE 2.0 ACT OF 2022

DIVISION U—JOSEPH MAXWELL CLELAND AND ROBERT JOSEPH DOLE MEMORIAL VETERANS BENEFITS AND HEALTH CARE IMPROVEMENT ACT OF 2022

DIVISION V—STRONG VETERANS ACT OF 2022

DIVISION W—UNLEASHING AMERICAN INNOVATORS ACT OF 2022

DIVISION X—EXTENSION OF AUTHORIZATION FOR SPECIAL ASSESSMENT FOR DOMESTIC TRAFFICKING VICTIMS' FUND

DIVISION Y—CONTRACT ACT OF 2022

DIVISION Z—COVS ACT

DIVISION AA—FINANCIAL SERVICES MATTERS

DIVISION BB—CONSUMER PROTECTION AND COMMERCE

DIVISION CC—WATER RELATED MATTERS

DIVISION DD—PUBLIC LAND MANAGEMENT

DIVISION EE—POST OFFICE DESIGNATIONS

DIVISION FF—HEALTH AND HUMAN SERVICES

DIVISION GG—MERGER FILING FEE MODERNIZATION

DIVISION HH—AGRICULTURE

DIVISION II—PREGNANT WORKERS

DIVISION JJ—NORTH ATLANTIC RIGHT WHALES

DIVISION KK—PUMP FOR NURSING MOTHERS ACT

DIVISION LL—STATE, LOCAL, TRIBAL, AND TERRITORIAL FISCAL RECOVERY, INFRASTRUCTURE, AND DISASTER RELIEF FLEXIBILITY

DIVISION MM—FAIRNESS FOR 9/11 FAMILIES ACT

**SEC. 3. REFERENCES.**

Except as expressly provided otherwise, any reference to "this Act" contained in any division of this Act shall be treated as referring only to the provisions of that division.

H. R. 2617—1648

or other governmental entity from funds appropriated under this title, an amount equal to the unaccepted amounts or portion of such amounts allocated by the Secretary of the Treasury as of the date of such notice that would have been awarded to the State, territory, or other governmental entity shall be rescinded from the applicable appropriation account.

"(2) EXCLUSION.—Paragraph (1) shall not apply with respect to funds that are to be paid to a State under section 603 for distribution to nonentitlement units of local government.

"(3) RULES OF CONSTRUCTION.—Paragraph (1) shall not be construed as—

"(A) preventing a sub-State governmental entity, including a nonentitlement unit of local government, from notifying the Secretary of the Treasury that the sub-State governmental entity intends to decline all or a portion of the amounts that a State may distribute to the entity from funds appropriated under this title; or

"(B) allowing a State to prohibit or otherwise prevent a sub-State governmental entity from providing such a notice.

"(b) USE FOR DEFICIT REDUCTION.—Amounts rescinded under subsection (a) shall be deposited in the general fund of the Treasury for the sole purpose of deficit reduction.

"(c) STATE OR OTHER GOVERNMENTAL ENTITY DEFINED.—In this section, the term 'State, territory, or other governmental entity' means any entity to which a payment may be made directly to the entity under this title other than a Tribal government, as defined in sections 601(g), 602(g), and 604(d), and an eligible Tribal government, as defined in section 605(f).".

# DIVISION MM—FAIRNESS FOR 9/11 FAMILIES ACT

**SEC. 101. IMPROVEMENTS TO THE JUSTICE FOR UNITED STATES VICTIMS OF STATE SPONSORED TERRORISM ACT.**

(a) SHORT TITLE.—This section may be cited as the "Fairness for 9/11 Families Act".

(b) IN GENERAL.—Section 404 of the Justice for United States Victims of State Sponsored Terrorism Act (34 U.S.C. 20144) is amended—

(1) in subsection (b)—

(A) in paragraph (1)(B), in the first sentence, by inserting "and during the 1-year period beginning on the date of enactment of the Fairness for 9/11 Families Act, the Special Master may utilize an additional 5 full-time equivalent Department of Justice personnel" before the period at the end; and

(B) in paragraph (2)(A), by inserting "Not later than 30 days after the date of enactment of the Fairness for 9/11 Families Act, the Special Master shall update, as necessary as a result of the enactment of such Act, such procedures and other guidance previously issued by the Special Master." after the period at the end of the second sentence;

(2) in subsection (c)(3)(A), by striking clause (ii) and inserting the following:

H. R. 2617—1649

"(ii) Not later than 90 days after the date of obtaining a final judgment, with regard to a final judgment obtained on or after the date of that publication, unless—

"(I) the final judgment was awarded to a 9/11 victim, 9/11 spouse, or 9/11 dependent before the date of enactment of the United States Victims of State Sponsored Terrorism Fund Clarification Act, in which case such United States person shall have 90 days from the date of enactment of such Act to submit an application for payment; or

"(II) the final judgment was awarded to a 1983 Beirut barracks bombing victim or a 1996 Khobar Towers bombing victim before the date of enactment of the Fairness for 9/11 Families Act, in which case such United States person shall have 180 days from the date of enactment of such Act to submit an application for payment.";

(3) in subsection (d)—

(A) in paragraph (3)(B), by adding at the end the following:

"(iii) For the purposes of clause (i), the calculation of the total compensatory damages received or entitled or scheduled to be received by an applicant who is a 1983 Beirut barracks bombing victim or a 1996 Khobar Towers bombing victim from any source other than the Fund shall include the total amount received by the applicant as a result of or in connection with the proceedings captioned Peterson v. Islamic Republic of Iran, No. 10 Vic. 4518 (S.D.N.Y.), or the proceedings captioned In Re 650 Fifth Avenue & Related Properties, No. 08 Civ. 10934 (S.D.N.Y. filed Dec. 17, 2008), such that any such applicant who has received or is entitled or scheduled to receive 30 percent or more of such applicant's compensatory damages judgment as a result of or in connection with such proceedings shall not receive any payment from the Fund, except in accordance with the requirements of clause (i), or as part of a lump-sum catch-up payment in accordance with paragraph (4)(D)."; and

(B) in paragraph (4)—

(i) in subparagraph (A), by striking "(B) and (C)" and inserting "(B), (C), and (D)";

(ii) in subparagraph (C), by adding at the end the following:

"(iv) AUTHORIZATION.—

"(I) IN GENERAL.—The Special Master shall authorize lump sum catch-up payments in amounts equal to the amounts described in subclauses (I), (II), and (III) of clause (iii).

"(II) APPROPRIATIONS.—

"(aa) IN GENERAL.—There are authorized to be appropriated and there are appropriated to the Fund such sums as are necessary to carry out this clause, to remain available until expended.

H. R. 2617—1650

"(bb) LIMITATION.—Amounts appropriated pursuant to item (aa) may not be used for a purpose other than to make lump sum catch-up payments under this clause."; and

(iii) by adding at the end the following:

"(D) LUMP SUM CATCH-UP PAYMENTS FOR 1983 BEIRUT BARRACKS BOMBING VICTIMS AND 1996 KHOBAR TOWERS BOMBING VICTIMS.—

"(i) IN GENERAL.—Not later than 1 year after the date of enactment of the Fairness for 9/11 Families Act, and in accordance with clauses (i) and (ii) of paragraph (3)(A), the Comptroller General of the United States shall conduct an audit and publish in the Federal Register a notice of proposed lump sum catch-up payments to the 1983 Beirut barracks bombing victims and the 1996 Khobar Towers bombing victims who have submitted applications in accordance with subsection (c)(3)(A)(ii)(II) on or after such date of enactment, in amounts that, after receiving the lump sum catch-up payments, would result in the percentage of the claims of such victims received from the Fund being equal to the percentage of the claims of non-9/11 victims of state sponsored terrorism received from the Fund, as of such date of enactment.

"(ii) PUBLIC COMMENT.—The Comptroller General shall provide an opportunity for public comment for a 30-day period beginning on the date on which the notice is published under clause (i).

"(iii) REPORT.—Not later than 30 days after the expiration of the comment period in clause (ii), the Comptroller General of the United States shall submit to the Committee on the Judiciary and the Committee on Appropriations of the Senate, the Committee on the Judiciary and the Committee on Appropriations of the House of Representatives, and the Special Master a report that includes the determination of the Comptroller General on—

"(I) the amount of the proposed lump sum catch-up payment for each 1983 Beirut barracks bombing victim;

"(II) the amount of the proposed lump sum catch-up payment for each 1996 Khobar Towers bombing victim; and

"(III) amount of lump sum catch-up payments described in subclauses (I) and (II).

"(iv) LUMP SUM CATCH-UP PAYMENT RESERVE FUND.—

"(I) IN GENERAL.—There is established within the Fund a lump sum catch-up payment reserve fund, to remain in reserve except in accordance with this subsection.

"(II) AUTHORIZATION.—Not earlier than 90 days after the date on which the Comptroller General submits the report required under clause (iii), and not later than 1 year after such date, the Special Master shall authorize lump sum catch-up payments from the reserve fund established

H. R. 2617—1651

under subclause (I) in amounts equal to the amounts described in subclauses (I) and (II) of clause (iii).

"(III) APPROPRIATIONS.—

"(aa) IN GENERAL.—There are authorized to be appropriated and there are appropriated to the lump sum catch-up payment reserve fund $3,000,000,000 to carry out this clause, to remain available until expended.

"(bb) LIMITATION.—Except as provided in subclause (IV), amounts appropriated pursuant to item (aa) may not be used for a purpose other than to make lump sum catch-up payments under this clause.

"(IV) EXPIRATION.—

"(aa) IN GENERAL.—The lump sum catch-up payment reserve fund established by this clause shall be terminated not later than 1 year after the Special Master disperses all lump sum catch-up payments pursuant to subclause (II).

"(bb) REMAINING AMOUNTS.—All amounts remaining in the lump sum catch-up payment reserve fund in excess of the amounts described in subclauses (I) and (II) of clause (iii) shall be deposited into the Fund under this section.";

(4) in subsection (e)(2)(B), by adding at the end the following:

"(v) EXCEPTION FOR 1983 BEIRUT BARRACKS BOMBING VICTIMS AND 1996 KHOBAR TOWERS BOMBING VICTIMS.—Nothing in this subparagraph shall apply with respect to—

"(I) a 1983 Beirut barracks bombing victim or a 1996 Khobar Towers bombing victim who submits an application under subsection (c)(3)(A)(ii)(II) on or after the date of enactment of the Fairness for 9/11 Families Act; or

"(II) the assets, or the net proceeds of the sale of properties or related assets, attributable to a person described in subclause (I)."; and

(5) in subsection (j), by adding at the end the following:

"(15) 1983 BEIRUT BARRACKS BOMBING VICTIM.—The term '1983 Beirut barracks bombing victim'—

"(A) means a plaintiff, or estate or successor in interest thereof, who has an eligible claim under subsection (c) that arises out of the October 23, 1983, bombing of the United States Marine Corps barracks in Beirut, Lebanon; and

"(B) includes a plaintiff, estate, or successor in interest described in subparagraph (A) who is a judgment creditor in the proceedings captioned Peterson v. Islamic Republic of Iran, No. 10 Vic. 4518 (S.D.N.Y.), or a Settling Judgment Creditor as identified in the order dated May 27, 2014, in the proceedings captioned In Re 650 Fifth Avenue & Related Properties, No. 08 Vic.10934 (S.D.N.Y. filed Dec. 17, 2008).

H. R. 2617—1652

"(16) 1996 KHOBAR TOWERS BOMBING VICTIM.—The term '1996 Khobar Towers bombing victim'—

"(A) means a plaintiff, or estate or successor in interest thereof, who has an eligible claim under subsection (c) that arises out of the June 25, 1996 bombing of the Khobar Tower housing complex in Saudi Arabia; and

"(B) includes a plaintiff, estate, or successor in interest described in subparagraph (A) who is a judgment creditor in the proceedings captioned Peterson v. Islamic Republic of Iran, No. 10 Vic. 4518 (S.D.N.Y.), or a Settling Judgment Creditor as identified in the order dated May 27, 2014, in the proceedings captioned In Re 650 Fifth Avenue & Related Properties, No. 08 Vic.10934 (S.D.N.Y. filed Dec. 17, 2008).".

(c) GAO REPORT ON FUNDING FOR THE UNITED STATES VICTIMS OF STATE SPONSORED TERRORISM FUND.—Not later than 180 days after the date of enactment of this Act, the Comptroller General of the United States shall submit to Congress a report evaluating ways to increase deposits into the United States Victims of State Sponsored Terrorism Fund established under paragraph (1) of section 404(e) of the Justice for United States Victims of State Sponsored Terrorism Act (34 U.S.C. 20144(e)) (in this subsection referred to as the "Fund"), including assessing the advisability and effect of—

(1) expanding the scope of the criminal offenses for which funds, and the net proceeds from the sale of property, forfeited or paid to the United States are deposited in the Fund under paragraph (2)(A)(i) of such section;

(2) expanding the scope of the civil penalties or fines for which funds, and the net proceeds from the sale of property, forfeited or paid to the United States are deposited in the Fund under paragraph (2)(A)(ii) of such section to include civil penalties or fines imposed, including as part of a settlement agreement, on an entity for providing material support to an organization designated as a foreign terrorist organization under section 219 of the Immigration and Nationality Act (8 U.S.C. 1189); and

(3) increasing to 100 percent the percentage of funds, and the net proceeds from the sale of property, forfeited or paid to the United States as a civil penalty or fine that are deposited in the Fund under paragraph (2)(A)(ii) of such section.

(d) RESCISSIONS.—

(1) BUSINESS LOANS PROGRAM ACCOUNT.—Of the unobligated balances of amounts made available under the heading "Small Business Administration—Business Loans Program Account, CARES Act", for carrying out paragraphs (36) and (37) of section 7(a) of the Small Business Act (15 U.S.C. 636(a)), $4,954,772,000 are hereby rescinded.

(2) SHUTTERED VENUE OPERATORS GRANT.—Of the unobligated balances of amounts made available under the heading "Small Business Administration—Shuttered Venue Operators", for carrying out section 324 of division N of the Consolidated Appropriations Act, 2021 (15 U.S.C. 9009a), $459,000,000 are hereby rescinded.

H. R. 2617—1653

(3) AVIATION MANUFACTURING PAYROLL SUPPORT PROGRAM.—Of the unobligated balances of amounts made available under section 7202 of the American Rescue Plan Act of 2021 (15 U.S.C. 9132), $568,228,000 are hereby rescinded.

*Speaker of the House of Representatives.*

*Vice President of the United States and President of the Senate.*