IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MARTINO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, <br><br> Defendant. | Case No. 1:21-cv-01808-RDM |

## PLAINTIFFS' MOTION TO SUBSTITUTE PARTIES

This action was initiated on July 7, 2021, by Plaintiffs against the Islamic Republic of Iran ("Iran"), seeking damages for wrongful death, personal injury, and related torts pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A ("FSIA"). Dkt. 1. On November 5, 2021, Plaintiffs filed their First Amended Complaint, which is the operative complaint for the purposes of this Motion. Dkt. 15. The First Amended Complaint added several hundred Plaintiffs, including summaries of their respective claims. *Id.*

Following the filing of the First Amended Complaint, service was effected on Iran on July 11, 2022. Dkt. 26. After Iran failed to answer or otherwise respond to Plaintiffs' claims within 60 days, on September 12, 2022, Plaintiffs sought an entry of default judgment against Iran pursuant to 28 U.S.C. § 1608(d) and Federal Rule of Civil Procedure 55. Dkt. 27. On September 15, 2022, the Clerk of the Court provided an entry of default as to Iran. Dkt. 29. Plaintiffs filed a Motion for Default Judgement on Behalf of Bellwether Plaintiffs on November 30, 2023, which the Court granted as to Iran's liability for 25 bellwether attacks on September 30, 2024. Dkt. 55.

Several plaintiffs named in this case have since died, and Plaintiffs now seek to substitute two estates as proper parties. Plaintiff Sherry Rockholt died on September 4, 2021[1] and Plaintiff Kenneth Locker Sr. died on August 7, 2023.[2] Pursuant to Federal Rule of Civil Procedure 25, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). Any party, or the decedent's successor or representative, may make a motion for substitution. *Id.* The motion must be made within 90 days of service of a statement noting the death or the action will be dismissed. *Id.* Plaintiffs have filed suggestions of death as to the deceased plaintiffs concurrently herewith, and now timely move to substitute Jason Louis Rockholt, as personal representative of Sherry Rockholt's estate, for Plaintiff Sherry Rockholt, and Kristine E. Longe and Carmon S. Petters, as co-personal representatives of Kenneth Locker Sr.'s estate, for Plaintiff Kenneth Locker Sr. *See* Limited Judgment for Administration of Intestate Estate and Appointment of Personal Representative, *In re Estate of Sherry Kay Rockholt*, Case No. 24PB03740 (Or. Cir. Ct. Cty. Marion May 24, 2024), attached hereto as Exhibit 1; Letters of Personal Representative, *In re Estate of Kenneth E. Locker*, Case No. PR 23-10 (Cty. Ct. Garfield Cty. Neb. Sept. 5, 2023), attached hereto as Exhibit 2.

I. **Plaintiffs' Claims Against Iran Survive Their Deaths**

Claims under the FSIA's private right of action in 28 U.S.C. § 1605A(c) are not extinguished by death. Section 1605A(c)(4) specifically provides a private right of action for the "legal representative" of an individual who could otherwise bring a claim. Courts in this District thus recognize claims by the legal representative of an estate under 28 U.S.C. § 1605A. *See, e.g.*,

---

[1] *See We Remember Sherry Rockholt*, WE REMEMBER BY ANCESTRY, https://www.weremember.com/sherry-rockholt/8b0c/memories.
[2] *See Obituary of Kenneth Edward Locker, Sr.*, ORD MEMORIAL CHAPEL, https://www.ordmemorialchapel.com/obituary/kenneth-locker-sr.

*Doe v. Democratic People's Republic of Korea Ministry of Foreign Affs. Jungsong-Dong*, 414 F. Supp. 3d 109, 125 (D.D.C. 2019) ("An estate of a plaintiff who would have had standing to sue is 'expressly covered by, and entitled to bring claims under, Section 1605A(c).'"); *Est. of Fouty v. Syrian Arab Republic*, No. CV 18-385 (RBW), 2024 WL 3443591, at *23 (D.D.C. July 17, 2024) ("Both estate plaintiffs have a federal cause of action under § 1605A(c) because the decedents would have had a federal cause of action in their own right as United States nationals and members of the United States armed forces."); *Mark v. Islamic Republic of Iran*, 626 F. Supp. 3d 16, 33 n.3 (D.D.C. 2022); *Braun v. Islamic Republic of Iran*, 228 F. Supp. 3d at 78–79 (D.D.C. 2017).[3]

## II.   Plaintiffs' Motion For Substitution Is Timely

Because Sherry Rockholt's and Kenneth Locker Sr.'s claims against Iran survive their respective deaths, Plaintiffs may move to substitute a "proper party" for each of these deceased individuals as long as such a motion is made within 90 days of a suggestion of death being made

---

[3] *Compare with Worley v. Islamic Republic of Iran*, 75 F. Supp. 3d 311, 333 (D.D.C. 2014) (holding that the standing of estates for § 1605A(c)(4) claims is instead a matter of state law); *Taylor v. Islamic Republic of Iran*, 811 F. Supp. 2d 1, 12-13 (D.D.C. 2011) (same). Even if this Court holds that the standing of an estate rests on state law, the personal representative for the estate of Sherry Rockholt has standing under Oregon law. *See* OR. REV. STAT. § 30.075 ("Causes of action arising out of injuries to a person, caused by the wrongful act or omission of another, shall not abate upon the death of the injured person, and the personal representatives of the decedent may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission."); *see also* OR. REV. STAT. § 115.305 ("All causes of action or suit, by one person against another, survive to the personal representative of the former and against the personal representative of the latter."); *Pollock v. City of Astoria*, No. CV 06-845-AC, 2008 WL 2278462, at *8 (D. Or. May 28, 2008). Likewise, the co-personal representatives for the estate of Kenneth Locker Sr. have standing under Nebraska law. *See* NEB. REV. STAT. § 25-1401 (2024); *Corona de Camargo v. Schon*, 776 N.W.2d 1, 8 (Neb. 2009) (holding that "the right to bring a personal injury action survives the death of the victim" at common law in Nebraska); *see also Brandon ex rel. Est. of Brandon v. Cnty. of Richardson*, 624 N.W.2d 604, 621 (Neb. 2001) ("A claim for intentional infliction of emotional distress survives the death of the victim.").

3

on the record.[4]  Fed. R. Civ. P. 25(a)(1).  Plaintiffs filed the suggestions of death on the same day as this motion.  Therefore, this Motion to Substitute is timely.  *See Maxwell*, 2024 WL 1342775, at *8 (finding a motion to substitute timely when filed on the same day as a suggestion of death); *see also McSurely v. McClellan*, 753 F.2d 88, 98 (D.C. Cir.1985) (finding Rule 25(a)(1)'s ninety-day time period only begins to run after a suggestion of death is filed).

### III. Personal Representatives of Estates Are Proper Parties To Substitute For Deceased Plaintiffs

Lastly, the Court must determine if the non-party to be substituted is a "proper party."  Fed. R. Civ. P. 25(a)(1).  A proper party for substitution upon the death of a party is either a representative of the decedent's estate or the successor of the deceased.  *Id*.  Because Jason Louis Rockholt was appointed personal representative for the estate of Sherry Rockholt, and Kristine E. Longe and Carmon S. Petters were appointed co-personal representatives for the estate of Kenneth Locker Sr., they are proper parties under Rule 25.  *See id.*

### IV. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Motion be granted and the attached Order be entered, thereby substituting Jason Louis Rockholt, as personal representative of the estate of Sherry Rockholt, for Plaintiff Sherry Rockholt, and Kristine E.

---

[4] Although a motion to substitute must be filed within 90 days of service of a notice of death, such notice is not a precondition to filing a motion to substitute.  "A motion to substitute may be made by any party or by the representative of the deceased party *without awaiting the suggestion of death*."  Fed. R. Civ. P. 25 advisory committee's note to 1963 amendment (emphasis added).  Even if no suggestion of death is made on the record, "the Court may, *sua sponte*, substitute an appropriate person, such as a close relative, as a representative of the decedent's estate."  *Bluth v. Islamic Republic of Iran*, 203 F. Supp. 3d 1, 22 n.17 (D.D.C. 2016) (quoting *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 55 (D.D.C. 2013)).  Moreover, "Federal Rule of Civil Procedure '25(a)(1) itself provides that [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party.'"  *Maxwell*, 2024 WL 1342775, at *8 (quoting *Mohammadi*, 947 F. Supp. 2d at 54 n.2).

Longe and Carmon S. Petters, as co-personal representatives of the estate of Kenneth Locker Sr., for Plaintiff Kenneth Locker Sr.

Dated:  October 21, 2024                             Respectfully submitted,

/s/ Nicholas Reddick
Nicholas Reddick (D.C. Bar No. 1670683)
Willkie Farr & Gallagher LLP
333 Bush St.
San Francisco, CA 94104
Tel: (415) 858-7400
Fax: (415) 858-7599
NReddick@willkie.com

Michael J. Gottlieb (D.C. Bar No. 974960)
Devin Charles Ringger (D.C. Bar No. 1044160)
Logan R. Kenney (D.C. Bar No. 90005142)
Willkie Farr & Gallagher LLP
1875 K Street, NW
Washington, DC 20006-1238
Tel: (202) 303-1000
Fax: (202) 303-2000
MGottlieb@willkie.com
DRingger@willkie.com
LKenney@willkie.com

Ryan R. Sparacino (D.C. Bar No. 493700)
Eli J. Kay-Oliphant (D.C. Bar No. 503235)
Sparacino PLLC
1920 L Street, NW, Suite 535
Washington, DC 20036
Tel: (202) 629-3530
ryan.sparacino@sparacinopllc.com
eli.kay-oliphant@sparacinopllc.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of October 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

                                                 */s/   Nicholas Reddick*
                                                 Nicholas Reddick