IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MARTINO, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>　　　　　　　Defendant. | Case No. 1:21-cv-01808-RDM |

**PLAINTIFFS' MOTION TO APPOINT SPECIAL MASTERS AND
ADOPT ADMINISTRATIVE PLAN CONCERNING SPECIAL MASTERS
FOR NON-BELLWETHER PLAINTIFFS**

**TABLE OF CONTENTS**

I.   PROPOSED SPECIAL MASTERS ................................................................................. 1
  A.   Deborah E. Greenspan ........................................................................................... 2
  B.   Stephen A. Saltzburg ............................................................................................. 3
  C.   Paul G. Griffin ....................................................................................................... 4
  D.   Shelby R. Grubbs .................................................................................................. 4
  E.   David L. Broom .................................................................................................... 5
  F.   Brad Pigott ............................................................................................................. 5
II.  PROPOSED ADMINISTRATIVE PLAN ....................................................................... 6
  A.   Scope of Appointment ........................................................................................... 6
  B.   Communication ................................................................................................... 10
  C.   Materials .............................................................................................................. 10
  D.   Timing, Filing, and Review ................................................................................ 10
  E.   Compensation ...................................................................................................... 12

On August 16, 2023, the Court entered its Case Management Order requiring that "within 60 days after the Court issues its Bellwether Opinion, Plaintiffs will file a motion for the appointment of additional Special Masters to adjudicate the liability and damages claims of the non-bellwether Plaintiffs." *See* August 16, 2023 Minute Order, *Martino et al. v. Islamic Republic of Iran*, No. 21-cv-01808 (RDM) (D.D.C. August 16, 2023). The Court issued its Memorandum Opinion and Order granting, in part, Plaintiffs' Motion for Default Judgment on behalf of Bellwether Plaintiffs on September 30, 2024 ("Bellwether Opinion"). Dkt. 55. Plaintiffs now move the Court to appoint six Special Masters to consider Plaintiffs' evidence and draft reports and recommendations proposing liability findings and damages awards for the non-bellwether Plaintiffs. *See* 28 U.S.C. § 1605A(e)(1) (permitting "[t]he courts of the United States [to] appoint special masters to hear damage claims brought under" the Foreign Sovereign Immunities Act's ("FSIA") terrorism exception); *see also* Fed. R. Civ. P. 53 (governing the appointment of special masters). Plaintiffs further move the Court to enter an Administrative Plan, which is similar to the one previously entered in this matter, to govern the non-bellwether liability and damages proceedings before these Special Masters. *See* Dkt. 56.

I. **PROPOSED SPECIAL MASTERS**

Plaintiffs have identified six individuals with extensive experience serving in similar roles for matters arising under the FSIA who have agreed to serve as Special Masters for the non-bellwether Plaintiffs' liability and damages claims. A signed declaration from each proposed Special Master and a copy of his or her *curriculum vitae* is attached hereto as Exhibit 1 through Exhibit 6. Each proposed Special Master has at least five years of experience as a licensed attorney. *See* Ex. 1 ¶ 1; Ex. 2 ¶ 1; Ex. 3 ¶ 1; Ex. 4 ¶ 1; Ex. 5 ¶ 1; Ex. 6 ¶ 1. None is aware of "a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455," Fed. R. Civ. P. 53(a)(2), nor does any have a financial or other interest

1

that would create a conflict, Fed. R. Civ. P. 53(b)(3). *See* Ex. 1 ¶¶ 5-7; Ex. 2 ¶¶ 5-7; Ex. 3 ¶¶ 5-7; Ex. 4 ¶¶ 5-7; Ex. 5 ¶¶ 5-7; Ex. 6 ¶¶ 5-7. Each proposed Special Master, if appointed, has agreed to abide by any orders adopted by the Court. *See id*.

In light of the large number of remaining non-bellwether Plaintiffs, Plaintiffs request that the Court appoint all six proposed individuals as Special Masters. Using six Special Masters will facilitate the timely resolution of Plaintiffs' claims and help enable successful Plaintiffs to access compensation from the U.S. Victims of State Sponsored Terrorism Fund. For similar reasons, courts in this District have appointed multiple Special Masters in other large-scale FSIA cases. *See, e.g.*, Order Appointing Special Masters, *Cabrera v. Islamic Republic of Iran*, No. 19-cv-3835 (JDB) (D.D.C. Dec. 13, 2022), Dkt. 129 (appointing ten Special Masters); Order Appointing Special Masters for Non-bellwether Liability and Damages Phase, *Fishbeck v. Islamic Republic of Iran*, No. 18-cv-02248 (CRC) (D.D.C. Sept. 28, 2023), Dkt. 145 (appointing nine Special Masters).

A brief biography of each proposed Special Master follows.

### A.  Deborah E. Greenspan

Deborah E. Greenspan is a partner at the law firm Blank Rome LLP, where she focuses her practice on class actions, mass claims, dispute resolution, insurance recovery, and mass tort bankruptcy. *See* Ex. 1 ¶ 1; Ex. 1 at Ex. A. Ms. Greenspan previously served as a law clerk for the Honorable Horace W. Gilmore of the U.S. District Court for the Eastern District of Michigan and the Honorable Edward Allen Tamm of the U.S. Court of Appeals for the D.C. Circuit. *See id*. She is a graduate of the University of Michigan Law School. *See id*.

Ms. Greenspan has extensive experience serving as a Special Master and is an expert in mass claims strategy and resolution. In addition to appointing her to oversee the damages claims of the Additional Bellwether Plaintiffs in this matter, *see* Dkt. 56, this Court has previously appointed Ms. Greenspan to serve as a Special Master in similar FSIA litigations. *See Jakubowicz*

2

*v. Islamic Republic of Iran*, No. 18-cv-1450 (RDM), 2023 WL 6907852 (D.D.C. Sept. 1, 2023), *report and recommendation adopted as modified*, 2024 WL 1826610; *Fritz v. Islamic Republic of Iran*, No. 15-cv-456 (RDM), 2018 WL 5046229 (D.D.C. Aug. 13, 2018), *report and recommendation adopted as modified*, 324 F. Supp. 3d 54 (D.D.C. 2018).

### B. Stephen A. Saltzburg

Stephen A. Saltzburg is the Wallace and Beverley Woodbury University Professor of Law at the George Washington University Law School and the Director of the National Trial Advocacy College at the University of Virginia School of Law. *See* Ex. 2 ¶ 1; Ex. 2 at Ex. A. He previously taught at the University of Virginia School of Law, where he was the Class of 1962 Chairholder. *See id*. Professor Saltzburg received his J.D. from the University of Pennsylvania Law School and clerked for Justice Thurgood Marshall. *See id*. Throughout his legal career, he has served on many American Bar Association committees. *See id*.

This Court has previously appointed Professor Saltzburg to oversee the damages claims of the Bellwether Plaintiffs in this matter. *See* October 9, 2024 Minute Order, *Martino*, 1:21-cv-01808 (RDM) (D.D.C. Oct. 9, 2024). In addition, Professor Saltzburg has served as a Special Master in numerous FSIA cases in this District. *See* Order Appointing Special Masters, *Cabrera*, Dkt. 129; Memorandum Opinion, *id*., Dkt. 272 (largely adopting Professor Saltsburg's recommendations); Order Appointing Prof. Stephen A. Saltzburg as Special Master, *Lee v. Islamic Republic of Iran*, No. 19-cv-00830 (APM) (D.D.C. Mar. 22, 2021), Dkt. 45; Memorandum Opinion, *id*., Dkt. 83 (adopting Professor Saltzburg's recommendations); Order Appointing Special Masters, *Sheikh v. Republic of the Sudan*, No. 14-cv-2090 (JDB) (D.D.C. Aug. 19, 2019); Order Appointing Special Masters, *Chogo v. Republic of the Sudan*, No. 15-cv-00951 (JDB) (D.D.C. Aug. 29, 2019), Dkt. 38; Order Appointing Special Masters, *Amduso v. Republic of Sudan*, No. 08-cv-1361 (JDB) (D.D.C. Feb. 27, 2012), Dkt. 67.

### C. Paul G. Griffin

Paul G. Griffin is the Legal Director of Child Justice, Inc., a Baltimore-based nonprofit that focuses on domestic violence and child physical and sexual abuse in child-custody cases. *See* Ex. 3 ¶ 1; Ex. 3 at Ex. A. He previously practiced law in Washington, D.C., including at O'Melveny & Myers LLP and Nixon Peabody LLP. *See id*. He received his J.D. from the Georgetown University Law Center. *See id*. Mr. Griffin also served in the U.S. Marine Corps. *See id*.

Courts in this District have repeatedly appointed Mr. Griffin to serve as a Special Master in FSIA matters. *See* Order Appointing Special Masters, *Cabrera*, Dkt. 129; Memorandum Opinion, *id*., Dkt. 272 (largely adopting Mr. Griffin's recommendations); Order Appointing Special Masters, *Maalouf v. Islamic Republic of Iran*, No. 16-cv-280 (JDB) (D.D.C. Aug. 29, 2019), Dkt. 41; Order Appointing Special Masters, *Salazar v. Islamic Republic of Iran*, No. 16-cv-1507 (JDB) (D.D.C. Aug. 29, 2019), Dkt. 24; Order Appointing Special Masters, *Owens v. Republic of the Sudan*, No. 01-cv-2244 (JDB) (D.D.C. Feb. 27, 2012), Dkt. 221. Mr. Griffin also served as a Special Master in *Peterson v. Islamic Republic of Iran*, No. 01-cv-2094 (RCL) (D.D.C. Aug. 12, 2003), Dkt. 34, and in various follow-up cases stemming from the 1983 Beirut barracks bombing.

### D. Shelby R. Grubbs

Shelby R. Grubbs currently serves as a neutral with Judicial Arbitration and Mediations Services (JAMS) for both domestic and international matters. *See* Ex. 4 ¶ 1; Ex. 4 at Ex. A. Before that, he had a lengthy career as an advocate, doing considerable work in class-action matters. *See id*. He also has experience as a professor, teaching classes at Georgia State University College of Law, Emory University School of Law, and Vanderbilt University Law School. *See id*. Mr. Grubbs previously served in leadership positions in the American Bar Association. *See id*. He received his J.D. from the University of Alabama Law School. *See id*.

4

Mr. Grubbs has extensive experience serving as a Special Master in class action matters, *see id*. ¶ 2, and he recently served as a Special Master in another FSIA case in this District. *See* Order Appointing Special Masters, *Cabrera*, Dkt. 129; Memorandum Opinion, *id*., Dkt. 272 (largely adopting Mr. Grubbs's recommendations).

### E.    David L. Broom

David Broom is a Senior Counsel at KSB Litigation in Spokane, Washington, and has focused his decades-long legal practice on class action litigation. *See* Ex. 5 ¶ 1; Ex. 5 at Ex. A. In addition, he previously served as General Counsel for Washington Water Power Company (now Avista Corporation). *See id*. Mr. Broom received his J.D. from the University of Washington School of Law. *See id*.

Mr. Broom has previously been appointed to serve as a Special Master in FSIA cases in this District. *See* Order Appointing Special Masters, *Cabrera*, Dkt. 129; Memorandum Opinion, *id*., Dkt. 249 (largely adopting Mr. Broom's recommendations); Order, *Peterson*, Dkt. 38.

### F.    Brad Pigott

Brad Pigott currently practices at the Pigott Law Firm, P.A., in Jackson, Mississippi. *See* Ex. 6 at Ex. A. From 1994 until 2001, he served as the United States Attorney for the Southern District of Mississippi. *See id*. He is a graduate of the University of Virginia School of Law. *See id*.

Courts in this District have appointed Mr. Pigott to serve as a Special Master in FSIA cases before. *See* Order Appointing Special Masters, *Cabrera*, Dkt. 129; Memorandum Opinion, *id*., Dkt. 272 (largely adopting Mr. Pigott's recommendations); *Amduso v. Republic of Sudan*, No. 08-cv-1361 (JDB) (D.D.C. Feb. 27, 2012), Dkt. 67.

## II. PROPOSED ADMINISTRATIVE PLAN

Plaintiffs also request that the Court adopt this proposed Administrative Plan, which conforms to the requirements of Rule 53 of Federal Rules of Civil Procedure:

> The appointing order must direct the master to proceed with all reasonable diligence and must state:
> (A) the master's duties, including any investigation or enforcement duties, and any limits on the master's authority under Rule 53(c);
> (B) the circumstances, if any, in which the master may communicate ex parte with the court or a party;
> (C) the nature of the materials to be preserved and filed as the record of the master's activities;
> (D) the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations; and
> (E) the basis, terms, and procedure for fixing the master's compensation under Rule 53(g).

Fed. R. Civ. P. 53(b)(2).

### A. Scope of Appointment

Plaintiffs propose that the Special Masters be empowered to consider all issues related to each Plaintiff proving their entitlement to compensatory damages. *See* 28 U.S.C. § 1605A(e). In doing so, the Special Masters shall be guided by and apply the findings of this Court's Bellwether Opinion. *See* Dkt. 55. This shall include determining whether the Court has subject matter jurisdiction over the claims pursuant to the FSIA's terrorism exception, 28 U.S.C. § 1605A. Plaintiffs must show that their personal injuries or death were "caused by an act of . . . extrajudicial killing . . . or the provision of material support or resources for such an act," and that the support was provided by "an official, employee, or agent of such foreign while acting within the scope of his or her office, employment, or agency." 28 U.S.C. § 1605A(a)(1); *see also* Bellwether Opinion at 89-90. Plaintiffs also must demonstrate that the requirements of § 1605A(a)(2) are met, namely that the defendant foreign state was designated as a state sponsor of terrorism at the time of the attack and at the time the claim was filed, and that the claimant or victim was a United States

6

national, a member of the armed forces, or a U.S. government employee or contractor at the time of the attack. *See id*.

There is also one standing requirement in the FSIA's private right of action beyond the requirements for a sovereign immunity waiver.

Each Plaintiff (rather than the Plaintiff or the victim) must be:

> (1) a national of the United States,
> (2) a member of the armed forces,
> (3) an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or
> (4) the legal representative of a person described in paragraph (1), (2), or (3).

*See* 28 U.S.C. § 1605A(c); *see also* Bellwether Opinion at 98-99.

In addition, family-member Plaintiffs must prove that they are an immediate family member, or the functional equivalent of an immediate family member, of an individual killed or physically injured in an act of terrorism in order to be entitled to solatium damages. *See, e.g.*, *Salazar v. Islamic Republic of Iran*, 370 F. Supp. 2d 105, 115 n.12 (D.D.C. 2005); *Fritz v. Islamic Republic of Iran*, 324 F. Supp. 3d 54, 63 (D.D.C. 2018).

After assessing each of these requirements, and following the Court's Bellwether Opinion, the Special Masters shall "make or recommend findings of fact" regarding whether each Plaintiff has adequately demonstrated his or her entitlement to relief under the asserted cause(s) of action. *See* Fed. R. Civ. P. 53(a)(1)(B). The Special Masters shall then "make or recommend findings of fact" on the scope of each Plaintiff's compensatory damages. *See id*. Damages may include "economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c).[1]

---

[1] Plaintiffs propose that the Court, rather than the Special Masters, separately assess punitive damages in conjunction with its ruling on each Special Master's report and entry of final judgments for the non-Bellwether Plaintiffs.

7

To assess and evaluate Plaintiffs' damages claims and the applicable law, the Special Masters shall be guided by the provisions of 28 U.S.C. § 1605A, this Court's prior decisions, other relevant precedent, and any further orders the Court may enter. Relevant precedents include, but are not limited to: *Force v. Islamic Republic of Iran*, 617 F. Supp. 3d 20 (D.D.C. 2022); *Ewan v. Islamic Republic of Iran*, 466 F. Supp. 3d 236 (D.D.C. 2020); *Barry v. Islamic Republic of Iran*, 410 F. Supp. 3d 161 (D.D.C. 2019); *Fritz v. Islamic Republic of Iran*, 324 F. Supp. 3d 54 (D.D.C. 2018); *Cohen v. Islamic Republic of Iran*, 238 F. Supp. 3d 71, 84 (D.D.C. 2017); *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379 (D.D.C. 2015); *Moradi v. Islamic Republic of Iran*, 77 F. Supp. 3d 57 (D.D.C. 2015); *Owens v. Republic of Sudan*, 71 F. Supp. 3d 252 (D.D.C. 2014); *Oveissi v. Islamic Republic of Iran*, 879 F. Supp. 2d 44 (D.D.C. 2012); *Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204 (D.D.C. 2012); *Oveissi v. Islamic Republic of Iran*, 768 F. Supp. 2d 16 (D.D.C. 2011); *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52 (D.D.C. 2010); *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8 (D.D.C. 2009); *Est. of Heiser v. Islamic Republic of Iran*, 659 F. Supp. 2d 20 (D.D.C. 2009); *Est. of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006); *Jakubowicz v. Islamic Republic of Iran*, No. 18-cv-1450 (RDM), 2023 WL 6907852 (D.D.C. Sept. 1, 2023); *Gration v. Islamic Republic of Iran*, No. 21-cv-1859 (BAH), 2023 WL 5221955 (D.D.C. Aug. 15, 2023); *Cabrera v. Islamic Republic of Iran*, No. 19-cv-3835 (JDB), 2023 WL 3496303 (D.D.C. May 16, 2023); *Taitt v. Islamic Republic of Iran*, No. 20-cv-1557 (RC), 2023 WL 2536518 (D.D.C. Mar. 16, 2023); *Schwartz v. Islamic Republic of Iran*, No. 18-cv-1349 (RDM), 2022 WL 1567358 (D.D.C. May 18, 2022); *Bernhardt v. Islamic Republic of Iran*, No. 18-cv-2739 (TJK), 2023 WL 2598677 (D.D.C. Mar. 22, 2023); *Cabrera v. Islamic Republic of Iran*, No. 19-cv-3835 (JDB), 2022 WL 2817730 (D.D.C. July 19, 2022), *adhered to*, 2023 WL 1975091 (D.D.C. Jan. 27, 2023); *Neiberger v. Islamic Republic of Iran*, No. 16-cv-2193

(EGS-ZMF), 2022 WL 17370239 (D.D.C. Sept. 8, 2022), *report and recommendation adopted*, 2022 WL 17370160 (D.D.C. Sept. 30, 2022); *Blank v. Islamic Republic of Iran*, No. 19-cv-3645 (BAH), 2021 WL 3021450 (D.D.C. July 17, 2021).

Plaintiffs further propose that the Special Masters shall have authority to exercise all powers set forth in Rule 53(c) of the Federal Rules of Civil Procedure. As to the admissibility of evidence, the Special Masters shall liberally construe the Federal Rules of Evidence. Plaintiffs may prove their claims "using evidence that might not be admissible in a trial," because the Court is not required "to step into the shoes of the defaulting party and pursue every possible evidentiary challenge." *Owens v. Republic of Sudan,* 864 F.3d 751, 785 (D.C. Cir. 2017)*, vacated and remanded on other grounds by Opati v. Republic of Sudan*, 140 S. Ct. 1601 (2020). For example, the Special Masters are permitted to receive testimony by sworn declarations. *See* Minute Entry, *Soto v. Islamic Republic of Iran*, No. 15-cv-08410 (N.D. Ill. Nov. 17, 2021), Dkt. 95 (ordering plaintiff to establish citizenship, including by sworn declaration); Report and Recommendation of Special Master Regarding Compensatory Damages at 4, 6-7, 10, 12-14, *Lonquist v. Islamic Republic of Iran*, No. 17-cv-01630 (JDB) (D.D.C. Feb. 11, 2020), Dkt. 38 (considering affidavit of plaintiffs as to eligibility and damages); Report and Recommendation of Special Master Regarding Plaintiff Fanuel Okall Onyandgo's Claims at 2, 3-4, *Chogo v. Republic of the Sudan*, No. 15-cv-00951 (JDB) (D.D.C. Oct. 10, 2019), Dkt. 41 (same). Further, Plaintiffs should not be required to qualify documents as genuine pursuant to Federal Rule of Evidence 901. Instead, Plaintiffs' counsel requests permission to state that a proffered document is genuine and is an accurate copy of what counsel proffers it to be. *See, e.g.*, Order Adopting Administrative Plan Concerning Special Masters at 4, *Cabrera v. Islamic Republic of Iran*, No. 19-cv-3835 (JDB) (D.D.C. Dec. 13, 2022), Dkt. 128 ("*Cabrera* Administrative Plan"); Order Adopting

9

Administrative Plan at 7, *Sheikh v. Republic of the Sudan*, No. 14-cv-2090 (JDB) (D.D.C. Aug. 29, 2019), Dkt. 44 ("*Sheikh* Administrative Plan").

### B.   Communication

Plaintiffs request that the Special Masters be permitted to communicate *ex parte* with the Court or with Plaintiffs' counsel if the Special Master determines that the communication is reasonable and efficient. Similarly, Plaintiffs request permission for Plaintiffs' counsel to communicate *ex parte* with the Special Masters as reasonably necessary to facilitate the carrying out of the Special Masters' duties. *See, e.g.*, *Cabrera* Administrative Plan at 5; *Sheikh* Administrative Plan at 7.

### C.   Materials

Plaintiffs request that the Court authorize Plaintiffs to file documents with the Special Masters under seal. *See* Memorandum Opinion and Order, *Martino*, No. 21-cv-1808 (RDM), Dkt. 39 (granting Plaintiffs leave to file three categories of documents under seal in connection with their Bellwether Motion: "PII Documents," "Victims' Documents," and "Documents Analyzing Sensitive Documents"); *see also Cabrera* Administrative Plan at 5 (authorizing plaintiffs to file documents under seal with Special Masters). Plaintiffs' counsel will preserve for the Court all relevant documentary evidence submitted to the Special Masters.

### D.   Timing, Filing, and Review

The Special Masters shall proceed with reasonable diligence in completing their duties. Fed. R. Civ. P. 53(b)(2). In accordance with the Court's Case Management Order, Plaintiffs will divide the non-bellwether Plaintiffs' claims into two tranches. First, Plaintiffs propose that they divide the Tranche 1 attacks and related Tranche 1 Plaintiffs among the appointed Special Masters and begin making submissions of the relevant materials and evidence to the Special Masters as soon as practicable following entry of the Court's appointment order. Plaintiffs further propose

that each Special Master complete his or her report within 60 days from receiving Plaintiffs' evidentiary submission and brief, or as soon as practicable thereafter. If a Special Master requests additional information, Plaintiffs shall submit the requested information within 15 days of the request. In the event that a particular Tranche 1 Plaintiff is unable to submit their materials to their assigned Special Master within this timeframe, Plaintiffs request permission to seek leave of the Special Master to submit the materials to the Special Master as soon as such materials are able to be submitted. If the Special Master is unable to receive the materials at such time, Plaintiffs will include that Plaintiff's claim with the later Tranche 2 submissions.

Plaintiffs further propose that the Special Masters prepare reports to the Court containing recommended findings of fact and conclusions of law on each claim referred to them. Upon a Special Master's completion of his or her report and recommendation, Plaintiffs will file such report on the docket promptly upon receiving it. If Plaintiffs object to any finding, conclusion, or recommendation of a Special Master, Plaintiffs propose that they be permitted to move to modify it within 30 days of filing the report at issue. The Court shall review the Special Masters' findings, conclusions, and recommendations contained in their reports consistent with Rule 53 of the Federal Rules of Civil Procedure.

Following completion and submission of a Special Master's report for his or her assigned Tranche 1 Plaintiffs, and subject to that Special Master's continued availability, Plaintiffs will make written submissions to that Special Master as to liability and damages for each of his or her assigned Tranche 2 Plaintiffs. The Special Masters will complete their reports and recommendations for the Tranche 2 claims, and Plaintiffs will file such reports, in the same manner as the Tranche 1 reports.

### E. Compensation

Plaintiffs propose that payment of the Special Masters be contingent upon receipt of funding from a fund administered by the Department of Justice ("DOJ") and be disbursed consistent with the procedures set forth by the DOJ's Office for Victims of Crime ("OVC"). *See* 28 U.S.C. § 1605A(e)(2) ("The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984[,] . . . such funds as may be required to cover the costs of special masters[.]").

Plaintiffs propose that the Special Masters be paid $1,300 per day of work under this Administrative Plan. *See* Dkt. 56 at 6. The Special Masters shall also be reimbursed for reasonable expenses incurred in the performance of their duties, upon submitting a voucher indicating such expenses.

Where less than a full work day (i.e., less than eight hours) is expended by the Special master, the voucher shall indicate the portion of the day worked. Where less than a full work day but more than half of a work day (i.e., more than four hours) is expended, the Special Master shall be paid $1,300 for that day. Where half or less of a work day is expended (i.e., four hours or less), the Special Master shall be paid $650 for that day. De minimis time expended on minor tasks on any single day, e.g., placing a single short phone call or drafting an email inquiry, shall not suffice to claim compensation for one-half day. For the avoidance of any doubt, time spent by the Special Master reviewing legal issues relating to damages shall be compensable in accordance with this paragraph.

Additional expenses beyond reasonable meals, lodging, and transportation shall not exceed $350 per day. Only the Special Master that has been appointed by the Court is entitled to compensation for work performed under this Administrative Plan. Work performed on behalf of the Special Master by any legal assistant, associate attorney, or other staff shall not be entitled to

12

compensation under this Administrative Plan, except as reasonable business-related expenses subject to the $350 per day limit. Should any question as to expenses arise that is not already addressed herein, the regulations promulgated by the Internal Revenue Service regarding business expenses shall govern, and, subject to the above limitations, all expenses qualifying as business-related shall be paid.

To support any claim for payment for work performed under this Administrative Plan, the Special Master must submit a detailed voucher that: (1) identifies each date that work was performed; (2) describes with reasonable detail the type of work performed on each date (including which Plaintiffs' reports were worked on); (3) states the total hours worked on each date; (4) states whether the hours worked on each date constitute a full or half day of work; (5) lists the total amount due for that day (i.e., either the half-day or full-day rate); and (6) states the total amount claimed on the voucher. To support any claim for additional business-related expenses, the Special Master must submit a detailed voucher that: (1) identifies the date any business expense was incurred; (2) describes with sufficient detail the type of reasonable business-related expense incurred; and (3) includes receipts and or billing statements substantiating the expense.

Plaintiffs shall submit a motion for payment attaching the relevant vouchers and claims for payment of the Special Masters. Plaintiffs propose that they file motions for payment within 30 days after each Special Master submits his or her Tranche 1 report and within 30 days after each Special Master submits his or her Tranche 2 report.

13

Dated:  October 23, 2024                    Respectfully submitted,

/s/ *Nicholas Reddick*
Nicholas Reddick (D.C. Bar No. 1670683)
Willkie Farr & Gallagher LLP
333 Bush Street
San Francisco, CA 94104
Tel: (415) 858-7400
Fax: (415) 858-7599
NReddick@willkie.com

Michael J. Gottlieb (D.C. Bar No. 974960)
Devin Charles Ringger (D.C. Bar No. 1044160)
Logan Kenney (D.C. Bar No. 90005142)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006-1238
Tel: (202) 303-1000
Fax: (202) 303-2000
MGottlieb@willkie.com
DRingger@willkie.com
LKenney@willkie.com

Ryan R. Sparacino (D.C. Bar No. 493700)
Eli J. Kay-Oliphant (D.C. Bar No. 503235)
Sparacino PLLC
1920 L Street, NW, Suite 535
Washington, D.C. 20036
Tel: (202) 629-3530
ryan.sparacino@sparacinopllc.com

*Counsel for Plaintiffs*

14

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 23rd day of October 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                                                  */s/ Nicholas Reddick*
                                                  Nicholas Reddick