# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MARTINO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>Defendant. | Case No. 1:21-cv-01808-RDM |

**DECLARATION OF PAUL G. GRIFFIN**

I, Paul G. Griffin, being above 18 years of age and competent to make this declaration, hereby declare that:

1. I am an attorney and member of the bars of Maryland and the District of Columbia. I currently serve as the Legal Director of Child Justice, Inc. I have been a practicing attorney for more than twenty five years—including litigating and consulting on over 100 cases involving allegations of domestic violence and child physical and sexual abuse. I received my J.D. from the Georgetown University Law Center. A copy of my *curriculum vitae* is attached as Exhibit A.

2. From 2003 to the present, I have also served as a Special Master for the U.S. District Court for the District of Columbia for several cases, including *Cabrera v. Islamic Republic of Iran*, No. 19-cv-3835 (JDB) (D.D.C.); *Maalouf v. Islamic Republic of Iran*, No. 16-cv-280 (JDB) (D.D.C.); *Salazar v. Islamic Republic of Iran*, No. 16-cv-1507 (JDB) (D.D.C.); *Owens v. Republic of the Sudan*, No. 01-cv-2244 (JDB) (D.D.C.); and *Peterson v. Islamic Republic of Iran*, No. 01-cv-2094 (RCL) (D.D.C.).

1

3. I understand that the Plaintiffs in the above-captioned case propose that the Court appoint me to serve as a Special Master for the purpose of making recommendations regarding the liability and damages claims of one or more groups of non-bellwether Plaintiffs.

4. I submit this declaration in support of Plaintiffs' request that the Court appoint me as a Special Master in the above-captioned case.

5. I have reviewed the complaint in this matter, and I do not have a relationship to any of the parties, attorneys, action, or court officers involved, nor do I have any financial or other interest in this matter that would create a conflict of interest.

6. I further affirm that none of the grounds for disqualification of a judge set forth in 28 U.S.C. § 455 apply to me.

7. I understand that, if appointed, I must proceed with all reasonable diligence and that my duties as Special Master would be limited to my authority under Federal Rule of Civil Procedure 53(a), this Court's Administrative Plan, and any orders issued by this Court. Should the Court appoint me as a Special Master, I agree to abide by the Court's orders in performing my duties, including but not limited to preparing and submitting reports to the Court containing my proposed findings of fact and recommendations on the issues of liability and compensatory damages for each Plaintiff assigned to me.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: 10/17/2024

_Paul G. Griffin_
Paul G. Griffin

# EXHIBIT A

# PAUL G. GRIFFIN

13816 Alderton Road                                                                                              Tel: (301) 254-2745
Silver Spring, MD 20906                                                           Paul.Griffin@Child-Justice.org

**EMPLOYMENT**

**Child Justice, Inc.,** Silver Spring, MD.
*Legal Director* August 2016 – Present; *Board Member* April 2013 – August 2016;
*Pro Bono Attorney* 2001 – August 2016 (including with predecessor, Justice for Children).
> Legal Director of and former *pro bono* attorney for non-profit organization that focuses on domestic violence and child physical and sexual abuse in child-custody cases. Responsibilities include:
> - Successfully litigating and consulting on several hundred legal cases.
> - Advising attorneys who are trying domestic violence or abuse cases.
> - Testifying in front of the Maryland General Assembly concerning family violence.

**United States District Court for the District of Columbia,** Washington, DC.
*Special Master* 2012 – 2023.
> Appointed Special Master in *Owens v. Republic of Sudan,* and follow-up cases, a series of mass-tort actions brought by survivors and family members of personnel injured or killed in the 1998 Al Qaeda bombings of the United States embassies in Nairobi, Kenya and Dar es Salaam, Tanzania. Responsibilities include:
> - Conducting hearings with testimony and evidence from survivors and family members.
> - Determining monetary damages awards.
> - Filing Report and Recommendation with court regarding such determinations.

*Special Master* 2003 – 2012.
> Appointed Special Master in *Peterson v. Islamic Republic of Iran* and follow-up cases, a series of mass-tort actions brought by survivors and family members of service members injured or killed in the October 1983 bombing of the Marine Barracks in Beirut, Lebanon. Responsibilities were the same as above Special Master responsibilities.

**Computer Sciences Corporation, Office of General Counsel, Legal/Contracts**, Rockville, MD.
*Senior Principal Contractors Administrator* 2009 – 2016.
> Contracts Administrator for Fortune 500 Company. Responsibilities included:
> - Negotiating and managing multi-million-dollar government contracts and subcontracts.
> - Overseeing day-to-day contractual issues for more than two-dozen subcontractors with several hundred employees.

**Nixon Peabody LLP,** Washington, DC.
*Litigation Associate* 2007 – 2009.
> Managed and litigated cases in a variety of matters including:
> - Defending and pursuing fraud allegations against publicly held corporate defendants.
> - Litigating Fourteenth Amendment Due Process Claims.
> - Litigating disputes involving multi-million dollar real-estate projects.

**O'Melveny & Myers LLP,** Washington, DC.
*Litigation Counsel* 2001 – 2007.
> Managed and litigated complex class actions and other multi-plaintiff cases.

**Pillsbury, Madison & Sutro** (now Pillsbury Winthrop Shaw Pittman), Washington, DC.
*Litigation Associate* 1999 – 2001.

**Spriggs & Hollingsworth** (now Hollingsworth LLP), Washington, DC.
*Litigation Associate* 1997 – 1999.

**EDUCATION**
**Georgetown University Law Center,** Washington, DC.
Juris Doctor, 1997.
Honors: Awarded *The Washington Law Reporter Prize* by Dean of the Law Center as student who "most contributed to the success of the Student Bar Association," 1997.
*Veterans Law Student Scholarship*, Paralyzed Veterans of America, 1996.

**Johns Hopkins University, Bloomberg School of Public Health,** Baltimore, MD.
Master of Public Health, focus area in Violence and Child and Adolescent Health, 2025 (Expected).
Honors: *Bloomberg Fellow,* full scholarship to earn MPH, focusing on violence. Bloomberg Fellowships are awarded to "future leaders who are making significant contributions to key public health issues within their communities and employment arenas."

**Georgetown University,** Washington, DC.
Bachelor of Arts in Government *magna cum laude*, 1994.
Honors: Dean's List each semester, 1992-1994.
Awarded *Mallory Medal* for Best Essay on United States Constitution, 1994.
Activities: The White House, Intern in Office of Public Liaison, 1993-1994.

**Central Piedmont Community College**, Charlotte, NC.
Associate of Arts, 1992.
Honors: *Harry S. Truman Scholar Finalist*, 1992; *Academic All-American Team* for Community, Technical and Junior Colleges, 1992; *The 1992 Outstanding College Transfer Student*; Fellowship, *Center for the Study of the Presidency*, 1991; President's List each quarter, 1989-1992.
Activities: President, *Phi Lambda* chapter of *Phi Theta Kappa* (Nat. Honor Society), 1991-1992.

**MILITARY SERVICE**
**United States Marine Corps,** 1985-1989.
Presidential Honor Guard, Marine Barracks 8th & I, Washington, DC.
Awarded meritorious citation for excellence in duty and exemplary behavior.
Selected company *Marine of the Month*, September, 1987.
Possessed Secret and White House clearances.
Surveillance and Target Acquisition Platoon, 2nd Bn., 6th Marine Regiment, 2nd Marine Division.
Youngest member of platoon to be promoted to Corporal/Non-Commissioned Officer.
Team Leader responsible for discipline, training, and morale of five subordinate Marines.

**GUBERNATORIAL APPOINTMENTS**
**Workgroup on Child Custody Court Proceedings Involving Child Abuse or Domestic Violence,** Annapolis, MD.
*Workgroup Member,* 2019-2020.
Gubernatorial appointment to study and make recommendations to the Governor and the Maryland General Assembly regarding changes to laws and policies governing child-custody cases involving domestic violence or child abuse.

**NeShante and Chloe Davis Domestic Violence Prevention Task Force,** Annapolis, MD.
*Task Force Member,* 2016-2017.
Gubernatorial appointment to serve as a member of domestic violence task force, whose mission was to study and make recommendations to the Governor and the Maryland General Assembly regarding domestic-violence-prevention strategies and policies.

**AWARDS**

**The Daily Record and Maryland State Bar Association's 2023 *Leaders in Law* Honoree.**
> "Leaders in Law honorees demonstrate outstanding excellence and achievement in the legal profession. They work tirelessly to uphold high legal standards, and they play critical roles serving businesses, clients and individuals."

**The American Professional Society on the Abuse of Children's 2022 Outstanding Frontline Professional Award.**
> "This award recognizes a front-line professional who demonstrates extraordinary dedication and skill in his or her direct care efforts on behalf of children and families."

**PRESENTATIONS**

**Constructive Civil Contempt in Custody and Visitation Cases,** Rockville, MD.
> *Presenter* before the Bar Association of Montgomery County, April 30, 2024.

**When Child Protective Services Gets It Wrong: Countering a Wrongly Decided "Rule Out" of Child Abuse,** Honolulu, HI.
> *Presenter* before the 21st Hawai`i International Summit on Preventing, Assessing and Treating Trauma Across the Lifespan, April 10, 2024.

**Legislative and Policy Issues in Family Court**, National Harbor, Fort Washington, MD.
> *Presenter* before the National Conference to Protect America's Children, June 28, 2023.

**U.S. Family Court Crisis – Revictimization of At-Risk Children**, Fort Washington, MD.
> *Presenter* before the National Conference to Protect America's Children, June 27, 2023.

**Litigating Constructive Civil Contempt Cases in the Post-*Breona C*. World**, Remote.
> *Presenter* before the Maryland State Bar Association Legal Summit Series, June 27, 2023.

**Contesting and Defending a CPS Finding in a Child Custody Case**, Ocean City, MD.
> *Presenter* before the Maryland State Bar Association Legal Summit, June 7, 2023.

**Litigating Constructive Civil Contempt Cases in the Post-*Breona C*. World**, La Plata, MD.
> *Presenter* before the Bar Association of Charles County Family Law Section, March 22, 2023.

**Contesting and Defending a CPS Finding in a Child Custody Case**, Rockville, MD.
> *Presenter* before the Bar Association of Montgomery County Family Law Section, January 19, 2023.

**Trauma Issues Related to Family Law Matters**, Annapolis, MD.
> *Panelist* before the Anne Arundel Bar Association Family Law Committee Dinner Meeting, November 3, 2022.

**Understanding Adverse Childhood Experiences**, Remote.
> *Presenter* before Maryland Office of Public Defender on the long-term effects of Adverse Childhood Experiences (ACEs), May 17, 2021.

**RELEVANT PUBLISHED CASELAW**

*Golan v. Saada*, 142 S. Ct. 1880 (2022) (*amicus curiae*) Landmark case in which the U.S. Supreme Court held that the 2nd Circuit Court of Appeals erred in mandating that district courts consider all ameliorative measures before denying return under the Hague Convention on the Civil Aspects of International Child Abduction due to the grave risk of physical or psychological harm to the child.)

*Burak v. Burak*, 455 Md. 564 (2017) (*amicus curiae*) (Landmark case clarifying and setting the standard by which a third-party may seek custody of a child. This case was of great import in that it now makes it difficult for abusers to sidestep the custody courts by having their relatives intervene in a custody case to remove the child from non-abusing, protective parents.).

*Breona C. v. Rodney D.*, 253 Md. App. 67 (2021) (Holding that a constructive-civil contempt finding must be designed to coerce the contemnor's future compliance with an order rather than to punish the contemnor for past, completed conduct. This case is beneficial to protective parents because it forbids a finding of contempt for prior acts, such as withholding a child while an investigation into child abuse is pending. If the parent is compliant with the court order at the time of the contempt hearing there can be no finding of civil contempt.).

*Kowalczyk v. Bresler*, 231 Md. App. 203 (2015) (Holding that a parent may not use the contempt powers of a court to make custody determinations as punishment for contumacious acts. This case was of great import because abusers have attempted to weaponize the contempt-of-court process and use often trivial violations of court orders to switch custody or curtail the visitation rights of non-abusing, protective parents.).