UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MARTINO, *et al.*,<br><br>      *Plaintiffs*,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>      *Defendant.* | Civil Action No. 21-1808 (RDM) |

## ORDER

Upon consideration of Plaintiffs' Motion to Appoint Special Masters and Adopt Administrative Plan concerning Special Masters for Non-Bellwether Plaintiffs in the above-captioned case, and the entire record herein, the Court hereby **GRANTS** Plaintiffs' Motion and **ORDERS** the following:

1. **Appointment of Special Masters**

It is hereby **ORDERED** that, pursuant to its authority to appoint a Special Master "to hear damage claims brought under" 28 U.S.C. § 1605A(e), and upon consideration of the proposed Special Masters' declarations attached to Plaintiffs' Motion, Deborah E. Greenspan, Stephen A. Saltzburg, Paul G. Griffin, Shelby R. Grubbs, David L. Broom, and Brad Pigott are hereby **APPOINTED** Special Masters for the purpose of making recommendations regarding the liability and damages claims of the non-bellwether Plaintiffs.

It is further **ORDERED** that the following Administrative Plan shall govern further proceedings as to the review of evidence and determination of compensatory damages for the non-bellwether Plaintiffs.

1

2.   **Qualifications**

Each person appointed as a Special Master of this Court under this Administrative Plan shall have not less than five years of experience as a licensed attorney or as a judge of a court of any state, the District of Columbia, or the United States.  Such person shall not be related to any party or counsel appearing in this action, nor have any financial or other interest that would create a conflict of interest.  *See* Fed. R. Civ. P. 53(a)(2), (b)(3).  Plaintiffs have submitted the *curriculum vitae* of the proposed Special Master and a signed declaration disclosing any ground for disqualification under 28 U.S.C. § 455 and agreeing to abide by this Administrative Plan and any orders issued by this Court.

3.   **Scope of Appointment**

The Special Masters shall consider all issues related to each Plaintiff proving their entitlement to compensatory damages.  *See* 28 U.S.C. § 1605A(e).  In doing so, the Special Masters shall be guided by and apply the findings of this Court's Memorandum Opinion and Order granting Plaintiffs' Motion for Default Judgment on behalf of Bellwether Plaintiffs as to liability, Dkt. 55 ("Bellwether Opinion").  This shall include determining whether the Court has subject matter jurisdiction over the claims pursuant to the Foreign Sovereign Immunities Act's ("FSIA") terrorism exception, 28 U.S.C. § 1605A.  Plaintiffs must show that their personal injuries or death were "caused by an act of . . . extrajudicial killing . . . or the provision of material support or resources for such an act," and that the support was provided by "an official, employee, or agent of such foreign while acting within the scope of his or her office, employment, or agency." 28 U.S.C. § 1605A(a)(1); *see also* Bellwether Opinion at 89–90. Plaintiffs also must demonstrate that the requirements of § 1605A(a)(2) are met, namely that the defendant foreign state was designated as a state sponsor of terrorism at the time of the attack

and at the time the claim was filed, and that the claimant or victim was a United States national, a member of the armed forces, or a U.S. government employee or contractor at the time of the attack. *See id.*

There is also one standing requirement in the FSIA's private right of action beyond the requirements for a sovereign immunity waiver.

Each Plaintiff (rather than the Plaintiff or the victim) must be:

> (1)  a national of the United States,
> (2)  a member of the armed forces,
> (3)  an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or
> (4)  the legal representative of a person described in paragraph (1), (2), or (3). 28 U.S.C. § 1605A(c).

28 U.S.C. § 1605A(c); *see also* Bellwether Opinion at 98–99. In addition, family-member Plaintiffs must prove that they are an immediate family member, or the functional equivalent of an immediate family member, of an individual killed or physically injured in an act of terrorism in order to be entitled to solatium damages. *See, e.g.*, *Salazar v. Islamic Republic of Iran*, 370 F. Supp. 2d 105, 115 n.12 (D.D.C. 2005); *Fritz v. Islamic Republic of Iran*, 324 F. Supp. 3d 54, 63 (D.D.C. 2018).

After assessing each of these requirements, and following the Court's Bellwether Opinion, the Special Masters shall "recommend findings of fact" regarding whether each Plaintiff has adequately demonstrated his or her entitlement to relief under the asserted cause(s) of action. *See* Fed. R. Civ. P. 53(a)(1)(B). The Special Masters shall then "make or recommend findings of fact" on the scope of each Plaintiff's compensatory damages. *See id.* Damages may include "economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c). The Special Masters shall not consider punitive damages, as the Court will assess

punitive damages in conjunction with its rulings on the Special Masters' reports and issuance of final judgments.

To assess and evaluate Plaintiffs' damages claims and the applicable law, the Special Masters shall be guided by the provisions of 28 U.S.C. § 1605A, this Court's prior decisions, other relevant precedent, and any further orders the Court may enter.  Relevant precedents include, but are not limited to:  *Force v. Islamic Republic of Iran*, 617 F. Supp. 3d 20 (D.D.C. 2022); *Ewan v. Islamic Republic of Iran*, 466 F. Supp. 3d 236 (D.D.C. 2020); *Barry v. Islamic Republic of Iran*, 410 F. Supp. 3d 161 (D.D.C. 2019); *Fritz v. Islamic Republic of Iran*, 324 F. Supp. 3d 54 (D.D.C. 2018); *Cohen v. Islamic Republic of Iran*, 238 F. Supp. 3d 71, 84 (D.D.C. 2017); *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379 (D.D.C. 2015); *Moradi v. Islamic Republic of Iran*, 77 F. Supp. 3d 57 (D.D.C. 2015); *Owens v. Republic of Sudan*, 71 F. Supp. 3d 252 (D.D.C. 2014); *Oveissi v. Islamic Republic of Iran*, 879 F. Supp. 2d 44 (D.D.C. 2012); *Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204 (D.D.C. 2012); *Oveissi v. Islamic Republic of Iran*, 768 F. Supp. 2d 16 (D.D.C. 2011); *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52 (D.D.C. 2010); *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8 (D.D.C. 2009); *Est. of Heiser v. Islamic Republic of Iran*, 659 F. Supp. 2d 20 (D.D.C. 2009); *Est. of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006); *Jakubowicz v. Islamic Republic of Iran*, No. CV 18-1450 (RDM), 2023 WL 6907852 (D.D.C. Sept. 1, 2023); *Gration v. Islamic Republic of Iran*, No. 21-CV-1859 (BAH), 2023 WL 5221955 (D.D.C. Aug. 15, 2023); *Cabrera v. Islamic Republic of Iran*, No. 19-cv-3835-JDB, 2023 WL 3496303 (D.D.C. May 16, 2023); *Taitt v. Islamic Republic of Iran*, No. CV 20-1557 (RC), 2023 WL 2536518 (D.D.C. Mar. 16, 2023); *Schwartz v. Islamic Republic of Iran*, No. CV 18-1349 (RDM), 2022 WL 1567358 (D.D.C. May 18, 2022); *Bernhardt v. Islamic Republic of Iran*, No. CV 18-2739 (TJK), 2023 WL 2598677

(D.D.C. Mar. 22, 2023); *Cabrera v. Islamic Republic of Iran*, No. CV 18-2065 (JDB), 2022 WL 2817730 (D.D.C. July 19, 2022), *adhered to*, 2023 WL 1975091 (D.D.C. Jan. 27, 2023); *Neiberger v. Islamic Republic of Iran*, No. 16-cv-2193-EGS-ZMF, 2022 WL 17370239 (D.D.C. Sept. 8, 2022), *report and recommendation adopted*, 2022 WL 17370160 (D.D.C. Sept. 30, 2022); *Blank v. Islamic Republic of Iran*, No. 19-3645 (BAH), 2021 WL 3021450 (D.D.C. July 17, 2021).

The Special Masters shall have authority to exercise all powers set forth in Rule 53(c) of the Federal Rules of Civil Procedure. As to the admissibility of evidence, the Special Master shall liberally construe the Federal Rules of Evidence. Plaintiffs may prove their claims "using evidence that might not be admissible in a trial," because the Court is not required "to step into the shoes of the defaulting party and pursue every possible evidentiary challenge." *Owens v. Republic of Sudan,* 864 F.3d 751, 785 (D.C. Cir. 2017)*, vacated and remanded on other grounds by Opati v. Republic of Sudan*, 140 S. Ct. 1601 (2020). The Special Masters may receive testimony by sworn declarations. *See* Minute Entry, *Soto v. Islamic Republic of Iran*, No. 15-cv-08410 (N.D. Ill. Nov. 17, 2021), Dkt. 95 (ordering plaintiff to establish citizenship, including by sworn declaration); Report and Recommendation of Special Master Regarding Compensatory Damages at 4, 6-7, 10, 12-14, *Lonquist v. Islamic Republic of -Iran*, No. 17-cv-01630-JDB (D.D.C. Feb. 11, 2020), Dkt. 38 (considering affidavit of plaintiffs as to eligibility and damages); Report and Recommendation of Special Master Regarding Plaintiff Fanuel Okall Onyandgo's Claims at 2, 3-4, *Chogo v. Republic of the Sudan*, No. 15-cv-00951-JDB (D.D.C. Oct. 10, 2019), Dkt. 41 (same).

4. **Materials**

The Special Master may receive and review evidence in this case. Plaintiffs may file documents with the Special Masters under seal. Plaintiffs' counsel shall preserve for the Court all relevant documentary evidence submitted to the Special Masters.

5. **Timing, Filing, and Review**

The Special Masters shall proceed with reasonable diligence in completing their duties. Fed. R. Civ. P. 53(b)(2). Plaintiffs shall divide the non-bellwether Plaintiffs' claims into two tranches. Plaintiffs shall divide the Tranche 1 attacks and related Tranche 1 Plaintiffs among the appointed Special Masters and begin making submissions of the relevant materials and evidence to the Special Masters as soon as practicable following entry of this order. Each Special Master shall complete his or her report within 60 days from receiving Plaintiffs' evidentiary submission and brief, or as soon as practicable thereafter. If a Special Master requests additional information, Plaintiffs shall submit the requested information within 15 days of the request. In the event that a particular Tranche 1 Plaintiff is unable to submit their materials to their assigned Special Master within this timeframe, Plaintiffs may seek leave of the Special Master to submit the materials to the Special Master as soon as such materials are able to be submitted. If the Special Master is unable to receive the materials at such time, Plaintiffs may include that Plaintiff's claim with the later Tranche 2 submissions.

The Special Masters shall prepare reports to the Court containing recommended findings of fact and conclusions on each claim referred to them. Upon a Special Master's completion of his or her report and recommendation, Plaintiffs shall file such report on the docket promptly upon receiving it. If Plaintiffs object to any finding, conclusion, or recommendation of a Special Master, they must move to modify it within 30 days of filing the report at issue. The Court will

review the Special Masters' findings, conclusions, and recommendations contained in their reports consistent with Rule 53 of the Federal Rules of Civil Procedure.

Following the completion and submission of a Special Master's report for his or her assigned Tranche 1 Plaintiffs, and subject to that Special Master's continued availability, Plaintiffs shall make written submissions to that Special Master as to liability and damages for each of his or her assigned Tranche 2 Plaintiffs. The Special Masters shall complete their reports and recommendations for the Tranche 2 claims, and Plaintiffs shall file such reports, in the same manner as the Tranche 1 reports.

6. **Compensation**

Payment of the Special Master is contingent upon receipt of funding from a fund administered by the Department of Justice ("DOJ") and will be disbursed consistent with the procedures set forth by the DOJ's Office for Victims of Crime ("OVC"). *See* 28 U.S.C. § 1605A(e)(2) ("The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984[,] . . . such funds as may be required to cover the costs of special masters[.]").

The Special Masters shall be paid $1,300 per day of work under this Administrative Plan. The Special Master shall also be reimbursed for reasonable expenses incurred in the performance of her duties. Where less than a full workday (i.e., less than eight hours) but more than half of a workday (i.e., more than four hours) is expended, the Special Master shall be paid $1,300 for that day. Where half or less of a workday is expended (i.e., four hours or less), the Special Master shall be paid $650 for that day. De minimis time expended on minor tasks on any single day, e.g., placing a single short phone call or drafting an email inquiry, shall not suffice to claim compensation for one-half day. For the avoidance of any doubt, time spent by the Special

Master reviewing legal issues relating to damages shall be compensable in accordance with this paragraph.

Additional expenses beyond reasonable meals, lodging, and transportation shall not exceed $350 per day. Only the Special Master that has been appointed by the Court is entitled to compensation for work performed under this Administrative Plan. Work performed on behalf of the Special Master by any legal assistant, associate attorney, or other staff shall not be entitled to compensation under this Administrative Plan, except as reasonable business-related expenses subject to the $350 per day limit. Should any question as to expenses arise that is not already addressed herein, the regulations promulgated by the Internal Revenue Service regarding business expenses shall govern, and, subject to the above limitations, all expenses qualifying as business- related shall be paid.

To support any claim for payment for work performed under this Administrative Plan, the Special Master must submit a detailed voucher that: (1) identifies each date that work was performed; (2) describes with reasonable detail the type of work performed on each date (including which Plaintiffs' reports were worked on); (3) states the total hours worked on each date; (4) states whether the hours worked on each date constitute a full or half day of work; (5) lists the total amount due for that day (i.e., either the half-day or full-day rate); and (6) states the total amount claimed on the voucher. To support any claim for additional business-related expenses, the Special Master must submit a detailed voucher that: (1) identifies the date any business expense was incurred; (2) describes with sufficient detail the type of reasonable business-related expense incurred; and (3) includes receipts and or billing statements substantiating the expense.

Plaintiffs shall submit a motion for payment attaching the relevant vouchers and seeking the Court's order that the Clerk coordinate payment of the Special masters with the DOJ within 30 days after each Special Master submits his or her Tranche 1 report and within 30 days after each Special Master submits his or her Tranche 2 report.

**SO ORDERED.**

/s/ Randolph D. Moss<br>RANDOLPH D. MOSS<br>United States District Judge

Date: October 30, 2024