IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MARTINO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>Defendant. | Case No. 1:21-cv-01808-RDM |

**PLAINTIFFS' MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF BENJAMIN ORTON**

Willkie Farr & Gallagher LLP and Sparacino PLLC ("Counsel"), counsel of record for Plaintiff Benjamin Orton, respectfully request that the Court allow the undersigned Counsel to withdraw from representation of Mr. Orton in this matter. Grounds for withdrawal exist under the District Court for the District of Columbia's Local Civil Rule 83.6(c) and the District of Columbia Bar's Rule of Professional Conduct 1.16. Withdrawal is not sought for any improper purpose, will not cause undue delay, and will not prejudice any party.

I.   **FACTUAL BACKGROUND**

On November 30, 2023, Plaintiffs filed a Motion for Default Judgment against the Islamic Republic of Iran on behalf of 45 Bellwether Plaintiffs covering 25 Bellwether Attacks. *See* ECF Nos. 38, 39, 40, 41. On January 1, 2024, Plaintiffs filed a Motion to Appoint Special Master and Adopt Administrative Plan Concerning Special Master for Additional Bellwether Plaintiffs. ECF No. 44. In that motion, Plaintiffs moved the Court to appoint a special master to evaluate and propose damages awards for 52 additional Plaintiffs associated with the same 25 Bellwether Attacks. ECF No. 44 at 1–2. While the Court considered these motions, Counsel has worked with

Plaintiffs to gather documentation and information to prepare their claims for submission to the special master.  Mr. Orton is among these 52 additional Plaintiffs.  Upon reasonable belief, Counsel has not heard from or successfully reached Mr. Orton since April 28, 2023, inhibiting Counsel's ability to effectively represent Mr. Orton.  Counsel has provided Mr. Orton with written notice of this motion and his rights to obtain different counsel or proceed *pro se* in this action.

II.     LEGAL STANDARD

Generally, counsel may only withdraw an appearance for a party "by order of the Court upon motion by the attorney served upon all parties to the case."  LCvR 83.6.(c).  It is within the court's discretion to grant leave to withdraw.  *Hajjar-Nejad v. George Wash. Univ.*, 802 F. Supp. 2d 166, 179 (D.D.C. 2011).  While "counsel is under an obligation to see the work through to completion when he agrees to undertake the representation of his client," *Laster v. District of Columbia*, 460 F. Supp. 2d 111, 113 (D.D.C. 2006), "[t]hat obligation [ ] is not absolute, and under appropriate circumstances an attorney may seek to withdraw as a party's counsel of record."  *Hajjar-Nejad,* 802 F. Supp. 2d at 179.  A court may grant a motion to withdraw so long as it would not "unduly delay trial of the case, or be unfairly prejudicial to any party," and is in the best interest of justice.  LCvR 83.6(d).

Withdrawal of counsel is also governed by the District of Columbia Bar's Rules of Professional Conduct.  Pursuant to Rule 1.16(b), "a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client."  A lawyer may also withdraw if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation has been filled,"  *see* D.C. RPC 1.16(b)(3); "obdurate or vexatious conduct on the part of the client has rendered the representation unreasonably difficult," *see* D.C.

RPC 1.16(b)(4); or "the lawyer believes in good faith, in a proceeding before a tribunal, that the tribunal will find the existence of other good cause for withdrawal," *see* D.C. RFP 1.16(b)(5). The lawyer must take timely steps to protect a client's interest such as giving reasonable notice to the client and allowing time for the employment of other counsel. D.C. RPC 1.16(d).

### III. ARGUMENT

#### A. Withdrawal is Appropriate Under the Local Civil Rules for the District Court for the District of Columbia

Withdrawal is appropriate under the Local Civil Rules because, although the Court has granted liability as to the Bellwether Attack in which Mr. Orton's father was killed, *see* ECF No. 55 at 83-85, Mr. Orton's damages claim is not yet pending before a special master or the Court, providing him ample time to proceed *pro se* or obtain new counsel to submit his claim at a later date. Therefore, granting Counsel's motion would not cause undue delay. LCvR 83.6(d); *see Bayerische Mortoren Werke AG v. Arigna Tech. Ltd.*, No. 23-1190 (RC), 2024 WL 2864225, at *3 (D.D.C. June 6, 2024) (finding that counsel's withdrawal would not cause undue delay because the case was "in its infancy" with respect to the proceedings that have taken place to date). Nor will withdrawal cause undue prejudice to Mr. Orton. *Id.* While Mr. Orton would need to either proceed *pro se* or "find new counsel," which "may require time, effort, and funding," those are "burdens facing every litigant and do not constitute undue prejudice." *Banneker Ventures, LLC v. Graham*, No. 13-cv-391 (RMC), 2016 WL 1304834, at *3 (D.D.C. Mar. 31, 2016). Further, it is not in the interests of justice to order Counsel to continue representing Mr. Orton when he has not cooperated in this lawsuit. *See Honda Power Equip, Mfg., Inc. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003) (holding that "it is not in the interest of justice to order [defendant's] counsel to continue to represent him when he does not respond to their attempts to contact him").

### B. Withdrawal is Appropriate Under the District of Columbia Rules of Professional Conduct

Under the Professional Rules, Counsel may withdraw because, as discussed, withdrawal can be accomplished without material adverse effect on the interests of the client. *See* D.C. RPF 1.16(b). Mr. Orton has become uncooperative and unresponsive to numerous requests for response to Counsel's communications. *See* D.C. RPC 1.16(b)(3). In addition, Mr. Orton has engaged in "vexatious" conduct that has rendered Counsel's representation of him unreasonably difficult. *See* D.C. RPC 1.16(b)(4). Counsel has reason to believe that Counsel's ability to represent Mr. Orton will continue to be unreasonably difficult due to Mr. Orton's conduct and inability to communicate effectively with Counsel. Counsel is willing to provide further explanation to the Court under seal or *in camera*, should the Court so request. Nevertheless, withdrawal is appropriate under the Professional Rules. *See Motir Services, Inc. v. Ekwuno,* 191 F. Supp. 3d 98, 104 (D.D.C. 2016) (granting counsel's motion to withdraw "due to the Defendants inability to communicate with counsel" and because "Defendant has become uncooperative and unresponsive"); *Perez v. HITT Contracting, Inc.*, No. 22-cv-03156 (TSC), 2023 WL 7322047, at *1 (D.D.C. Nov. 7, 2023) (noting that the court granted counsel's motion to withdraw because counsel "was not receiving the information and cooperation necessary to provide effective representation").

### IV. CONCLUSION

For the foregoing reasons, Counsel respectfully requests that this Motion to Withdraw as counsel of record for Plaintiff Benjamin Orton be granted.

Dated: November 25, 2024                                        Respectfully submitted,

                                                                 /s/ Nicholas Reddick
                                                                 Nicholas Reddick (D.C. Bar No. 1670683)

- 5 -

Willkie Farr & Gallagher LLP
333 Bush Street
San Francisco, CA 94104
Tel: (415) 858-7400
Fax: (415) 858-7599
NReddick@willkie.com

Michael J. Gottlieb (D.C. Bar No. 974960)
Devin C. Ringger (D.C. Bar No. 1044160)
Logan Kenney (D.C. Bar No. 90005142)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
MGottlieb@willkie.com
DRingger@willkie.com
LKenney@willkie.com

Ryan R. Sparacino (D.C. Bar No. 493700)
Eli J. Kay-Oliphant (D.C. Bar No.503235)
Sparacino PLLC
1920 L Street, N.W., Suite 835
Washington, DC 20036
Tel: (202) 629-3530
ryan.sparacino@sparacinopllc.com
eli.kay-oliphant@sparacinopllc.com

*Counsel for Plaintiffs*