IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MARTINO, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>　　　　　　　　Defendant. | Case No. 1:21-cv-01808-RDM |

**PLAINTIFFS' MOTION TO AMEND CAPTION AND SUBSTITUTE PLAINTIFFS**

Plaintiffs Rebekah Myers, Gladys Hall, Leon Johnson Jr., Melody Olson, and Conner Young (previously referenced as minor Plaintiffs R.M., G.H., L.J., M.O., and C.Y.) respectfully request that the Court amend the caption of this case to remove their respective guardians as their next friends and substitute Rebekah Myers, Gladys Hall, Leon Johnson Jr., Melody Olson, and Conner Young as the real parties in interest now that these plaintiffs have reached the age of majority.

**BACKGROUND**

Rebekah Abigail Myers, the daughter of attack victim U.S. Army Specialist Edward Lee Myers, was named as a Plaintiff (notated as "R.M., by and through her next friend Imojean Myers") in Plaintiffs' First Amended Complaint, filed on November 5, 2021. Dkt. 15 at 4, 222. At the time, her mother and legal guardian, Plaintiff Imojean Myers, represented her as her next friend pursuant to Rule 17(c) of the Federal Rules of Civil Procedure because she was a sixteen-year-old minor. Fed. R. Civ. P. 17(c). Rebekah Myers is now nineteen years old and is therefore an adult under the law of Missouri, where she resides. *See* Mo. Rev. Stat. § 431.055 (2024) (establishing eighteen years of age as the age of majority).

Gladys Hall, the daughter of attack victim Lieutenant Colonel William Gregory Hall, was named as a Plaintiff (notated as "G.H., by and through her next friend Xiomara Hall") in the First Amended Complaint. Dkt. 15 at 3, 154. At the time, her mother and legal guardian, Plaintiff Xiomara Hall, represented her as her next friend pursuant to Rule 17(c) of the Federal Rules of Civil Procedure because she was a sixteen-year-old minor. Fed. R. Civ. P. 17(c). Gladys Hall is now nineteen years old and therefore an adult under the law of Washington, where she resides. *See* WASH. REV. CODE § 26.28.010 (2024) (establishing eighteen years of age as the age of majority).

Leon Johnson Jr., the son of attack victim Sergeant Leon Montiel Johnson, was named as a Plaintiff (notated as "L.J., by and through his next friend Shalonda Johnson") in the First Amended Complaint. Dkt. 15 at 2, 174. At the time, his mother and legal guardian, Plaintiff Shalonda Johnson, represented him as his next friend pursuant to Rule 17(c) of the Federal Rules of Civil Procedure because he was a seventeen-year-old minor. Fed. R. Civ. P. 17(c). Leon Johnson Jr. is now twenty years old and therefore an adult under the law of Texas, where he resides. *See* TEX. CODE ANN. § 129.001 (2023) (establishing eighteen years of age as the age of majority).

Melody Olson, the daughter of attack victim Corporal Nicholas Paul Olson, was named as a Plaintiff (notated as "M.O., by and through her next friend Kevin Harrington") in the First Amended Complaint. Dkt. 15 at 5, 224. At the time, her legal guardian, Kevin Harrington, represented her as her next friend pursuant to Rule 17(c) of the Federal Rules of Civil Procedure because she was a fifteen-year-old minor. Fed. R. Civ. P. 17(c). Melody Olson is now eighteen years old and therefore an adult under the law of Idaho, where she resides. *See* IDAHO CODE § 32-101 (2024) (establishing eighteen years of age as the age of majority).

Conner Young, the son of attack victim Lance Corporal Jeffrey Davis Walker, was named as a Plaintiff (notated as "C.Y., by and through his next friend Dana Young") in the First Amended Complaint. Dkt. 15 at 6, 289. At the time, his mother and legal guardian, Dana Young, represented him as his next friend pursuant to Rule 17(c) of the Federal Rules of Civil Procedure because he was a fourteen-year-old minor. Fed. R. Civ. P. 17(c). Conner Young is now eighteen years old and therefore an adult under the law of Georgia, where he resides. *See* GA. CODE ANN. § 39-1-1 (2021) (establishing eighteen years of age as the age of majority).

## ARGUMENT

**I.     Removal of Imojean Myers, Xiomara Hall, Shalonda Johnson, Kevin Harrington, and Dana Young as Next Friends of R.M., G.H., L.J., M.O., and C.Y., Respectively, and Substitution of Rebekah Myers, Gladys Hall, Leon Johnson Jr., Melody Olson, and Conner Young is Proper Under Federal Rules of Civil Procedure 15, 17, and 25.**

When the First Amended Complaint was filed, it was necessary for Rebekah Myers, Gladys Hall, Leon Johnson Jr., Melody Olson, and Conner Young to sue through their respective guardians as their next friends. *See* Fed. R. Civ. P. 17(c)(1)(A). Because Ms. Myers, Ms. Hall, Mr. Johnson, Ms. Olson, and Mr. Young are no longer minors, their next friends should be removed, they should be substituted as the real parties in interest, and the case caption should be amended accordingly.

Federal Rule of Civil Procedure 17 provides that the real party in interest may be "substituted into the action," at which point "the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). *See, e.g., Brooks v. District of Columbia*, 841 F. Supp. 2d 253, 261 (D.D.C. 2012) (granting motion to substitute child as plaintiff and real party in interest upon reaching the age of majority pursuant to Rule 17(a)(3)). Substitution of a plaintiff who has reached the age of majority for his or her next friend is also authorized under Rules 15 and 25. *See, e.g., Walker v. Evans*, No. 10-12596, 2011 WL 3583248, at *1 (E.D. Mich.

Aug. 15, 2011) ("Although Federal Rule of Civil Procedure 25 does not explicitly contemplate [substituting minors for their next friends], the court sees no reason why substitution would not be appropriate, under either that Rule or under Rule 15 permitting amendments to the complaint, when minor parties reach the age of majority."); *Richard v. MWW Transport, Inc.*, No. 1:20-cv-01151-SDG, 2021 WL 9385878, at *2 (N.D. Ga. Aug. 13, 2021) (granting plaintiffs' motion to amend the complaint pursuant to Rule 15 and finding it appropriate to substitute a plaintiff who "has reached the age of majority and can now represent her own legal interests"); *Z.C. v. Wal-Mart Stores, Inc.*, 574 F. App'x 52, 54 (2d Cir. 2014) (directing a plaintiff who had reached the age of majority to file a motion of substitution pursuant to Rule 25 of the Federal Rules of Civil Procedure).

    Accordingly, courts allow, as a matter of course, substitution of formerly minor plaintiffs in place of their next friends. *See, e.g.*, Min. Order Granting Mot. to Substitute Party, *Zambon v. Islamic Republic of Iran*, 1:18-cv-02065-JDB (Apr. 17, 2024) (granting motion to remove parent as next friend and amending docket to reflect child as plaintiff); Min. Order Granting Mot. to Substitute Party, *Heaton v. Islamic Republic of Iran*, 1:19-cv-03003-JMC (June 8, 2023) (same); Min. Order Granting Mot. to Substitute Party, *Colvin v. Syrian Arab Republic*, 1:16-cv-01423-ABJ (Mar. 27, 2018) (same).  Notably, this Court previously approved the substitution of formerly minor plaintiffs in place of their next friends as a matter of course.  *See* Min. Order Granting Mot. to Amend Caption and Substitute Plaintiffs, *Martino v. Islamic Republic of Iran*, 1:21-cv-01808-RDM (July 7, 2024) (granting motion to remove next friends and amending docket to reflect formerly minor children as plaintiffs).  That same approach is warranted here.

**II.    Substitution of Rebekah Myers, Gladys Hall, Leon Johnson Jr., Melody Olson, and Conner Young Does Not Require Serving an Amended Complaint Under the Foreign Sovereign Immunities Act.**

Granting this Motion would not require Plaintiffs to effect service on Iran again. Although a foreign state sued in the United States is entitled to be served with the initial complaint and summons, it largely forgoes the right to receive service of further filings if it fails to appear and defaults, as Iran did here. Dkt. 29, Clerk's Entry of Default as to Islamic Republic of Iran; *see Dammarell v. Islamic Republic of Iran*, 370 F. Supp. 2d 218, 223-25 (D.D.C. 2005); *see also* 28 U.S.C. § 1608 (requiring service of the initial complaint and summons, and of any eventual default judgment, but not of any intermediary filings); Fed. R. Civ. P. 5(a)(2) (waiving service requirements for most pleadings after the original complaint, discovery papers, motions, and other documents for "a party who is in default for failing to appear").

While courts have acknowledged "the possibility that additions to a complaint could be so substantial that the amended complaint must be served on a foreign state under section 1608 even though the foreign state is not being added to the complaint for the first time," *Dammarell*, 370 F. Supp. 2d at 225, those *substantial* changes are not present here. *See* Fed. R. Civ. P. 5(a)(2) (requiring that even a defaulting defendant be served with any "pleading that asserts a new claim for relief against" them). Indeed, amendments to a complaint that "do[] not add any claims but instead clarif[y] existing claims," as here, do not trigger a renewed service obligation. *Maalouf v. Islamic Republic of Iran*, 514 F. Supp. 3d 280, 286 (D.D.C. 2021) (quoting *Dammarell*, 370 F. Supp. 2d at 224); *see also* Min. Order Granting Mot. to Substitute Party, *Zambon*, 1:18-cv-02065-JDB (Apr. 17, 2024) (removing parent as next friend and amending docket to reflect child as plaintiff without requiring renewed service on Iran).

This Court has previously recognized implicitly that substituting a minor who has reached the age of majority as a plaintiff does not amount to a change "so substantial" that service on Iran

5

might be required. *See* Min. Order Granting Mot. to Amend Caption and Substitute Plaintiffs, *Martino*, 1:21-cv-01808-RDM (July 7, 2024). The substitution amounts to nothing more than ensuring that Rebekah Myers, Gladys Hall, Leon Johnson Jr., Melody Olson, and Conner Young are properly addressed on the docket, since they were "always the real part[ies] in interest." *See Wilson v. Webb*, 2000 WL 1359624, at *10 (6th Cir. Sept. 13, 2000); *accord Crowder v. Gordons Transports, Inc.*, 387 F.2d 413, 418-19 (8th Cir. 1967). At least one court in this district has *sua sponte* substituted a plaintiff who had reached the age of majority, without requiring notice be given to the foreign sovereign. *See Ben-Rafael v. Islamic Republic of Iran*, 540 F. Supp. 2d 39, 49 (D.D.C. 2008).

## CONCLUSION

Rebekah Myers, Gladys Hall, Leon Johnson Jr., Melody Olson, and Conner Young respectfully request that the Court substitute their names for their respective initials and guardians as next friends, and amend the caption to list Rebekah Myers, Gladys Hall, Leon Johnson Jr., Melody Olson, and Conner Young as Plaintiffs in their own right.

Dated:  December 30, 2024

Respectfully submitted,

*/s/ Nicholas Reddick*
Nicholas Reddick (D.C. Bar No. 1670683)
Willkie Farr & Gallagher LLP
333 Bush Street
San Francisco, CA 94104
Tel: (415) 858-7400
Fax: (415) 858-7599
NReddick@willkie.com

Michael J. Gottlieb (D.C. Bar No. 974960)
Devin Charles Ringger (D.C. Bar No. 1044160)
Logan R. Kenney (D.C. Bar No. 90005142)
Willkie Farr & Gallagher LLP
1875 K Street, NW
Washington, DC 20006-1238
Tel: (202) 303-1000
Fax: (202) 303-2000
MGottlieb@willkie.com
DRingger@willkie.com
LKenney@willkie.com

Ryan R. Sparacino (D.C. Bar No. 493700)
Sparacino PLLC
1920 L Street, NW, Suite 535
Washington, DC 20036
Tel: (202) 629-3530
ryan.sparacino@sparacinopllc.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 30th day of December 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

                                      */s/ Nicholas Reddick*
                                      Nicholas Reddick