## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROBERT MARTINO, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, <br><br> Defendant. | Case No. 1:21-cv-01808-RDM |

## PLAINTIFFS' MOTION TO AMEND CAPTION

Plaintiff Conner Walker (previously referenced as Conner Young) respectfully requests that the Court amend the caption of this case to reflect his correct legal name.

## BACKGROUND

Conner Walker, the son of attack victim Lance Corporal Jeffrey Davis Walker, was named as a Plaintiff (notated as "C.Y., by and through his next friend Dana Young") in the First Amended Complaint. Dkt. 15 ¶ 1943. Upon consideration of Plaintiffs' Motion to Amend Caption and Substitute Plaintiffs, the Court ordered that Conner Young shall be substituted as the real party in interest for Dana Young as parent and next friend of C.Y. Min. Order Granting Mot. to Amend Caption and Substitute Plaintiffs, *Martino*, 1:21-cv-01808-RDM (December 30, 2024). Since then, it has come to Plaintiffs' attention that Conner's correct legal name is Conner Walker.

## ARGUMENT

### I.    Correcting Conner Walker's Name is Proper Under Federal Rule of Civil Procedure 15.

Federal Rule of Civil Procedure 15 allows a party to amend its pleading with the court's leave, providing that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]t is an abuse of discretion to deny leave to amend unless there is sufficient reason,

such as 'undue delay, bad faith or dilatory motive ... repeated failure to cure deficiencies by previous amendments ... or futility of amendment.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (cleaned up); *see, e.g.*, *Ray v. Chafetz*, 236 F. Supp. 3d 66, 70 (D.D.C. 2017) (granting petitioner's Motion to Amend Caption because "justice so requires"); *Ventura v. BEBO Foods, Inc.*, 595 F. Supp. 2d 77, 80 (D.D.C. 2009) (granting plaintiffs' motion to provide an "opportunity to amend the complaint caption to correct what is essentially a misnomer of identified defendants").

Granting this Motion is proper because none of the factors outlined under *Foman* and *Firestone* are present. *See Foman*, 371 U.S. at 182; *Firestone*, 76 F.3d at 1208. The First Amended Complaint detailed Conner Walker's familial relationship to attack victim Lance Corporal Jeffrey Davis Walker. *See* Dkt. 15 at 289. Correcting Plaintiff's name from Conner Young to Conner Walker amounts to nothing more than ensuring that Conner Walker is properly addressed on the docket; it does not add new plaintiffs or raise any new legal theories that require the gathering and analysis of additional facts. *See Foman*, 371 U.S. at 182; *Firestone*, 76 F.3d at 1208; *Ventura*, 595 F. Supp. 2d at 80. The proposed amendment does not unduly delay the proceeding or unduly prejudice Iran, and the Court should freely give leave to amend the complaint. *See Foman*, 371 U.S. at 182; *Firestone*, 76 F.3d at 1208; *Ray*, 236 F. Supp. 3d at 70; *Ventura*, 595 F. Supp. 2d at 80.

## II.     Correcting Conner Walker's Name Does Not Require Serving an Amended Complaint Under the Foreign Sovereign Immunities Act.

Granting this Motion would not require Plaintiff to effect service on Iran again. Although a foreign state sued in the United States is entitled to be served with the initial complaint and summons, it largely forgoes the right to receive service of further filings if it fails to appear and defaults, as Iran did here. Dkt. 29, Clerk's Entry of Default as to Islamic Republic of Iran; *see*

*Dammarell v. Islamic Republic of Iran*, 370 F. Supp. 2d 218, 223-25 (D.D.C. 2005); *see also* 28 U.S.C. § 1608 (requiring service of the initial complaint and summons, and of any eventual default judgment, but not of any intermediary filings); Fed. R. Civ. P. 5(a)(2) (waiving service requirements for most pleadings after the original complaint, discovery papers, motions, and other documents for "a party who is in default for failing to appear").

While courts have acknowledged "the possibility that additions to a complaint could be so substantial that the amended complaint must be served on a foreign state under section 1608 even though the foreign state is not being added to the complaint for the first time," *Dammarell*, 370 F. Supp. 2d at 225, those *substantial* changes are not present here.  *See* Fed. R. Civ. P. 5(a)(2) (requiring that even a defaulting defendant be served with any "pleading that asserts a new claim for relief against" them).  Indeed, amendments to a complaint that "do[] not add any claims but instead clarif[y] existing claims," as here, do not trigger a renewed service obligation.  *Maalouf v. Islamic Republic of Iran*, 514 F. Supp. 3d 280, 286 (D.D.C. 2021) (quoting *Dammarell*, 370 F. Supp. 2d at 224); *see also* Min. Order Granting Mot. to Substitute Party, *Zambon*, 1:18-cv-02065-JDB (Apr. 17, 2024) (removing parent as next friend and amending docket to reflect child as plaintiff without requiring renewed service on Iran).

This Court has twice implicitly recognized that substituting a minor's initials who has reached the age of majority with their full name does not amount to a change "so substantial" that service on Iran might be required.  *See e.g.,* Min. Order Granting Mot. to Amend Caption and Substitute Plaintiffs, *Martino*, 1:21-cv-01808-RDM (July 7, 2024); Min. Order Granting Mot. To Amend Caption and Substitute Plaintiffs, *Martino*, 1:21-cv-01808-RDM (December 30, 2024).  In addition, at least one court in this district has *sua sponte* substituted a plaintiff who had reached the age of majority, without requiring notice be given to the foreign sovereign.  *See Ben-Rafael v.*

*Islamic Republic of Iran*, 540 F. Supp. 2d 39, 49 (D.D.C. 2008).  Similarly, correcting Plaintiff's name from Conner Young to Conner Walker amounts to nothing more than ensuring that Conner Walker is properly addressed on the docket, and is thus equally unsubstantial as substituting a minor's initials with their full name.  *See id.*  Moreover, the First Amended Complaint detailed Conner Walker's familial relationship to attack victim Lance Corporal Jeffrey Davis Walker.  *See* Dkt. 15 at 289.  Thus, Defendant had sufficient notice of Conner Walker's claims regardless of whether he was referred to as C.Y., Conner Young, or Conner Walker.  *See Maalouf*, 514 F. Supp. 3d at 286; *Ben-Rafael*, 540 F. Supp. 2d at 49.

## CONCLUSION

Plaintiff Conner Walker, previously referenced as Conner Young, respectfully requests that the Court amend the caption of this case to reflect his correct legal name and confirm that serving Iran with the corrected version of the First Amended Complaint is not required.

Dated:  February 26, 2025                Respectfully submitted,

                                         */s/ Nicholas Reddick*
                                         Nicholas Reddick (D.C. Bar No. 1670683)
                                         Willkie Farr & Gallagher LLP
                                         333 Bush Street
                                         San Francisco, CA 94104
                                         Tel: (415) 858-7400
                                         Fax: (415) 858-7599
                                         NReddick@willkie.com

                                         Michael J. Gottlieb (D.C. Bar No. 974960)
                                         Devin Charles Ringger (D.C. Bar No. 1044160)
                                         Logan R. Kenney (D.C. Bar No. 90005142)
                                         Willkie Farr & Gallagher LLP
                                         1875 K Street, NW
                                         Washington, DC 20006-1238
                                         Tel: (202) 303-1000
                                         Fax: (202) 303-2000
                                         MGottlieb@willkie.com
                                         DRingger@willkie.com
                                         LKenney@willkie.com

                                         Ryan R. Sparacino (D.C. Bar No. 493700)
                                         Sparacino PLLC
                                         1920 L Street, NW, Suite 535
                                         Washington, DC 20036
                                         Tel: (202) 629-3530
                                         ryan.sparacino@sparacinopllc.com

                                         *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of February 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

_/s/   Nicholas Reddick_____
Nicholas Reddick