## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MARTINO, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, <br><br> Defendant. | Case No. 1:21-cv-01808-RDM |

### PLAINTIFFS' MOTION TO SUBSTITUTE PARTIES

This action was initiated on July 7, 2021, by Plaintiffs against the Islamic Republic of Iran ("Iran") seeking damages for wrongful death, personal injury, and related torts pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A ("FSIA"). Dkt. 1. On November 5, 2021, Plaintiffs filed their First Amended Complaint, which is the operative complaint for the purposes of this Motion. Dkt. 15. The First Amended Complaint added several hundred Plaintiffs, including summaries of their respective claims. *Id.*

Following the filing of the First Amended Complaint, service was effected on Iran on July 11, 2022. Dkt. 26. After Iran failed to answer or otherwise respond to Plaintiffs' claims within 60 days, on September 12, 2022, Plaintiffs sought an entry of default judgment against Iran pursuant to 28 U.S.C. § 1608(d) and Federal Rule of Civil Procedure 55. Dkt. 27. On September 15, 2022, the Clerk of the Court provided an entry of default as to Iran. Dkt. 29. Plaintiffs filed a Motion for Default Judgement on Behalf of Bellwether Plaintiffs on November 30, 2023, which the Court granted as to Iran's liability for 25 bellwether attacks on September 30, 2024. Dkt. 55.

Several named plaintiffs have since died. *See* Dkt. 61. On November 1, 2024, the Court approved the substitution of two estates as proper parties in this case as a matter of course. *See*

Min. Order Granting Mot. to Substitute Party, *Martino v. Islamic Republic of Iran*, 1:21-cv-01808-RDM (Nov. 1, 2024). Plaintiffs now seek to substitute three additional estates as proper parties. Plaintiff Barbara Saba died on December 19, 2021,[1] Plaintiff Nathan Strong died on January 6, 2024,[2] and Plaintiff Alfred Paliwoda died on September 11, 2024.[3] Pursuant to Federal Rule of Civil Procedure 25, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). Any party, or the decedent's successor or representative, may make a motion for substitution. *Id.* The motion must be made within 90 days of service of a statement noting the death or the action will be dismissed. *Id.* Plaintiffs have filed suggestions of death as to the deceased plaintiffs concurrently herewith and now timely move to substitute Anthony Saba Sr., as personal representative of Barbara Saba's estate, for Plaintiff Barbara Saba; Victoria Murano Strong, as personal representative of Nathan Strong's estate, for Plaintiff Nathan Strong; and Mary Paliwoda, as personal representative of Alfred Paliwoda's estate, for Plaintiff Alfred Paliwoda. *See* Order of Formal Adjudication of Intestacy and Appointment of Pers. Representative, *In re Est. of Barbara C. Saba*, Case No. CV01-24-18920 (Idaho 4th Jud. Dist. Magis. Div. Ada Jan. 9, 2025), attached hereto as Exhibit 1; Certificate of Appointment of Fiduciary, *In re Est. of Nathan Strong*, Case No. 25-PR-00869 (Vt. Sup. Ct. Orleans Feb. 13, 2025), attached hereto as Exhibit 2; Decree Granting Admin. or Prob. of Will, *In re Est. of Alfred H Paliwoda*, Case No. 24-00584 (Conn. Ct. Prob. Simsbury Nov. 25, 2024), attached hereto as Exhibit 3.

---

[1] *See Barbara Saba Obituary*, LEGACY, https://www.legacy.com/us/obituaries/idahostatesman/name/barbara-saba-obituary?id=33685635.
[2] *See Pastor Nathan Strong Obituary*, THE CURTIS-BRITCH & BOUFFARD FUNERAL HOMES, https://www.curtis-britch.com/obituary/pastor-nathan-strong.
[3] *See Alfred H. Paliwoda Obituary*, LEGACY, https://www.legacy.com/us/obituaries/name/alfred-paliwoda-obituary?id=56298469.

# I.      Plaintiffs' Claims Against Iran Survive Their Deaths.

Claims under the FSIA's private right of action in 28 U.S.C. § 1605A(c) are not extinguished by death.  Section 1605A(c)(4) specifically provides a private right of action for the "legal representative" of an individual who could otherwise bring a claim.  Courts in this District thus recognize claims by the legal representative of an estate under 28 U.S.C. § 1605A.  *See, e.g.*, *Doe v. Democratic People's Republic of Korea Ministry of Foreign Affs. Jungsong-Dong*, 414 F. Supp. 3d 109, 125 (D.D.C. 2019) ("An estate of a plaintiff who would have had standing to sue is 'expressly covered by, and entitled to bring claims under, Section 1605A(c).'"); *Est. of Fouty v. Syrian Arab Republic*, No. 18-cv-385, 2024 WL 3443591, at *23 (D.D.C. July 17, 2024) ("Both estate plaintiffs have a federal cause of action under § 1605A(c) because the decedents would have had a federal cause of action in their own right as United States nationals and members of the United States armed forces."); *Mark v. Islamic Republic of Iran*, 626 F. Supp. 3d 16, 33 n.3 (D.D.C. 2022); *Braun v. Islamic Republic of Iran*, 228 F. Supp. 3d at 78–79 (D.D.C. 2017).[4]

---

[4] In some cases, courts have found that standing for estates under the FSIA rest on state, not federal, law.  *See Worley v. Islamic Republic of Iran*, 75 F. Supp. 3d 311, 333 (D.D.C. 2014); *Taylor v. Islamic Republic of Iran*, 811 F. Supp. 2d 1, 12-13 (D.D.C. 2011).  Even under state law, the personal representatives for the estates of Nathan Strong and Alfred Paliwoda, which are established in Vermont and Connecticut respectively, would have standing.  *See* VT. STAT. ANN. Tit. 14, § 1452 (2024) ("In an action for the recovery of damages for a bodily hurt or injury, occasioned to the plaintiff by the act or default of the defendant or defendants, if either party dies during the pendency of the action, the action shall survive and may be prosecuted to final judgment by or against the executors or administrators of the deceased party."); *Clymer v. Webster*, 596 A.2d 905, 910 n.4 (Vt. 1991); *see also* CONN. GEN. STAT. § 52-599 (2024) ("A cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person."); *Foisie v. Foisie*, 239 A.3d 1198, 1203 (Conn. 2020).

While Plaintiffs believe the Court should follow the numerous cases in this District holding that estates have standing to maintain claims under the FSIA's private right of action, if the Court holds that the standing of an estate's personal representative rests on state law, Ms. Saba's estate would likely not have standing for her claim for solatium damages.  Under Idaho law, where her estate resides, an estate may pursue a tort claim on behalf of a deceased individual only when "damages that may be recovered in such action are expressly limited to those for: (i) medical expenses

## II.    Plaintiffs' Motion For Substitution Is Timely.

Because Barbara Saba's, Nathan Strong's, and Alfred Paliwoda's claims against Iran survive their respective deaths, Plaintiffs may move to substitute a "proper party" for each of these deceased individuals as long as such a motion is made within 90 days of a suggestion of death being made on the record. Fed. R. Civ. P. 25(a)(1). Plaintiffs filed the suggestions of death on the same day as this motion. Therefore, this Motion to Substitute is timely. *See Maxwell*, 2024 WL 1342775, at *8 (finding a motion to substitute timely when filed on the same day as a suggestion of death); *see also* Min. Order Granting Mot. to Substitute Party, *Martino*, 1:21-cv-01808-RDM (Nov. 1, 2024); *McSurely v. McClellan*, 753 F.2d 88, 98 (D.C. Cir. 1985) (finding Rule 25(a)(1)'s ninety-day time period only begins to run after a suggestion of death is filed).

## III.   Personal Representatives of Estates Are Proper Parties To Substitute For Deceased Plaintiffs.

Lastly, the Court must determine if the non-party to be substituted is a "proper party." Fed. R. Civ. P. 25(a)(1). A proper party for substitution upon the death of a party is either a representative of the decedent's estate or the successor of the deceased. *Id.*

Because Anthony Saba Sr. was appointed personal representative of the estate of Barbara Saba, Victoria Murano Strong was appointed personal representative of the estate of Nathan Strong, and Mary Paliwoda was appointed personal representative of the estate of Alfred Paliwoda, they are proper parties under Rule 25. *See id.*; *see also* Exs. 1-3.

## IV.   Conclusion

---

actually incurred, (ii) other out-of-pocket expenses actually incurred, and (iii) loss of earnings actually suffered, prior to the death of such injured person and as a result of the wrongful act or negligence." IDAHO CODE § 5-327(2) (2010). Otherwise, tort claims "abate upon the death of the injured person." *Id.*; *see also Est. of Bergman v. E. Idaho Health Servs., Inc.*, No. 4:13-cv-00202, 2015 WL 506566, at *2 (D. Idaho Feb. 6, 2015) (noting that Idaho law prohibits recovering damages for a now-deceased plaintiff's pain and suffering).

For the foregoing reasons, Plaintiffs respectfully request that this Motion be granted and the attached Order be entered, thereby substituting Anthony Saba Sr., as personal representative of the estate of Barbara Saba, for Plaintiff Barbara Saba; Victoria Murano Strong, as personal representative of the estate of Nathan Strong, for Plaintiff Nathan Strong; and Mary Paliwoda, as personal representative of the estate of Alfred Paliwoda, for Plaintiff Alfred Paliwoda.

Dated:  March 4, 2025                          Respectfully submitted,

_/s/ Nicholas Reddick_
Nicholas Reddick (D.C. Bar No. 1670683)
Willkie Farr & Gallagher LLP
333 Bush St.
San Francisco, CA 94104
Tel: (415) 858-7400
Fax: (415) 858-7599
NReddick@willkie.com

Michael J. Gottlieb (D.C. Bar No. 974960)
Devin Charles Ringger (D.C. Bar No. 1044160)
Logan R. Kenney (D.C. Bar No. 90005142)
Willkie Farr & Gallagher LLP
1875 K Street, NW
Washington, DC 20006-1238
Tel: (202) 303-1000
Fax: (202) 303-2000
MGottlieb@willkie.com
DRingger@willkie.com
LKenney@willkie.com

Ryan R. Sparacino (D.C. Bar No. 493700)
Eli J. Kay-Oliphant (D.C. Bar No. 503235)
Sparacino PLLC
1920 L Street, NW, Suite 535
Washington, DC 20036
Tel: (202) 629-3530
ryan.sparacino@sparacinopllc.com
eli.kay-oliphant@sparacinopllc.com

_Counsel for Plaintiffs_

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of March 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

/s/  Nicholas Reddick
Nicholas Reddick