**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROBERT MARTINO, *et al.*, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 21-1808 (RDM) |
| v. | ) | |
| | ) | **UNDER SEAL** |
| ISLAMIC REPUBLIC OF IRAN, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF THE**
**SPECIAL MASTER REGARDING COMPENSATORY DAMAGES**
**FOR THE ADDITIONAL BELLWETHER PLAINTIFFS**

This case arises from over 200 terrorist attacks perpetrated against United States servicemembers and civilians serving in Iraq between 2003 and 2010. The Plaintiffs are the victims of the attacks and their family members. The Defendant is the Islamic Republic of Iran ("Iran"). Plaintiffs allege that Iran caused their injuries by providing material support to a Sunni terrorist coalition led by al-Qaeda and its two main affiliates in Iraq, the Zarqawi organization, also known as al-Qaeda in Iraq ("AQI"), and Ansar al-Islam ("AAI"). Plaintiffs seek compensatory and punitive damages under the state sponsor of terrorism exception to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A. Iran has not answered or otherwise appeared in this action. The Clerk of the Court entered default against Iran. Dkt. 29.

The Court – pursuant to a Case Management Order – has addressed the issues of liability, personal jurisdiction, and elements of subject matter jurisdiction for 25 of the attacks addressed in the Complaint for 45 bellwether plaintiffs. *See* Minute Order (Aug. 16, 2023) ("Liability Opinion"). The Court has assigned to the undersigned the responsibility for analyzing and recommending compensatory damages for 52 Additional Bellwether Plaintiffs. Dkt. 56

("Appointment Order").  (This Report addresses 49 of the 52 designated as Additional Bellwether Plaintiffs.  Despite significant effort, counsel has not been able to obtain the necessary documentation for the additional 3 plaintiffs at this time.) The Court has instructed that the undersigned consider all issues related to the determination of entitlement to compensatory damages.  *Id*. at 2.  Specifically, I am instructed to assess each Additional Bellwether Plaintiff's standing and to make findings and conclusions regarding the appropriate measure of compensatory damages based on applicable precedent, this Court's prior decisions, and further orders of the Court.  *Id*. at 2-5.

The Additional Bellwether Plaintiffs are family members of individual direct victims involved in one of the 25 attacks addressed by the Court the Liability Opinion. Each of the Additional Bellwether Plaintiffs has provided declaration testimony and other documentary evidence in support of their claims for compensatory damages.  Plaintiffs have requested that the documents supporting the claims of the Additional Bellwether Plaintiffs be sealed – as they contain personally identifiable information and victim statements.  Accordingly, because this Report and Recommendation contains excerpts from those documents, it is submitted with a motion requesting that it be filed under seal.

## BRIEF BACKGROUND

Section 1605A(c) of the FSIA creates a private right of action for money damages for United States nationals, members of the U.S. armed forces, and United States government employees or contractors (acting within the scope of their employment) who are injured or killed by terrorist acts carried out by officials, employees, or agents of a foreign state that is designated as a state sponsor of terrorism.  *See* 28 U.S.C. § 1605A(c). Family members of those injured or killed in such terrorist acts may also seek money damages for their own injuries. Qualified

plaintiffs may seek compensatory damages including economic damages, solatium damages, and pain and suffering damages.[1]

The determination of the appropriate sum of compensatory damages depends on the specific facts and circumstances of each claim and the evidence submitted in support of the claim. In evaluating the compensatory damages, as explained more fully below, I am to follow the statutory guidance and the guidance in this Court's prior decisions in other cases brought under Section 1605A as well as orders entered in this case. Appointment Order at 3-5.

The administrative plan outlined in the Court's order of appointment specifies the evidentiary standards I am to apply in evaluating each claim:

> As to the admissibility of evidence, the Special Master shall liberally construe the Federal Rules of Evidence. Plaintiffs may prove their claims "using evidence that might not be admissible in a trial," because the Court is not required "to step into the shoes of the defaulting party and pursue every possible evidentiary challenge." *Owens v. Republic of Sudan,* 864 F.3d 751, 785 (D.C. Cir. 2017)*, vacated and remanded on other grounds by Opati v. Republic of Sudan*, 140 S. Ct. 1601 (2020). The Special Master may receive testimony by sworn declarations. *See* Minute Entry, *Soto v. Islamic Republic of Iran*, No. 15-cv-08410 (N.D. Ill. Nov. 17, 2021), Dkt. 95 (ordering plaintiff to establish citizenship, including by sworn declaration); Report and Recommendation of Special Master Regarding Compensatory Damages at 4, 6-7, 10, 12-14, *Lonquist v. Islamic Republic of -Iran*, No. 17-cv-01630-JDB (D.D.C. Feb. 11, 2020), Dkt. 38 (considering affidavit of plaintiffs as to eligibility and damages); Report and Recommendation of Special Master Regarding Plaintiff Fanuel Okall Onyandgo's Claims at 2, 3-4, *Chogo v. Republic of the Sudan*, No. 15-cv-00951-JDB (D.D.C. Oct. 10, 2019), Dkt. 41 (same).

*Id*. at 4-5.

I am entitled to rely on documentary evidence that is properly submitted and authenticated by sworn declarations. *Id*. at 5. Uncontroverted factual allegations that are supported by admissible evidence are deemed to be true. *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 59 (D.D.C. 2010); *Barry v. Islamic Republic of Iran*, 437 F. Supp. 3d 15, 28-29 (D.D.C. 2020)

---

[1] *See* 28 U.S.C. § 1605A(c).

("*Barry II*") (collecting cases). In evaluating solatium damages, I may rely on written declarations from family member claimants describing the attack's effect on him or her. *See Moradi v. Islamic Republic of Iran*, 77 F. Supp. 3d 57, 72-73 (D.D.C. 2015) (relying on wife's declaration and finding her emotional distress "reasonably certain to occur" as a result of an attack on her husband).

The first portion of this Report and Recommendation sets forth factual findings for each of the Additional Bellwether Plaintiffs. The second portion of the Report and Recommendation outlines the applicable case law. The third portion of this Report and Recommendation sets forth my recommendations for compensatory damages for each of the Additional Bellwether Plaintiffs.

## FACTUAL FINDINGS

The Additional Bellwether Plaintiffs are family members of the following direct victims: SPC Ricky Rockholt; LCpl. Brent Zoucha; SGT Ross Clevenger; SSG Justin Estes; PFC Rodney McCandless; SPC Zachary Baker; 1LT Kile West; SGT Zachary McBride; SFC Matthew Pionk; SGT Elmer Krause; Timothy Bell; Tony Johnson; Jack Montague; CPL Damon LeGrand; SGT James Craig; SGT James Harlan; SSG Lynn Poulin; PVT Lionel Ayro; SSG Bryan Hall; SGT Edward Forrest; PFC Kelly Youngblood; CPT Arthur Felder; SSG Billy Orton.

Each of the family member plaintiffs seeks an award of solatium damages. Each of the family member plaintiffs has submitted documentation establishing that they are United States Nationals within the meaning of Section 1605A.[2] As addressed in the factual findings below, each of the family member plaintiffs (or, as applicable, the appropriate representative of the plaintiff)

---

[2] As explained below, all but three of the plaintiffs provided birth certificates showing that they were born in the United States and are United States citizens. One plaintiff submitted a United States passport showing United States citizenship. One plaintiff representative confirmed the status of the underlying plaintiff through declaration testimony. And finally, one plaintiff provided naturalization papers showing that she became a naturalized United States citizen on August 5, 2005.

has submitted declaration testimony in support of their claims. Each of the family member plaintiffs has established that they are an immediate family member (or the functional equivalent) of the victim who was killed in an attack that the Court has identified as meeting the requirements for liability under the state sponsor of terrorism exception to the FSIA.

## I.    FAMILY OF SPC RICKY ROCKHOLT

Specialist Ricky Rockholt Jr. was killed on April 28, 2005 in Iraq when an improvised explosive device ("IED") was triggered near his vehicle. The Court found Iran liable for this attack. Dkt. 55 at 8-10, 22-24, 87-101 ("Bellwether Op.") (finding Iran liable for Bellwether Attack #2).

### A.    ESTATE OF SHERRY KAY ROCKHOLT (MOTHER OF SPC RICKY ROCKHOLT)

Sherry Kay Rockholt is the mother of Specialist Ricky Rockholt. Sherry Rockholt passed away in September of 2021 and her claim was brought by her estate.

An estate has standing to pursue a claim provided that the deceased individual would have had standing and provided that the estate has the power to bring an action under applicable law (meaning, the law under which the estate was created.) Sherry Rockholt's estate was created under Oregon law. *See In the Matter of the Estate of Sherry Kay Rockholt*, Circuit Court of the State of Oregon for the County of Marion establishing the estate of an intestate individual and appointing Jason Rockholt, the son of Sherry Kay Rockholt as the personal representative of the Estate. *See* Exhibit 1. Oregon law provides that an estate possesses the same power as the decedent would have had while alive. Under Oregon law, "[c]auses of action arising out of injuries to a person, caused by the wrongful act or omission of another, shall not abate upon the death of the injured person, and the personal representatives of the decedent may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the

wrongdoer for an injury done by the same act or omission." OR. REV. STAT. § 30.075. Accordingly, the Estate of Sherry Kay Rockholt has the power to bring an action that belonged to the decedent.

Jason Louis Rockholt, the son of Sherry Kay Rockholt and the brother of Ricky Rockholt submitted declaration testimony in support of the claim of the Estate of Sherry Rockholt. Declaration of Jason Rockholt on Behalf of the Estate of Sherry Kay Rockholt, attached as Exhibit 2.

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████

## II.    FAMILY OF LANCE CORPORAL BRENT ZOUCHA

Lance Corporal Brent Zoucha was killed in Iraq on June 9, 2006 after his vehicle was struck by an IED.  The Court found Iran liable for this attack.  Bellwether Op. at 8-10, 28-30, 87-101 (finding Iran liable for Bellwether Attack #4).

### A.    SHERRI LASKA[3] (SISTER OF LCPL. BRENT ZOUCHA)

Sherri Laska, the sister of Lance Corporal Brent Zoucha, submitted declaration testimony in support of her claim.  Declaration of Sherri Lou Laska, attached as Exhibit 4.  ████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████

    ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[3] Sheri Laska submitted a Certificate of Live Birth confirming her U.S. Citizenship.  *See* Exhibit 3.

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

## III.    FAMILY OF SGT ROSS CLEVENGER

Sergeant Ross Clevenger was killed in Iraq on February 8, 2007 when the vehicle he was in ran over an IED.  The Court found Iran was liable for this attack.  Bellwether Op. at 8-10, 30-32, 87-101 (finding Iran liable for Bellwether Attack #5).

### A.    NANCY JO CLEVENGER (STEPMOTHER OF SGT ROSS CLEVENGER)[4]

Nancy Jo Clevenger is the stepmother of Sergeant Ross Clevenger.[5]  Nancy Jo Clevenger submitted declaration testimony in support of her claim.  Declaration of Nancy Clevenger, Exhibit 6. [REDACTED]

---

[4] The status of step-relatives as plaintiffs seeking compensatory damages under Section 1605A of the FSIA is addressed at section Legal Framework.II. infra.

[5] Nancy Jo Clevenger submitted a Certificate of Birth confirming her United States citizenship. *See* Exhibit 5.

██████████████████████████████████████████

████████████████████████████████████████

## IV.    FAMILY OF JUSTIN ESTES

Staff Sergeant Justin Estes was killed in Iraq on March 5, 2007 when an IED detonated

where he was delivering aid to injured soldiers.  The Court found that Iran was liable for this attack.

Bellwether Op. at 8-10, 35-38, 87-101 (finding Iran liable for Bellwether Attack #7).

### A.    KELLI WINKLER (SISTER OF SSG JUSTIN ESTES)

Kelli Winkler is the sister of Staff Sergeant Justin Estes.[6]  Kelli submitted declaration

testimony in support of her claim. Declaration of Kelli Winkler, Exhibit 8. █████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

---

[6] Kelli Winkler submitted a Certificate of Live Birth confirming her U.S. citizenship.  *See* Exhibit 7.

████████████████████████████████████████████████████

███████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████

**B.    DIANE SALYERS (MOTHER OF SSG JUSTIN ESTES)**

Diane Salyers is the mother of Staff Sergeant Justin Estes.[7] Diane Salyers submitted declaration testimony in support of her claim.  Declaration of Diane Salyers, attached as Exhibit 10.  ██████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[7] Diane Salyers submitted a Certificate of Live Birth confirming her U.S. citizenship.  *See* Exhibit 9.

[REDACTED]

## V.      FAMILY OF PFC RODNEY MCCANDLESS

Private First Class Rodney McCandless was killed in Iraq on April 7, 2007 when an IED detonated near his unit.  The Court found Iran liable for this attack.  Bellwether Op. at 8-10, 38-40, 87-101 (finding Iran liable for Bellwether Attack #8).

### A.      CHASSITY MCCANDLESS (SISTER OF PFC RODNEY MCCANDLESS)

Chassity McCandless is the sister of Private First Class Rodney McCandless.[8]   Chassity McCandless submitted declaration testimony in support of her claim.  Declaration of Chassity Diane McCandless, Exhibit 12. [REDACTED]

[REDACTED]

---

[8] Chassity McCandless submitted a Certificate of Birth confirming her U.S. citizenship.  *See* Exhibit 11.

**B.    RONALD    SUMNER    (HALF-BROTHER    OF    PFC    RODNEY MCCANDLESS)**

Ronald Sumner is the half-brother of Rodney McCandless.[9]  Ronald submitted declaration testimony in support of his claim.  Declaration of Ronald Lee Sumner, attached as Exhibit 14.

---

[9] Ronald Sumner submitted a document entitled Request for Verification of Birth in which the Texas Department of Vital Statistics confirmed Mr. Sumner's birth in the State of Texas.  *See* Exhibit 13.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

## VI.    FAMILY OF ZACHARY BAKER

Corporal Zachary Baker was killed in Iraq on May 28, 2007 when his military vehicle struck an IED. The Court found Iran liable for this attack.  Bellwether Op. at 8-10, 40-43, 87-101 (finding Iran liable for Bellwether Attack #9).

### A.  CHRISTINA BAKER (SPOUSE OF SPC ZACHARY BAKER)

Christina Baker is the spouse of Zachary Baker.[10]  Christina submitted declaration testimony in support of her claim.  Declaration of Christina Michelle Baker, attached as Exhibit 16. ████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

───────────────

[10] Christina Baker submitted a Certificate of Live Birth confirming her U.S. Citizenship.  *See* Exhibit 15.

## VII. FAMILY OF FIRST LIEUTENANT KILE WEST

First Lieutenant West was killed in Iraq on May 28, 2007 when his vehicle was hit by an IED. In the Liability Opinion, the Court found Iran liable for this attack - defined as Attack #9. Bellwether Op. at 8-10, 40-43, 87-101.

### A. KELLI ANDERSON (SISTER OF 1LT KILE WEST)

Kelli Anderson is the sister of First Lieutenant Kile West.[11] Kelli provided declaration testimony in support of her claim. Declaration of Kelli West Anderson, attached as Exhibit 18. Kile was Kelli's older (and only) brother. *Id*. at ¶ 2. ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[11] Kelli Anderson submitted a Certificate of Birth confirming her U.S. Citizenship. *See* Exhibit 17.

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████

**B.      KARA WEST (SISTER OF 1LT KILE WEST)**

Kara is the sister of First Lieutenant Kile West.[12]  Kara provided declaration testimony in

support of her claim.  Declaration of Kara Lynette West, attached as Exhibit 20.  ████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████

      █████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

---

[12] Kara West submitted a Certificate of Birth confirming her U.S. Citizenship.  *See* Exhibit 19.

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████

### C.    CARTER WEST (HALF-BROTHER OF 1LT KILE WEST)

Carter West is the half-brother of Kile West.[13]   Carter provided declaration testimony in support of his claim.  Declaration of Carter John West, attached as Exhibit 22.███████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████

████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

---

[13] Carter West submitted a Certificate of Birth confirming his U.S. Citizenship.  *See* Exhibit 21.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████

## VII.    FAMILY OF SERGEANT ZACHARY MCBRIDE

Sergeant Zachary McBride was killed on January 9, 2008, when an explosive device detonated while he was searching a house. The Court found Iran liable for this attack.  *See* Bellwether Op. at 8-10, 48-50, 87-101 (finding Iran liable for Bellwether Attack #12).

### A.    LAURA MCBRIDE (MOTHER OF SGT ZACHARY MCBRIDE)

Laura McBride is the mother of Sergeant Zachary McBride.[14] Laura McBride submitted declaration testimony in support of her claim.  Declaration of Laura Jean McBride, attached as Exhibit 24. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████

---

[14] Laura McBride submitted a Certificate of Birth confirming her U.S. Citizenship.  *See* Exhibit 23.

[REDACTED]

**B.    MARSHALL MCBRIDE (FATHER OF SGT ZACHARY MCBRIDE)**

Marshall McBride is the father of Zachary McBride.[15]    Marshall McBride submitted declaration testimony in support of his claim.    Declaration of Marshall McBride, attached as Exhibit 26.    [REDACTED]

[REDACTED]

---

[15] Marshall McBride submitted a Certification of Birth confirming his U.S. Citizenship.  *See* Exhibit 25.

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

████

## VIV. FAMILY OF SFC MATTHEW PIONK

Matthew Pionk was killed in the same attack that killed Zachary McBride on January 9, 2008. Matthew Pionk was killed when an explosive device detonated in a house that he was searching. The Court found Iran liable for this attack. Bellwether Op. at 8-10, 48-50, 87-101 (finding Iran liable for Bellwether Attack #12).

### A.    SANDRA PIONK (MOTHER OF SFC MATTHEW PIONK)

Sandra Pionk is the mother of Matthew Pionk.[16] Sandra Pionk submitted declaration testimony in support of her claim. Declaration of Sandra Joy Pionk, attached as Exhibit 28. ████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

---

[16] Sandra Pionk submitted a Certificate of Live Birth confirming her U.S. Citizenship. *See* Exhibit 27.

████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████

**B.    MELANIE PIONK (SPOUSE OF SFC MATTHEW PIONK)**

Melanie Pionk is the spouse of Matthew Pionk.[17]  Melanie Pionk submitted declaration

testimony in support of her claim.  Declaration of Melanie Lynn Pionk, attached as Exhibit 30.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[17] Melanie Pionk submitted a Certificate of Live Birth confirming her U.S. Citizenship.  *See* Exhibit 29.



████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

### C.    JOSHUA PIONK (BROTHER OF SFC MATTHEW PIONK)

Joshua Pionk is the brother of Matthew Pionk.[18]   Joshua Pionk submitted declaration testimony in support of his claim.  Declaration of Joshua Duane Pionk, attached as Exhibit 32.

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

---

[18] Joshua Pionk submitted a Certificate of Live Birth confirming his U.S. Citizenship.  *See* Exhibit 31.

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████

### D.    BRANDON PIONK (SON OF SFC MATTHEW PIONK)

Brandon Pionk is the son of Matthew Pionk.[19]  Brandon submitted declaration testimony in support of his claim.  Declaration of Brandon Gregory Pionk, attached as Exhibit 34.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[19] Brandon Pionk submitted a Certificate of Live Birth confirming his U.S. Citizenship.  *See* Exhibit 33.

████████████████████████████████████

████████████████████████████████████

███████████████████████████

### E.    DILLON PIONK (SON OF SFC MATTHEW PIONK)

Dillon Pionk is the son of Matthew Pionk.[20]  Dillon provided declaration testimony in support of his claim.  Declaration of Dillon Matthew Pionk, attached as Exhibit 36.

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

---

[20] Dillon Pionk submitted a Certificate of Live Birth confirming his U.S. Citizenship. *See* Exhibit 35.

███████████████████████████████████████

███████████████████████████

**F.    ASHLEY PIONK (DAUGHTER OF SFC MATTHEW PIONK)**

Ashley Pionk is the daughter of Matthew Pionk.[21]  Ashley provided declaration testimony

in support of her claim.  Declaration of Ashley Elisabeth Pionk, attached as Exhibit 38.

███████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

---

[21] Ashley Pionk submitted a Birth Certificate confirming his U.S. Citizenship.  *See* Exhibit 37.

████████████████████████████████████████

███████████████████████████

## VIII.    FAMILY OF ARMY RESERVE SERGEANT ELMER KRAUSE

Sergeant Elmer Krause was killed in an ambush on April 9, 2004.  The Court found Iran liable for this attack.  *See* Bellwether Op. at 8-10, 51-54, 87-101 (finding Iran liable for Bellwether Attack #13).

### A.  RONDA SEXTON (SISTER OF SGT ELMER KRAUSE)

Ronda Sexton is the older sister of Sergeant Elmer Krause.[22]  Ronda Sexton submitted declaration testimony in support of her claim.  Declaration of Ronda Mary Sexton, attached as Exhibit 40.

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[22] Ronda Sexton submitted a Certificate of Live Birth confirming her U.S. Citizenship.  *See* Exhibit 39.

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

## IX.    FAMILY OF TIMOTHY BELL.

Timothy Bell was a civilian contractor in Iraq and was killed in the same ambush on April 9, 2004 that resulted in the death of Sergeant Krause. The Court found Iran liable for this attack: Bellwether Op. at 8-10, 51-54, 87-101 (finding Iran liable for Bellwether Attack #13).

### A.   ERIC BELL (BROTHER OF TIMOTHY BELL)

Eric Bell is the younger brother of Timothy Bell.[23]  Eric Bell submitted declaration testimony in support of his claim. Declaration of Eric Joseph Bell, attached as Exhibit 42. [REDACTED]

---

[23] Eric Bell submitted a Certificate of Live Birth confirming his U.S. Citizenship. *See* Exhibit 41.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████

## B.  DEBORA BELL (SISTER OF TIMOTHY BELL)

Debora Bell is the younger sister of Timothy Bell.[24]  Debora Bell submitted declaration testimony in support of her claim.  Declaration of Debora Louise Bell, attached as Exhibit 44.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[24] Debora Bell submitted a Certificate of Live Birth confirming her U.S. Citizenship.  *See* Exhibit 43.

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████

### C.   CARL BRADFORD (HALF-BROTHER OF TIMOTHY BELL)

Carl Bradford is Timothy Bell's half-brother.[25]  Carl Bradford submitted declaration testimony in support of his claim.  Declaration of Carl Lebaron Bradford, attached as Exhibit 46.

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

---

[25] Carl Bradford submitted a Birth Certificate confirming his U.S. Citizenship.  *See* Exhibit 45.

### D.  TIMOTHY CAFFEY (SON OF TIMOTHY BELL)

Timothy Caffey is the son of Timothy Bell.[26]   Timothy Caffey submitted declaration

testimony in support of his claim.  Declaration of Timothy Edward Caffey, attached as Exhibit 48.

---

[26] Timothy Caffey submitted a Certificate of Live Birth confirming his U.S. Citizenship.  *See* Exhibit 47.

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████

### E.  NICHOLAS CAFFEY (SON OF TIMOTHY BELL)

Nicholas Caffey is the son of Timothy Bell.[27]  Nicholas Caffey submitted declaration testimony in support of his claim.  Declaration of Nicholas Tramaine Caffey, attached as Exhibit 50. ████████████████████████████████████

██████████████████████████████████████████

██████████████████

████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

---

[27] Nicholas Caffey submitted a Certificate of Live Birth confirming his U.S. Citizenship.  *See* Exhibit 49.

**F.  CHASSADIE TUNSTALL (DAUGHTER OF TIMOTHY BELL)**

Chassadie Tunstall is the daughter of Timothy Bell.[28]  Chassadie (Sadie) Tunstall submitted declaration testimony in support of her claim.  Declaration of Chassadie Tanjaneeka Tunstall, attached as Exhibit 52. ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[28] Chassadie Tunstall submitted a Certificate of Live Birth confirming her U.S. Citizenship.  *See* Exhibit 51.

██████████████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████

## X.      FAMILY OF TONY JOHNSON

Tony Johnson was a civilian contractor in Iraq and was killed in the April 9, 2004 ambush. The Court found Iran liable for this attack.  Bellwether Op. at 8-10, 51-54, 87-101 (finding Iran liable for Bellwether Attack #13).

## A. APRIL MCCORKLE (DAUGHTER OF TONY JOHNSON)

April McCorkle is the daughter of Tony Johnson.[29]  April McCorkle submitted declaration

testimony in support of her claim.  Declaration of April Michelle McCorkle, attached as Exhibit

54. ███████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[29] April McCorkle submitted a Certificate of Live Birth confirming her U.S. Citizenship.  *See* Exhibit 53.

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

## XI.    FAMILY OF JACK MONTAGUE

Jack Montague was a civilian contractor working in Iraq, killed in the April 9, 2004 attack. The Court found Iran liable for this attack.  Bellwether Op. at 8-10, 51-54, 87-101 (finding Iran liable for Bellwether Attack #13).

## A. JACQUELYNE PAPPIN (DAUGHTER OF JACK MONTAGUE)

Jacquelyne Pappin is the daughter of Jack Montague.[30]   Jacquelyn Pappin submitted

declaration testimony in support of her claim.   Declaration of Jacquelyne Montague Pappin,

attached as Exhibit 56. ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████

---

[30] Jacquelyne Pappin submitted a Certificate of Live Birth confirming her U.S. Citizenship. *See* Exhibit 55.

[redacted]

## XII.    FAMILY OF CORPORAL DAMON LEGRAND

Corporal Damon LeGrand was killed in Iraq on June 12, 2007 when his vehicle ran over anti-tank mines.  The Court found Iran liable for this attack.  Bellwether Op. at 8-10, 57-60, 87-101 (finding Iran liable for Bellwether Attack #15).

### A.  GLENNA LEGRAND (MOTHER OF CORPORAL DAMON LEGRAND)

Glenna LeGrand is the mother of Corporal Damon LeGrand.[31]  Glenna LeGrand submitted declaration testimony in support of her claim.  Declaration of Glenna Lorraine LeGrand, attached as Exhibit 58. [redacted]

---

[31] Glenna LeGrand submitted a Certificate of Live Birth confirming her U.S. Citizenship.  *See* Exhibit 57.

███████████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██

## B. MOIRA LEGRAND (STEPDAUGHTER CORPORAL DAMON LEGRAND)

Moira LeGrand is the biological daughter of Damon LeGrand's wife.[32]  Moira was born a week before Damon married Moira's mother.  Moira LeGrand provided declaration testimony in support of her claim.  Declaration of Moira Kathryn LeGrand, attached as Exhibit 60.  ██████████

███████████████████████████████████████████

███████████████████████████████████████████

---

[32] Moira LeGrand submitted a Certificate of Live Birth confirming her U.S. Citizenship.  *See* Exhibit 59.

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████    ██

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

## XIII.  FAMILY OF SERGEANT JAMES CRAIG

Sergeant SGT James Craig was killed in Iraq when his vehicle ran over an IED on January 28, 2008.  The Court found Iran liable for Sergeant Craig's death.  Bellwether Op. at 8-10, 60-64, 87-101 (finding Iran liable for Bellwether Attack #16).

### A.  JOEL SEXTON-CRAIG (FATHER OF SGT JAMES CRAIG)

Joel Sexton-Craig is the father of Sergeant James Craig.[33]  Joel Sexton-Craig submitted

---

[33] Joel Sexton-Craig submitted a Certificate of Live Birth confirming his U.S. Citizenship.  *See* Exhibit 61.

declaration testimony in support of his claim.   Declaration of Joel Sexton-Craig, attached as

Exhibit 62. █████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████

   █████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████

### B.  PHYLLIS CRAIG (MOTHER OF SGT JAMES CRAIG)

Phyllis Craig is the mother of Sergeant James Craig.[34]  Phyllis Craig submitted declaration testimony in support of her claim.   Declaration of Phyllis Irene Craig, attached as Exhibit 64.

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████████████████████

████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

---

[34] Phyllis Craig submitted a Certificate of Live Birth confirming her U.S. Citizenship.  *See* Exhibit 63.

███████████████████████████████████████████████████

████████████████████████████████████████

## C.  RACHAEL PUTMAN (SISTER OF SGT JAMES CRAIG)

Rachael Putman is the biological sister of Sergeant James Craig.[35]   Rachael Putman

submitted declaration testimony in support of her claim.  Declaration of Rachael Putman, attached

as Exhibit 66.  ████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██

████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

---

[35] Rachael Putman submitted a Certificate of Live Birth confirming her U.S. Citizenship.  *See* Exhibit 65.

███████████████████████████████████████████████████

████████████████████████

### D. MENESIA SPADE (HALF-SISTER OF SGT JAMES CRAIG)

Menesia Spade is the half-sister of Sergeant James Craig.[36] Menesia Spade submitted declaration testimony in support of her claim. Declaration of Menesia Caroline Spade, attached as Exhibit 68. ███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████    ████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

---

[36] Menesia Spade submitted a Certified Copy of Birth Certificate confirming her U.S. Citizenship. *See* Exhibit 67.

[redacted]

## XIV.   FAMILY OF SERGEANT JAMES HARLAN

Sergeant James William Harlan was killed in Iraq on May 14, 2004 when terrorists detonated a bomb near the vehicle in which he was riding.  The Court found Iran liable for this terrorist attack.  Bellwether Op. at 8-10, 64-66, 87-101 (finding Iran liable for Bellwether Attack #17).

### A.  JAMES HARLAN (SON OF SGT JAMES HARLAN)

James Harlan is the biological son of Sergeant James Harlan.[37] James Harlan submitted declaration testimony in support of his claim.  Declaration of James Bryan Harlan, attached as Exhibit 70. [redacted]

[redacted]

---

[37] James Harlan submitted a Certified Record of Birth confirming his U.S. Citizenship. *See* Exhibit 69.

███████████████████████████████████████████

██████████████████████

## B. JACOB ROBERTS (SON OF SGT JAMES HARLAN)

Jacob Roberts is the son of Sergeant James Harlan.[38]  Jacob Roberts submitted declaration

testimony in support of his claim.  Declaration of Jacob Alexander Roberts, attached as Exhibit

72.  ██████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███    ██████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████

        ████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

---

[38] Jacob Roberts submitted a Certified Record of Birth confirming his U.S. Citizenship.  *See* Exhibit 71.

[REDACTED]

## XV.    FAMILY OF SERGEANT LYNN POULIN

Staff Sergeant Lynn Poulin was killed in Iraq on December 21, 2004 when a suicide bomber detonated a bomb in the mess hall where he was eating.   The Court found Iran liable for this attack.  *See* Bellwether Op. at 8-10, 69-71, 87-101 (finding Iran liable for Bellwether Attack #19).

### A.   GALE LIGHT (SISTER OF SSG LYNN POULIN)

Gale Light is the sister of Staff Sergeant Lynn Poulin.[39]  Gale Light submitted declaration testimony in support of her claim.  Declaration of Gale Light, attached as Exhibit 74.  [REDACTED]

[REDACTED]

---

[39] Gale Light  submitted a Certified Abstract of a Certificate of Birth confirming her U.S. Citizenship.  *See* Exhibit 73.

**B. LYNN POULIN, JR. (SON OF SSG LYNN POULIN)**

Lynn Robert Poulin Jr. is the son of Staff Sergeant Lynn Poulin.[40]  Lynn Poulin Jr. submitted declaration testimony in support of his claim.  Declaration of Lynn Robert Poulin, Jr., attached as Exhibit 76. ███████████████████████████████████████████████

---

[40] Lynn Poulin, Jr. submitted a Birth Certificate confirming his U.S. Citizenship.  *See* Exhibit 75.

[REDACTED]

### C.  MICHAEL POULIN (SON OF SSG LYNN POULIN)

Michael Poulin is the son of Staff Sergeant Lynn Poulin.[41]  Michael Poulin submitted declaration testimony in support of his claim.  Declaration of Michael James Poulin, attached as Exhibit 78. [REDACTED]

[REDACTED]

---

[41] Michael Poulin submitted a Copy of a United States Passport confirming his U.S. Citizenship. *See* Exhibit 77.



## XVI.    FAMILY OF PRIVATE LIONEL AYRO

Private Lionel Ayro was killed by a suicide bomber on December 21, 2004 while serving in Iraq.  The Court found Iran liable for this terrorist attack.  *See* Bellwether Op. at 8-10, 69-71, 87-101 (finding Iran liable for Bellwether Attack #19).

## A.    IESHA AYRO (SISTER OF PVT LIONEL AYRO)

Iesha Ayro is the sister of Private Lionel Ayro.[42]  Iesha submitted declaration testimony in support of her claim.  Declaration of Iesha Marie Ayro, attached as Exhibit 80.  █████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████

    ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██

    ████████████████████████████████████████████

████████████████████████████████████████████████

---

[42] Iesha Ayro submitted a Certification of Birth confirming her U.S. Citizenship.  *See* Exhibit 79.

[REDACTED]

## XVII.  FAMILY OF SERGEANT BRYAN HALL

Sergeant First Class Bryan Hall was killed in a suicide bombing attack on April 10, 2009. The Court found Iran liable for this attack.  Bellwether Op. at 8-10, 74-76, 87-101 (finding Iran liable for Bellwether Attack #21).

### A.    RACHEL HALL (SPOUSE OF SSG BRYAN HALL)

Rachel Hall is the widow of Sergeant Bryan Hall.[43]  Rachel Hall provided declaration testimony in support of her claim.  Declaration of Rachel Marlene Hall, attached as Exhibit 82.

[REDACTED]

---

[43] Rachel Hall submitted a Certificate of Live Birth confirming her U.S. Citizenship.  *See* Exhibit 81.

### B.    A.H. (DAUGHTER OF SSG BRYAN HALL)

A.H. is the minor daughter of Sergeant Bryan Hall.[44]    Rachel Hall provided declaration

testimony in support of the claim of A.H. ████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

---

[44] A Certificate of Live Birth was submitted on A.H.'s behalf confirming her U.S. Citizenship. *See* Exhibit 83.

## XVIII.  FAMILY OF SERGEANT EDWARD FORREST

Sergeant Edward Forrest, Jr. was killed in a suicide bombing in Iraq on April 10, 2009. The Court found Iran liable for the attack.  Bellwether Op. at 8-10, 74-76, 87-101 (finding Iran liable for Bellwether Attack #21).

### A.  STEPHANIE FORREST (SPOUSE OF SGT EDWARD FORREST)

Stephanie Forrest is the widow of Sergeant Edward Forrest.[45]  Stephanie Forrest submitted declaration testimony in support of her claim.  Declaration of Stephanie Elaine Forrest, attached as Exhibit 86. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

---

[45] Stephanie Forrest submitted a Certificate of Live Birth confirming her U.S. Citizenship.  *See* Exhibit 85.

[REDACTED]

**B.  BRADAN FORREST (SON OF SGT EDWARD FORREST)**

Bradan Forrest is the son of Sergeant Edward Forrest.[46]  Bradan submitted declaration testimony in support of his claim.  Declaration of Bradan Lawrence Forrest, attached as Exhibit 88. [REDACTED]

---

[46] Bradan Forrest submitted a Certificate of Live Birth confirming his U.S. Citizenship.  *See* Exhibit 87.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████

### C.   J.F. (SON OF SGT EDWARD FORREST)

J.F. is the minor child of Sergeant Edward Forrest.[47]  J.F's mother submitted declaration testimony on J.F.'s behalf. ██████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

---

[47] A Certificate of Live Birth was submitted on behalf of J.F. confirming his U.S. Citizenship. *See* Exhibit 89.

[REDACTED]

## XIX.   FAMILY OF PRIVATE FIRST CLASS KELLY YOUNGBLOOD

Private Kelly Youngblood was killed on February 18, 2007 when he was shot by a terrorist while exiting a tank.  The Court found Iran liable for this attack.  Bellwether Op. at 80-82, 87-101 (finding Iran liable for Bellwether Attack #23).

### A.   KRISTEN SIMON (MOTHER OF PFC KELLY YOUNGBLOOD)

Kristen Simon is the mother of Private Kelly Youngblood.[48]  Kristen Simon submitted declaration testimony in support of her claim.  Declaration of Kristen Julie Simon, attached as Exhibit 92. [REDACTED]

[REDACTED]

---

[48] Kristen Simon submitted a Birth Certificate confirming her U.S. Citizenship.  *See* Exhibit 91.

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████

## XX.    FAMILY OF CAPTAIN ARTHUR FELDER

Captain Arthur Felder was killed in Iraq on April 24, 2004 in a mortar attack. The Court found Iran liable for this attack.  Bellwether Op. at 8-10, 83-85, 87-101 (finding Iran liable for Bellwether Attack #24).

### A.  RAO FELDER (BROTHER OF CPT ARTHUR FELDER)

Rao Felder is the brother of Captain Arthur Felder.[49]  Rao Felder submitted declaration testimony in support of this claim.  Declaration of Rao Littrelle Felder, attached as Exhibit 94.

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████
    ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

---

[49] Rao Felder submitted a Certificate of Live Birth confirming his U.S. Citizenship.  *See* Exhibit 93.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████

## XXI.    FAMILY OF SERGEANT BILLY ORTON

Staff Sergeant Billy Orton was killed on April 24, 2004 when mortar rounds were fired into his camp.  The Court found Iran liable for this attack.  Bellwether Op. at 8-10, 83-84, 87-101 (finding Iran liable for Bellwether Attack #24).

### A.  MARGARITA ORTON (SPOUSE OF SSG BILLY ORTON)

Margarita Orton is the widow of Staff Sergeant Billy Orton.[50]  Margarita Orton submitted declaration testimony in support of her claim.  Declaration of Margarita Orton, attached as Exhibit 96. ████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███   ██████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

---

[50] Margarita Orton submitted a Certificate of Naturalization confirming her U.S. Citizenship and a Panamanian Birth Certificate.  *See* Exhibit 95.

██ ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████

**B.  DAVID SCOTT ORTON (SON OF SSG BILLY ORTON)**

David Scott Orton is the son of Billy Orton.[51] David Scott Orton submitted declaration

testimony in support of his claim.  Declaration of David Scott Orton, attached as Exhibit 98. ████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

---

[51] David Scott Orton submitted a Certificate of Birth confirming his U.S. Citizenship.  *See* Exhibit 97.

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

████████

## STANDING

Each plaintiff must demonstrate standing under Section 1605A in order to be eligible for compensatory damages.  To establish standing, the plaintiff must be either: (1) a national of the United States; (2) a member of the armed forces; (3) an employee of the Government of the United States or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment; or (4) the legal representative of a person identified as meeting one of the three status requirements above. 28 U.S.C. § 1605A(c).  A national of the United States means either a 'citizen of the United States' or a 'person who, though not a citizen of the United States, owes permanent allegiance to the United States.[52]

Each of the Additional Bellwether Plaintiffs has provided documentary proof of their status as a "national" of the United States.  Forty-seven of the Additional Bellwether Plaintiffs submitted birth certificates or, in one case, declaration testimony,[53] confirming that they are United States citizens.  One of the Additional Bellwether Plaintiffs, Michael Poulin, submitted a copy of his United States Passport.   One of the Additional Bellwether Plaintiffs, Margarita Orton, is a

---

[52] "The terrorism exception assigns the term 'national of the United States' the 'meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (INA).'" *Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 14 (D.C. Cir. 2015) (quoting 8 U.S.C. § 1101(a)(22); 28 U.S.C. § 1605A(h)(5)).  "The referenced provision of the INA, in turn, generally describes 'national of the United States' to mean either a 'citizen of the United States' or a 'person who, though not a citizen of the United States, owes permanent allegiance to the United States.'" *Id.*

[53] As noted, the Estate of Sherry Rockholt submitted the declaration of the son of Sherry Rockholt confirming that Sherry Rockholt was a United States national.  *See* Exhibit 2 at ¶ 1.

naturalized citizen of the United States – who was naturalized after the terrorist attack.  Courts have determined that a naturalized citizen – including a person naturalized after the terrorist attack that gives rise to the claim – has standing under 1605A if "the claimant or the victim was, at the time the act [of terrorism] ... occurred," a U.S. national, member of the armed forces, or a government employee. § 1605A(a)(2)(A)(ii).  In this case, the victim was a Sergeant in the Arkansas National Guard (part of the United States Armed Forces.) Courts have further determined that such a naturalized citizen has standing to bring a private right of action under 1605A(c).  *See Cabrera v. Islamic Republic of Iran,* No. CV 18-2065 (JDB), 2023 WL 3496303, at *6 (D.D.C. May 16, 2023) (citing, inter alia, *Bernhardt v. Islamic Republic of Iran*, No. 18-CV-2739 (TJK), 2023 WL 2598677, at *13 (D.D.C. Mar. 22, 2023) ('[A] plaintiff that offers proof sufficient to establish a waiver of foreign sovereign immunity under § 1605A(a) has also established entitlement to relief as a matter of federal law' [under § 1605A(c)] if the plaintiff is a citizen of the United States." (quoting *Fritz*, 320 F. Supp. 3d at 86–87).  Because Ms. Orton is now a citizen and the Court has jurisdiction over her solatium claim, she may bring a claim under 1605A(c).

## LEGAL FRAMEWORK:  NON-ECONOMIC/SOLATIUM DAMAGES

### I.    OVERVIEW: LEGAL BASIS FOR SOLATIUM DAMAGES FOR FAMILY MEMBERS OF VICTIMS

Section 1605A(c) expressly provides for solatium damages to immediate family members of victims. Solatium damages provide compensation for mental anguish, grief, and loss of society and comfort. *See Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 85 (D.D.C. 2010) ("Under the FSIA, a solatium claim is indistinguishable from an IIED claim. Solatium is awarded to compensate the the [*sic*] mental anguish, bereavement, and grief that those with a close personal relationship to a decedent experience as the result of the decedent's death, as well as the harm

caused by the loss of the decedent's society and comfort.") (internal citations, quotation marks, and alterations omitted)).

The immediate family is defined as the victim's spouse, parents, siblings, and children. *Estate of Heiser v. Islamic Republic of Iran*, 659 F. Supp. 2d 20, 28 (D.D.C. 2009) ("*Heiser II*") (citing *Jenco v. Islamic Republic of Iran*, 154 F. Supp. 2d 27, 36 n.8 (D.D.C. 2001), *aff'd sub nom. Bettis v. Islamic Republic of Iran*, 315 F.3d 325 (D.C. Cir. 2003)).

In general, there is a presumption that immediate family members suffer grief and emotional injury as a result of a terrorist attack on another family member. *See Kaplan v. Hezbollah*, 213 F. Supp. 3d 27, 38 (D.D.C. 2016) ("The guidelines emerging from prior decisions begin with the 'presumption' that family members in direct lineal relationship 'suffer compensable mental anguish and testimony proving a close relationship will usually be sufficient to sustain an award of solatium damages.'") (quoting *Kim v. Democratic People's Republic of Korea*, 87 F. Supp. 3d 286, 290 (D.D.C. 2015)) (internal alterations omitted); *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 403 (D.D.C. 2015) ("Courts may presume that those in direct lineal relationships with victims of terrorism suffer compensable mental anguish. As for siblings, testimony proving a close emotional relationship will usually be sufficient to sustain an award of solatium damages.") (citations omitted).

Terrorist attacks are expressly intended to cause fear and anguish among the public in general and family members in particular. *See Salazar v. Islamic Republic of Iran*, 370 F. Supp. 2d. 105, 115 (D.D.C. 2005) (a terrorist attack—by its nature—is directed not only at the victims but also at the victims' families). Accordingly, immediate family members need not be present at the attack to be eligible for solatium damages. *See Cohen v. Islamic Republic of Iran*, 238 F. Supp. 3d 71, 84 (D.D.C. 2017) ("*Cohen I*") ("Solatium claims are typically brought by family members

who were not present or injured themselves"); *see*, *id.* at 85 ("[B]ecause of the appalling and extreme nature of terrorist attacks, courts in this district have generally held that a defendant is liable to the victim's family even if they were not physically present during the attack as long as there is some evidence of that they suffered mental anguish and trauma as a result of it") (citing *Braun v. Islamic Republic of Iran*, 228 F. Supp. 3d 64, 81-83 (D.D.C. 2017); *Ben–Rafael v. Islamic Republic of Iran*, 540 F. Supp. 2d 39, 56–57 (D.D.C. 2008)).

An immediate family member who provides credible testimony about the effect on him or her of the attack is eligible for an award of solatium damages – provided that the relationship is sufficiently close. *See Moradi v. Islamic Republic of Iran*, 77 F. Supp. 3d 57, 72-73 (D.D.C. 2015) (declaration that victim's detention and torture caused claimant significant "mental anguish" supported awarding solatium damages consistent with framework of *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229, 269 (D.D.C. 2006) ("*Heiser I*")).

## II. SOLATIUM DAMAGES FOR "NON-TRADITIONAL" FAMILIES – INCLUDING "HALF-BLOOD" FAMILY MEMBERS AND "STEP-RELATIONS"

Courts have determined that the immediate family includes immediate family members of half-blood. *See Peterson v. Islamic Republic of Iran*, 515 F. Supp. 2d 25, 52 (D.D.C. 2007) ("*Peterson II*") ("[s]iblings of half-blood to the servicemen in this case are presumed to recover as a full-blood sibling would[.]"). *See also Valore*, 700 F. Supp. 2d at 79 (quoting *Peterson II*, 515 F. Supp. 2d at 52); *Murphy v. Islamic Republic of Iran*, 740 F. Supp. 2d 51, 75, 79 (D.D.C. 2010) (half-blood siblings are presumed to recover as would a full-blood sibling); *accord Spencer v. Islamic Republic of Iran*, 71 F. Supp. 3d 23, 27 (D.D.C. 2014) ("Half-blood siblings are presumed to recover at the same level as full-blood siblings would, unless the evidence indicates that such individuals did not have a close relationship with the victim") (internal citation omitted).

The immediate family also includes stepparents, stepchildren and stepsiblings as well as others who are the "functional equivalent" of an immediate family member to the extent that these individuals demonstrate a sufficiently close relationship to the victim. *See, e.g., Fritz v. Islamic Rep. of Iran,* 324 F. Supp. 3d 54, 62-63 ("*Fritz I*") (awarding solatium damages to a stepmother and a stepbrother based on evidence that the relationships were the functional equivalent of a parent or sibling); *Cabrera v. Islamic Republic of Iran*, No. CV 18-2065 (JDB), 2024 WL 4345784, at *5 (D.D.C. Sept. 30, 2024) (immediate family members "includes members of the victim's household who are viewed as the functional equivalents of immediate family members," even if they are not legally or biologically related); *Heiser II*, 659 F. Supp. 2d at 29 ("the Court of Appeals [in *Bettis*] subtly acknowledges that, in those rare cases in which the parties at issue had lived in the victim's immediate household and had been in other important respects like a spouse, parent, sibling, or child to the victim, circumstances may require a slight stretching of the immediate-family requirement—comparable to the way in which the unconventional nature of terrorist activity sometimes demands a suspension of the presence requirement. In light of the evidence, then, this Court finds that …the non-adoptive stepfather of [three plaintiffs] had been the functional equivalents of fathers and thus satisfy the immediate-family test."); *Valore*, 700 F.Supp.2d at 79-80 (awarding solatium damages to plaintiffs who, to extent considered stepfather or stepbrother, respectively considered and treated victim as own son or brother and were functional equivalents of a father and brother).[54] *See also Bettis*, 315 F.3d at 337 ("recently, the District Court allowed recovery for intentional infliction of emotional distress to a woman who,

---

[54] Conversely, a biological child, parent or sibling might not be entitled to an award if the evidence shows that they were estranged or had no familial relationship. *See O'Brien v. Islamic Republic of Iran*, 853 F. Supp. 2d 44, 48 (D.D.C. 2012) (brother of victim was not entitled to award where he was estranged from family and could not recall suffering emotional distress).

although not legally married to the victim, had lived with him for over 20 years in a 'bond that was the functional equivalent of marriage.'") (citation omitted).

In sum, the parents, spouses, siblings, and children, including step relations and those who function in such roles even if not biologically related or related by adoption of victims of terrorist attacks are entitled to an award of solatium damages provided that the evidence confirms the nature of the relationship and damages.

## III.    GUIDELINES FOR VALUING SOLATIUM DAMAGES

No amount of compensatory damages can make up for the permanent loss of a family member.  An award of compensatory damages offers the only redress our system permits and may at some point serve as a measure of justice and "punishment" for the perpetrators.  Against this backdrop, the courts in this Circuit have developed guidance outlining the considerations to be applied in determining the appropriate amount of solatium damages for family members of victims of terrorist attacks.  These guidelines, and the dollar amounts applied in numerous decisions, help to foster equality of treatment among similarly situated victims of terrorism.  *See Cabrera v. Islamic Republic of Iran*, No. 19-3835 (JDB), 2022 WL 2817730, at *48 (D.D.C. Jul. 19, 2022) ("*Cabrera I*") (emphasizing the importance of providing similar solatium awards to similarly situated plaintiffs).  Courts have generally applied values set forth in *Heiser I*, and *Peterson II*, to set a framework for analysis.   That framework provides a baseline for solatium damages.  Specifically, the framework and pertinent case law provides a baseline of $8 to $12 million for spouses, $5 million for parents and children, and $2.5 million for siblings.  *See generally*, *id*. at *47 (citing *Peterson II*); *W.A. v. Islamic Republic of Iran*, No. 18-CV-1883(CKK/GMH), 2020 WL 7869218, at *16 (D.D.C. Mar. 23, 2020), report and recommendation adopted, No. CV 18-

1883 (CKK), 2020 WL 7869211 (D.D.C. Apr. 11, 2020) ("*W.A. II*") (awarding $12 million in solitium damages to a spouse experiencing *inter alia* "acute feelings of permanent loss").[55]

These amounts should be viewed as guideposts – and they are neither mandatory nor applicable in all cases. *See Fraenkel v. Islamic Republic of Iran*, 892 F.3d 348, 361-62 (D.C. Cir. 2018); *Murphy*, 740 F. Supp. 2d at 79. In each case, the appropriate compensatory award is based on the specific facts and circumstances, and must take into consideration the multiple relevant factors and the evidence provided. The award must therefore be determined with reference to the baseline framework values (which helps to assure consistency of outcome) but taking into consideration the particular facts of each case.

In some cases, courts have determined that an amount lower than the "baseline" is warranted. *See, e.g.*, *Estate of Brown v. Islamic Republic of Iran*, 872 F. Supp. 2d 37, 44 (D.D.C. 2012) (departing downward for a mother who had lost contact with her victim son for the sixteen years preceding his death). Conversely, courts typically have awarded higher amounts where the evidence shows more extreme or significant short and long-term effects on the family member. As expressed by the court in *Oveissi v. Islamic Republic of Iran*, the solitium award is determined based on multiple factors, including "evidence establishing an especially close relationship between the plaintiff and decedent, particularly in comparison to the normal interactions to be expected given the familial relationship; medical proof of severe pain, grief or suffering on behalf of the claimant; and circumstances surrounding the terrorist attack which made the suffering particularly more acute or agonizing." 768 F. Supp. 2d 16, 26-27 (D.D.C. 2011) ("*Oveissi I*").

---

[55] I note that in several cases while the range is cited as $8 to $12 million, the courts have suggested that the appropriate value for a solitium award for a spouse of a victim killed in an attack is $8 million under the *Peterson* framework. *Cabrera I*, at *48-49 (concluding that spouse was entitled to the *Peterson II* framework baseline solitium damages of $8 million).

Examples include cases where a family member is under medical care for depression or other emotional injury, or where the testimony makes clear that the family member continues to experience and feel the loss and change, or where the family member is aware that the victim suffered horribly while captive. *See, e.g., id.* at 30 (awarding a 50 percent enhancement due to the family member's lifelong emotional trauma including depression, anger, and alcoholism following the victim's death); *Valore*, 700 F. Supp. 2d at 86 (granting upward departures when family members experienced "a general feeling of permanent loss or change caused by the decedent's absence" or received "medical treatment for depression and related affective disorders"); *Bernhardt*, 2023 WL 2598677, at *16 (awarding a 25 percent enhancement to baseline solatium damages to family members for their severe mental distress from the victim's sudden death). In the most extreme cases, upward departures may exceed 40 percent. *See, e.g.*, *Oveissi I*, 768 F. Supp. 2d at 30 (awarding a 50 percent enhancement); *W.A. II*, 2020 WL 7869218, at *16 (awarding a 50% enhancement for pain and suffering for a surviving family member who experienced acute feelings of permanent loss or change caused by the decedent's absence).

## IV.    DETERMINING AWARDS FOR YOUNG CHILDREN

Courts have addressed the question of appropriate awards to children who were very young at the time of their parent's death from a terrorist attack. Courts have not adopted a firm definition of a "very young" child – but the issue arises in cases involving a child (typically younger than 3) – who likely would be too young to remember the parent who was killed in the terror attack. Some decisions have reduced the compensation amount from the baseline when considering solatium damages for a very young child, concluding that such a child would not recall their life with the deceased parent and so would not consciously suffer a loss comparable to the loss experienced by an adult or older child. *See, e.g. Cabrera v. Islamic Republic of Iran*, No. CV 18-2065 (JDB), 2024 WL 3225942, at *11 (D.D.C. June 28, 2024) ("The Court previously applied downward

variances of 40% for children under the age of 1 and 30% for children between the ages of 1–3…
and continued to apply those variances absent a showing that a particular plaintiff's relationship
with the victim-parent was either stronger or weaker than expected.); *Akins v. Islamic Republic of
Iran,* 332 F.Supp.3d 1, 43 (2018) (applying downward departure to plaintiff who was an infant at
the time of the attack). Other courts have considered the totality of circumstances and the traumatic
effect on a child growing up without a parent and in a household that has been affected by and
continues to experience and exhibits grief and loss. *See, e.g. Ben-Rafael*, 540 F. Supp. 2d at 57-
58 (awarding $5 million in solatium damages to each child of a slain father, who were three years
old and nine months old at the time of his murder, because of sense of loss of father figure and
difficulty enjoying life).

Solatium damages are intended to address all types of loss resulting from the death of a
family member including loss of guidance and companionship. Courts have recognized that these
losses and the effect of the loss of a family member extends over multiple years and can affect the
survivors for a lifetime. Children growing up in a household that has been so affected by the loss
of a close family member experience emotional injury and suffering – regardless of the age of the
child at the time of the family member's death. *Id*.; *Lee v. Islamic Republic of Iran*, No. 19-CV-
00830 (APM), 2023 WL 8651039, at *4-5 (D.D.C. Dec. 7, 2023) *(*awarding $5 million to daughter
who was two years old: "Ms. Vacho was only two years old when her father died. Growing up
with a deceased parent was an emotionally and socially isolating experience. She missed SSG
Vacho greatly on numerous milestones—when she was a cheerleader at football games, when she
received her driver's license, and when she became an adult. Ms. Vacho keeps mementos from her
father, including a letter from him, his old hunting rifle, and his high school letterman jacket. Ms.
Vacho finds the anniversary of her father's death particularly challenging, and she feels as though

nothing can compensate for the loss of her father. Although Ms. Vacho was very young when SSG Vacho was killed, she is still entitled to baseline damages awards for children.); *see also Selig v. Islamic Republic of Iran*, 573 F. Supp. 3d 40, 75 (D.D.C. 2021) (awarding a 25 percent upward departure to a plaintiff who was a minor at the time of his father's killing "because courts have recognized the particularly devastating effect that the loss of a parent can have on minors") (citing *Oveissi I*, 768 F. Supp. 2d at 29); *Jakubowicz v. Islamic Republic of Iran*, No. CV 18-1450 (RDM), 2023 WL 6907852, at *7 (D.D.C. Sept. 1, 2023) ("*Jakubowicz II*") (awarding minor child a 25 percent enhancement based on a loss of parental guidance during formative years); *Mark v. Islamic Republic of Iran*, 626 F. Supp. 3d 16, 38 (D.D.C. 2022) (awarding enhancement because child "lost an irreplaceable provider, guide, and nurturer at a critical point in her young life"); *Schooley v. Islamic Republic of Iran*, No. CV 17-1376 (BAH), 2019 WL 2717888, *79 (D.D.C. June 27, 2019) (applying baseline award to young children in the context of injured victims; and stating:. "Some of the children were too young at the time of the attack to fully comprehend that their parents had been injured, …whereas other children were old enough to understand and experience the horror of the attack. Differences in children's relative levels of awareness at the time do not alter the losses they experience from growing up with injured parents, and the strain that those injuries put on their families. In fact, the children who were too young to experience their parent's injury at the time necessarily also had fewer, if any, years with their parents before their parents were injured.  Thus, consistent with the *Heiser* framework, the children of the injured service members are each entitled to an award of $1,500,000.").

Accordingly, in determining the amount of a solatium award for a young child, it is necessary to assess all factors, including the long-term effect on the child and on the family as a

whole of the loss of a parent.   These factors must be assessed on a case-by-case basis, taking into account the evidence submitted.

## V.      RECOMMENDED SOLATIUM AWARDS

Initially, as stated above, each of the family member plaintiffs seeking solatium awards has established standing and the necessary familial relationship (or equivalent) that provides the legal basis for a solatium award.   The recommended compensation amounts set forth below are based on the plaintiff's testimony, nature of the relationship between the family member and the victim and pertinent case law.   I note that of the 49 Additional Bellwether Plaintiffs addressed in this Report, 20 have requested "enhanced" damages awards.

### 1.      Estate of Sherry Rockholt (Parent)

Plaintiffs request an enhancement of 25% over the applicable *Heiser* value. ██████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████

In light of the debilitating emotional injuries lasting the remainder of her life, consistent with pertinent case law, I recommend an enhancement of 25% –– which would result in an award of $6.25 million.

### 2.    Sherry Laska (Sibling)

Plaintiffs request an upward enhancement of 25% from the baseline solatium damages for plaintiff Sherry Laska. ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████ I recommend an enhancement of 25%, which would result in an award of $3.125 million. ████████████████████████████████

████████████████████████████████████████████████████

████████████████

### 3.    Nancy Jo Clevenger (Stepmother)

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████ There is no evidence that would suggest that any downward adjustment is warranted: ████████████████████████████████

████████████████████████████████████████████████████

████████████████ Under these circumstances, I recommend an award of the baseline solatium damages of $5 million.

### 4.    Kelli Winkler (sibling)

Plaintiffs request an upward enhancement of 40% from the baseline solatium award for siblings for Kelli Winkler. ████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

The circumstances here warrant an enhancement. ████████████████████████ I

recommend an award that is 40% over baseline as requested. ████████████████

███████████████████████████████████████████████

█████████████████████████████ Accordingly, I recommend

an award of $3.5 million.

5.    **Diane Salyers (parent)**

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████ There is no evidence that would support an enhanced award

and, accordingly, I recommend a baseline award for Diane Salyers in the amount of $5 million.

6.    **Chassity McCandless (sibling)**

Plaintiffs request an upward enhancement of 25% from the baseline solatium award for

Chassity McCandless. ████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████ Based on

these circumstances I recommend an enhancement of 40%, which would result in an award of $3.5

million.

81

7.    **Ronald Sumner (half sibling)**

███████████████████████████████████████████████████████

███████████████████████████████████████████████ Mr. Sumner

therefore is entitled to an award of solatium damages consistent with the framework amount for

siblings of victims who were killed in a terrorist attack. Accordingly, I recommend an award of

$2.5 million for Mr. Sumner.

8.    **Christina Baker (spouse)**

Plaintiff Christina Baker requests an award of $10 million in solatium damages. This

amount is within the range of values that courts have cited and, in some cases, awarded to spouses

of victims killed in a terrorist attack. ████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████ Under these circumstances, whether it is viewed as an enhancement of 25% or within

the baseline framework, a solatium award of $10 million is justified and consistent with applicable

precedent. ███████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████ Accordingly, I

recommend a solatium award of $10 million for plaintiff Christina Baker.

9.    **Kelli Andersen (sibling)**

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████ I recommend a baseline

sibling award of $2.5 million for Kelli Andersen.

       10. **Kara West (sibling)**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ I recommend a baseline

sibling award of $2.5 million for Kara West.

       11. **Carter West (half sibling)**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████ I recommend

a baseline sibling award of $2.5 million for Carter West.

       12. **Laura McBride (parent)**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ I recommend a baseline

sibling award of $5 million for Laura McBride.

       13. **Marshall McBride (parent)**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ I recommend a baseline

sibling award of $5 million for Marshall McBride.

14.    **Sandra Pionk (parent)**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ I recommend a baseline

sibling award of $5 million for Sandra Pionk.

15.    **Melanie Pionk (spouse)**

Plaintiff Melanie Pionk has requested a solatium award of $10 million.  As noted above,

this amount is within the range of values that courts have cited and, in some cases, awarded for

spouses of victims who are killed in terrorist attacks.  ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████ The requested $10 million is well within the range of values awarded in cases

presenting similar injuries – whether it is viewed as within the baseline range or an enhancement

of 25%. ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████ Accordingly, I recommend a solatium award for Melanie Pionk in the

amount of $10 million.

16. **Joshua Pionk (sibling)**

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████ I recommend a baseline

sibling award of $2.5 million for Joshua Pionk.

17. **Brandon Pionk (child)**

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████ A

full baseline award is consistent with awards in other cases with similar circumstances. ████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████ Accordingly, I recommend an award of

the baseline solatium amount for the child of a victim killed in a terrorist attack - $5 million – for

Brandon Pionk.

18. **Dillon Pionk (child)**

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████ Given these circumstances, Dillon Pionk is entitled to the baseline

award for children of a victim killed in a terrorist attack. Accordingly, I recommend a solatium award for Dillon Pionk of $5 million.

19.   **Ashley Pionk (child)**

Plaintiff requests an upward enhancement of 25% in the solatium award for Ashley Pionk.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████ The documented injuries support an enhancement over the baseline award.  Accordingly, I recommend a 25% enhancement for a total solatium award of $6.25 million. ██████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████

20.   **Ronda Sexton (sibling)**

Ronda Sexton seeks an upward enhancement of 30% above the baseline solatium award for a sibling of a victim killed in a terrorist attack. █████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

 I recommend a 30 percent upward adjustment for an award of $3.25 million.

21.    **Bell Family**

Three siblings and three children of Timothy Bell seek upward adjustments from the baseline solatium awards applicable to their relationships with the victim. ████████████

████████████████████████████████████████████████████████████

████████████ These unique circumstances make it reasonable to address the claims of this family together.  Based on the testimony and unique circumstances here, each of the siblings and children present different injuries and accordingly I recommend different awards.

a.    **Eric Bell (sibling)**

Eric Bell requests a 30% upward adjustment over the baseline solatium award for siblings of a victim killed in a terrorist attack. ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████ Under these circumstances, an upward adjustment is warranted.  Accordingly, I recommend a solatium award for Eric Bell of $3.25 million.

b.    **Debora Bell (sibling)**

Debora Bell requests a 30% upward enhancement over the baseline solatium award for siblings of a victim killed in a terrorist attack.  In this case, an upward enhancement is warranted.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████ The requested upward enhancement is reasonable under these extreme circumstances. ██████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████ Accordingly, I recommend a solatium award of 35% over the baseline for a total award for Debora Bell of $3.375 million.

c.     **Carl Bradford (half-sibling)**

Carl Bradford requests a 30% upward enhancement over the baseline solatium award for siblings of victims killed in a terrorist attack. ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████ Under these circumstances, the requested upward departure of 30 percent is reasonable. ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

Accordingly, I recommend an award of solatium damages for Carl Bradford of $3.25 million.

d.     **Timothy Caffey (child)**

████████████████████████████████████████████████████

██████ Timothy Caffey requests an upward enhancement of 40% over the baseline solatium award for the child of a victim killed in a terrorist attack.

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████ Based

on a review of precedent in which courts have awarded a 20 to 25% enhancement for injuries that

do not appear quite as severe as those suffered by Timothy, and up to 50% in a situation where a

child was extremely affected by the loss of a grandfather, had to go into hiding for a time,

experienced emotional trauma in childhood and as an adult, an enhancement of 35 % over the

baseline is reasonable.  Accordingly, I recommend a solatium award for Timothy Bell of $6.75

million.

    e.  **Nicholas Caffey (child)**

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████ Given these circumstances it is reasonable to provide an

upward adjustment in the solarium award. I recommend an upward adjustment of 30% over the

baseline solatium award for the child of a victim for a full award of $6.5 million.

f.    **Chassadie Tunstell (child)**

███████████████████████████████████████████████████████

████████████████████████████████████ Chassadie seeks a 30% upward adjustment

over the baseline solatium award for children of victims killed in a terrorist attack.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████ I recommend an upward adjustment of 30% over the baseline award for children of a victim

killed in a terrorist attack for a solatium award of $6.5 million.

22.    **April McCorkle (child)**

April McCorkle requests a 40% upward adjustment in the solatium award for children of

parents killed in a terrorist attack. ████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████ I recommend a 40% enhancement over the baseline award for an award of

$7 million. This percentage enhancement is within the range of values awarded in comparable

cases. ████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

### 23.    **Jacquelyn Pappin (child)**

Jacquelyn Pappin requests a 100% upward enhancement over the baseline solatium award for a child who lost a parent in a terrorist attack. ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ Based on the testimony provided, I conclude that an upward enhancement of 90% is reasonable for a total award of $9.5 million. ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████

### 24.    **Glenna LeGrand (parent)**

Glenna LeGrand requests a 25% upward enhancement over the baseline solatium award for a parent whose child was killed in a terror attack. ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████ Accordingly, I recommend a solatium award for Glenna

LeGrand of 25% over the baseline for parents for a total of $6.25 million – which is consistent with comparable cases. ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

25.    **Moira LeGrand (stepchild)**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████ Moira requests a 25% upward enhancement over the baseline solatium award for children of parents killed in terror attacks. ██

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████ The testimony establishes that Moira LeGrand ████████████████████████████████ is entitled to a solatium award at the baseline level for the child of parent killed in a terror attack for a total award of $5 million. ████████████████████████████████████████

████████████████████████████████ it is difficult to support an enhanced award.

**27. and 28. Joel Sexton Craig/Phyllis Craig (parents)**

Joel and Phyllis Craig seek a 25% upward enhancement over the baseline solatium award for parents of children killed in a terror attack. ████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

Under these circumstances, an upward enhancement of 25% over the baseline award is reasonable and just.   Accordingly, I recommend that Joel Craig and Phyllis Craig each receive a solatium award in the amount of $6.25 million.

**29.   Rachael Putman (sibling)**

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ I recommend a baseline sibling award of $2.5 million for Rachael Putman.

**30.   Menesia Spade (half sibling)**

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ I recommend a baseline sibling award of $2.5 million for Menesia Spade.

**31.   James Harlan (child)**

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████ I recommend a solatium award for James

Harlan of $5 million.

### 32.    Jacob Roberts (child)

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████ Jacob

has established the basis for a solatium award at the full baseline value for the child of a parent

killed in a terrorist attack.  Accordingly, I recommend a solatium award for Jacob Roberts of $5

million.

### 33.    Gale Light (sibling)

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████ I recommend a baseline

sibling award of $2.5 million for Gale Light.

### 34.    Lynn Poulin (child)

Lynn Poulin requests a 25 percent enhancement over the baseline solatium award for the

child of a victim killed in a terrorist attack.  ██████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████ I recommend an enhancement of the requested 25% over the baseline

solatium award for the child of a parent killed by a terrorist attack for an award of $6.25 million in solatium damages. ███████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████

35.    **Michael Poulin (child)**

█████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████    The testimony establishes the basis for a solatium award in the full baseline amount for a child whose parent is killed in a terror attack. Accordingly, I recommend a solatium award of $5 million for Michael Poulin.

36.    **Iesha Ayro (sibling)**

Plaintiff Iesha Ayro requests an upward enhancement of 40% over the baseline solatium award for a sibling of a victim killed in a terrorist attack. ███████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

[REDACTED]

On balance, I recommend an enhancement of 40% for Iesha Ayro. [REDACTED]

[REDACTED]

[REDACTED] I recommend a solatium award of $3.5 million.

37.    **Rachel Hall (spouse)**

Rachel Hall requests a solatium award of $9 million – which is within the range of awards granted to spouses of victims of terror attacks. [REDACTED]

[REDACTED] Under these circumstances, an award of $9 million whether viewed as within the framework range or an enhancement of 12.5% is reasonable.  Accordingly, I recommend a solatium award for Rachel Hall in the amount of $9 million. [REDACTED]

[REDACTED]

██████████████████████████████████████████████████████████

████████████████

38.   **A.H. (child)**

███████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████████ I

recommend a slight downward adjustment of 10 % from the baseline solatium award for a child

for an award of $4.5 million.

39.   **Stephanie Forrest (spouse)**

Stephanie Forrest requests a solatium award of $10 million – which is within the range

of solatium awards for spouses of victims killed in a terrorist attack. ████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████ Under these circumstances, the requested award

of $10 million which represents a 25% enhancement over the $8 million amount that is the lower

end of the "range" cited for solatium awards for spouses is reasonable and just.  Accordingly, I

recommend a solatium award of $10 million for Stephanie Forrest.

40.    **Braden Forrest (child)**

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████    I recommend an award of the baseline solatium amount for the child

of a victim killed in a terrorist attack - $5 million – for Braden Forrest.

41.    **J.F. (child)**

J.F. – the child of Edward Forrest – seeks an upward adjustment of 25% over the baseline

award for the child whose parent was killed in a terrorist attack.    ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████    In light of the extreme nature

of J.F.'s condition, I recommend full baseline solatium damages for the child of a victim in a

terrorist attack.  Accordingly, I recommend a solatium award of $5 million.

42.    **Kristen Simon (parent)**

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████ I recommend a baseline

award of $5 million for Kristen Simon.

43.    **Rae Felder (sibling)**

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████ I recommend a baseline

sibling award of $2.5 million for Rae Felder.

44.    **Margarita Orton (spouse)**

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████ I recommend that Margarita Orton receive a solatium award at the baseline

value established in Heiser and Peterson for spouses of victims killed by terrorist. Accordingly, I

recommend a solatium award for Margarita Olsen of $8 million.

45.    **David Scott Orton (child)**

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████ Given these circumstances, David Orton is

entitled to the baseline award for children of a victim killed in a terrorist attack. Accordingly, I recommend a solatium award for David Orton of $5 million.

## VI.     PREJUDGMENT INTEREST

The plaintiffs requested an award of prejudgment interest in their complaint. *See* Plaintiffs' Amended Complaint, Dkt. 15, at 297.

The decision to award prejudgment interest, as well as how to compute that interest, "rests within the discretion of the court, subject to equitable considerations.'" *Fritz I*, 324 F.Supp.3d at 63 (*quoting Baker*, 775 F.Supp.2d at 86). Courts have differed regarding the propriety of pre-judgment interest in FSIA cases and courts have also differed as to the rationale for such awards and the types of damages to which such awards should apply. *See, e.g.*, *Gunn v. Islamic Republic of Iran,* No.: 21-1187, 2024 WL 3566173, at *35 (D.D.C. July 29, 2024) ("[c]ourts in this Circuit have split on whether an award of prejudgment interest on compensatory damages is appropriate in FSIA suits.") (quoting *Barry*, 437 F.Supp.3d at 60); *See also Doe A-1 v. Democratic People's Republic of Korea*, No. 18-CV-0252 (DLF), 2021 WL 723257, at *9 (D.D.C. Feb. 24, 2021) ("Courts in this district have taken varying approaches to requests for prejudgment interest").

Prejudgment interest has generally been justified as a means of accounting for the delay in payment resulting from the litigation. "Where courts have made such an award, they have generally justified it based on a delay between the time of the attack giving rise to the injury and the time at which the claimants received relief." *Barry*, 437 F. Supp. 3d at 60 (citing *Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 214 (D.D.C. 2012) (citing *Pugh v. Socialist People's Libyan Arab Jamahiriya*, 530 F. Supp. 2d 216, 263 (D.D.C. 2008)); *Baker*, 775 F. Supp. at 86. "'The purpose of such awards is to compensate the plaintiff for any delay in payment resulting from the litigation.'" *Fritz I*, 324 F. Supp. 3d at 63 (*quoting Oldham v. Korean Air Lines Co.*, 127 F.3d 43, 54 (D.C. Cir. 1997)). Further, "Failure to award prejudgment interest 'would also allow the Iranian

defendants to 'profit from the use of the money' in the intervening time." *Cabrera I*, 2022 WL 2817730, at *55 (quoting *Ewan v. Islamic Republic of Iran*, 466 F. Supp. 3d 236, 250 (D.D.C. 2020)). "Accordingly, '[p]rejudgment interest is an element of complete compensation.'" *Fritz I*, 324 F. Supp. 3d at 63 (*quoting Oveissi v. Islamic Republic of Iran*, 879 F.Supp.2d 44, 59 (D.D.C. 2012) (*quoting West v. United States*, 479 U.S. 305, 311-12, 107 S. Ct. 702, 93 L.Ed.2d 639 (1987))). *See also Kinyua v. Republic of Sudan,* 466 F. Supp. 3d 1, 12 (D.D.C. 2020) ("'A solatium award is therefore best viewed as fixed at the time of the loss,' … and plaintiffs are entitled to the full amount of their award as if they received it in 1998. Failing to do so would not only place the present plaintiffs at a disadvantage relative to their family members in earlier litigation, but would also allow the Iranian defendants 'to profit from the use of the money over the past [two] decades.'") (*quoting Fritz I*, 324 F. Supp. 3d at 64 and *Estate of Doe v. Islamic Republic of Iran*, 943 F. Supp. 2d 180, 184 n.1 (D.D.C. 2013)).[56]

This Court has awarded prejudgment interest in FSIA cases. In *Jakubowicz v. Islamic Republic of Iran,* No. 18-1450, 2024 WL 1826610 (D.D.C. Apr. 25, 2024), this Court found no

---

[56] *See also Cabrera,* 2024 WL 4345784, at *6 (following *Cabrera I* and finding prejudgment interest was appropriate); *Sheikh,* 485 F. Supp. 3d at 274 ("'plaintiffs are entitled to the full amount of their award as if they received it at the time of the injury,' and failure to award prejudgment interest would 'allow the Iranian defendants to profit from the use of the money over the last [two] decades.'") (quoting *Ewan v. Islamic Republic of Iran*, 466 F. Supp. 3d 236, 250 (D.D.C. 2020) (addressing embassy bombing claims)); *Christie v. Islamic Republic of Iran*, 2020 WL 3606273, at *19-20 (D.D.C. July 2, 2020) (stating, in action arising out of 1996 bombing of Khobar Towers, that "[f]ailing to award prejudgment interest would place plaintiffs at a disadvantage relative to plaintiffs in earlier litigation"); *Opati v. Republic of Sudan*, 60 F. Supp. 3d 68, 82-83, n.10-12 (Bates, J.) (awarding prejudgment interest to victims of embassy bombings); *Wamai v. Republic of Sudan*, 60 F. Supp. 3d 84, 98 (D.D.C. 2014) (Bates, J.) (stating, in action brought by victims of embassy bombings, that "[p]rejudgment interest is appropriate on the whole award, including pain and suffering and solatium" and past economic loss, but not on present economic loss); *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 24 (D.D.C. 2009) (Friedman, J.) (awarding prejudgment interest in action arising from suicide bombing in Israel).

reason to revisit its prior conclusion that ""prejudgment interest was appropriate on both 'past economic loss' and on the 'non-economic pain and suffering and solatium damages suffered by the victims' estates and families.'" No. 18-1450, 2024 WL 1826610, at *3 (D.D.C. Apr. 25, 2024) (quoting *Force v. Islamic Republic of Iran*, 617 F. Supp. 3d 20, 42 (quoting *Fritz I*, 324 F. Supp. 3d at 64)); *see also Schwartz v. Islamic Republic of Iran*, No. 18-cv-1349, 2022 WL 1567358, at *5 (D.D.C. May 18, 2022) (awarding plaintiffs prejudgment interest on the solatium damages awarded to the families of the three victims); *Fritz v. Islamic Republic of Iran*, 466 F. Supp. 3d 13 (D.D.C. 2020) ("*Fritz II*") (finding additional family member entitled to damages and following *Fritz I* in awarding prejudgment interest).

Conversely, as noted above, some courts in this Circuit have concluded that prejudgment interest is not appropriate because the "values set by" the general damages framework that courts have applied "represent the appropriate level of compensation, regardless of the timing of the attack…". *Barry*, 437 F. Supp. 3d at 60 (citing *Oveissi I*, 768 F. Supp. 2d at 30 n.12.; *Wyatt*, 908 F. Supp. 2d 216, 232 (D.D.C. 2012)); *Gunn v. Islamic Republic of Iran,* 2024 WL 3566173, at *35; *see also Estate of Fouty v. Syrian Arab Republic*, No. 18-385, 2024 WL 4006166 at *26 (D.D.C. Aug. 20, 2024) ("'the majority of Judges on this Court [who have] consider[ed] the issue of prejudgment interest for [Foreign Sovereign Immunities Act] damages awards have held 'the values set by the Heiser framework represent the appropriate level of compensation, regardless of the timing of the attack,' and that 'pain and suffering and solatium damages are both designed to be fully compensatory,'" (quoting *Blank v. Islamic Republic of Iran*, No. 19-cv-3645, 2021 WL 3021450, at *14 (D.D.C. July 17, 2021) (internal citations and quotation marks omitted); *Shourd v. Government of Islamic Republic of Iran,* Case No. 22-cv-1309, Case No. 22-cv-2110, Case No. 22-cv-2294, 2024 WL 4346330, at *9 (D.D.C. Sept. 30, 2024) (finding that "prejudgment interest

only applies to the economic loss awards, and not pain and suffering, solatium, or punitive damages"); *Schertzman Cohen v Islamic Rep. of Iran*, 2019 WL 3037868, at *10 (D.D.C. July 11, 2019); *Wultz*, 864 F. Supp. 2d at 43; *Thuneibat*, 167 F. Supp. 3d 22, 54; *Akins v. Islamic Republic of Iran*, 332 F. Supp. 3d at 45–46 ("*Akins I*"); *Akins v. Islamic Republic of Iran*, 549 F.Supp.3d 104, 121-22 (D.D.C. 2021) ("*Akins II*").

I have set forth the calculation of prejudgment interest on the recommended solatium awards.    Prejudgment interest is calculated at the prime rate for each year from the date of attack using the methodology described in *Fritz I,* 324 F. Supp. 3d at 64, 67 n. 2. *See also Jakubowicz*, 2024 WL 1826610, at *3; *Ewan*, 466 F. Supp. 3d at 250 n.3.[57]   A multiplier was calculated using the Federal Reserve's data for the average annual prime rate from the date of attack through March 2025.   *See* Bd. of Governors of the Fed. Reserve Sys., Historical Data, available at https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15 (last accessed March 6, 2025).[58]

---

[57] For 2025, I applied the current prime rate through March 31, 2025, and not a discounted six-year average that had been described in *Ewan*.

[58] The rates applied are as follows (as applicable and tailored to each date of attack):

- 2004   4.34
- 2005   6.19
- 2006   7.96
- 2007   8.05
- 2008   5.09
- 2009   3.25
- 2010   3.25
- 2011   3.25
- 2012   3.25
- 2013   3.25
- 2014   3.25
- 2015   3.26
- 2016   3.51
- 2017   4.10

I multiplied $1.00 by the prime rate in year of the relevant attack and then multiplied the resulting product by the percentage of the days of the year remaining as of the date of the attack. I then added that product to $1.00. Next, I multiplied that amount by the prime rate the following year and added that amount. I continued this iterative process through March of 2025, calculating interest on the days through March 31 and applying the current interest rate for 2025, The calculation yields respective multipliers as detailed in the chart at the end of this Report. As the Court explained in *Wamai* and *Opati*, "[t]he product of the multiplier and the base damages amount includes both the prejudgment interest and the base damages amount; in other words, applying the multiplier calculates not the prejudgment interest but the base damages amount plus the prejudgment interest, or the total compensatory damages award." *Wamai*, 60 F. Supp. 3d at 99 n. 16; *Opati*, 60 F. Supp. 3d at 83 n. 12.

## VII.    SUMMARY OF RECOMMENDATIONS

| Plaintiff | Relation to Direct Victim | Date of Attack | Solatium Damages | Multiplier | Prejudgment Interest | Total with Prejudgment Interest |
|---|---|---|---|---|---|---|
| Iesha Ayro | Sister | 12/21/2004 | $3,500,000 | 2.5964 | $5,587,556 | $9,087,556 |
| Christina Baker | Spouse | 5/28/2007 | $10,000,000 | 2.1938 | $11,937,871 | $21,937,871 |
| Eric Bell | Brother | 4/9/2004 | $3,250,000 | 2.6754 | $5,445,001 | $8,695,001 |
| Debora Bell | Sister | 4/9/2004 | $3,375,000 | 2.6754 | $5,654,424 | $9,029,424 |

- 2018   4.91
- 2019   5.28
- 2020   3.54
- 2021   3.25
- 2022   4.86
- 2023   8.20
- 2024   8.31
- 2025   7.50 (current rate)

| Plaintiff | Relation to Direct Victim | Date of Attack | Solatium Damages | Multiplier | Prejudgment Interest | Total with Prejudgment Interest |
|---|---|---|---|---|---|---|
| Carl Bradford | Half-Brother | 4/9/2004 | $3,250,000 | 2.6754 | $5,445,001 | $8,695,001 |
| Timothy Caffey | Son | 4/9/2004 | $6,750,000 | 2.6754 | $11,308,848 | $18,058,848 |
| Nicholas Caffey | Son | 4/9/2004 | $6,500,000 | 2.6754 | $10,890,002 | $17,390,002 |
| Chassadie Tunstall | Daughter | 4/9/2004 | $6,500,000 | 2.6754 | $10,890,002 | $17,390,002 |
| Nancy Jo Clevenger | Step-Mother | 2/8/2007 | $5,000,000 | 2.2441 | $6,220,582 | $11,220,582 |
| Joel Sexton-Craig | Father | 1/28/2008 | $6,250,000 | 2.0858 | $6,786,321 | $13,036,321 |
| Phyllis Craig | Mother | 1/28/2008 | $6,250,000 | 2.0858 | $6,786,321 | $13,036,321 |
| Rachael Putman | Sister | 1/28/2008 | $2,500,000 | 2.0858 | $2,714,529 | $5,214,529 |
| Menesia Spade | Half-Sister | 1/28/2008 | $2,500,000 | 2.0858 | $2,714,529 | $5,214,529 |
| Kelli Winkler | Sister | 3/5/2007 | $3,500,000 | 2.2326 | $4,314,006 | $7,814,006 |
| Diane Salyers | Mother | 3/5/2007 | $5,000,000 | 2.2326 | $6,162,865 | $11,162,865 |
| Rae Felder | Brother | 4/24/2004 | $2,500,000 | 2.6708 | $4,176,899 | $6,676,899 |
| Stephanie Forrest | Spouse | 4/10/2009 | $10,000,000 | 1.9750 | $9,750,076 | $19,750,076 |
| Bradan Forrest | Son | 4/10/2009 | $5,000,000 | 1.9750 | $4,875,038 | $9,875,038 |
| J.F. | Son | 4/10/2009 | $5,000,000 | 1.9750 | $4,875,038 | $9,875,038 |
| Rachel Hall | Spouse | 4/10/2009 | $9,000,000 | 1.9750 | $8,775,068 | $17,775,068 |
| A.H. | Daughter | 4/10/2009 | $4,500,000 | 1.9750 | $4,387,534 | $8,887,534 |
| James Harlan | Son | 5/14/2004 | $5,000,000 | 2.6646 | $8,322,961 | $13,322,961 |
| Jacob Roberts | Son | 5/14/2004 | $5,000,000 | 2.6646 | $8,322,961 | $13,322,961 |
| April McCorkle | Daughter | 4/9/2004 | $7,000,000 | 2.6754 | $11,727,695 | $18,727,695 |
| Ronda Sexton | Sister | 4/9/2004 | $3,250,000 | 2.6754 | $5,445,001 | $8,695,001 |
| Glenna LeGrand | Mother | 6/12/2007 | $6,250,000 | 2.1869 | $7,417,882 | $13,667,882 |

| Plaintiff | Relation to Direct Victim | Date of Attack | Solatium Damages | Multiplier | Prejudgment Interest | Total with Prejudgment Interest |
|---|---|---|---|---|---|---|
| Moira LeGrand | Step-Daughter | 6/12/2007 | $5,000,000 | 2.1869 | $5,934,305 | $10,934,305 |
| Laura McBride | Mother | 1/9/2008 | $5,000,000 | 2.0911 | $5,455,449 | $10,455,449 |
| Marshall McBride | Father | 1/9/2008 | $5,000,000 | 2.0911 | $5,455,449 | $10,455,449 |
| Chassity McCandless | Sister | 4/7/2007 | $3,500,000 | 2.2173 | $4,260,675 | $7,760,675 |
| Ronald Sumner | Half-Brother | 4/7/2007 | $2,500,000 | 2.2173 | $3,043,339 | $5,543,339 |
| Jacquelyne Pappin | Daughter | 4/9/2004 | $9,500,000 | 2.6754 | $15,916,157 | $25,416,157 |
| Margarita Orton | Spouse | 4/24/2004 | $8,000,000 | 2.6708 | $13,366,076 | $21,366,076 |
| David Orton | Son | 4/24/2004 | $5,000,000 | 2.6708 | $8,353,798 | $13,353,798 |
| Sandra Pionk | Mother | 1/9/2008 | $5,000,000 | 2.0911 | $5,455,449 | $10,455,449 |
| Melanie Pionk | Spouse | 1/9/2008 | $10,000,000 | 2.0911 | $10,910,899 | $20,910,899 |
| Joshua Pionk | Brother | 1/9/2008 | $2,500,000 | 2.0911 | $2,727,725 | $5,227,725 |
| Brandon Pionk | Son | 1/9/2008 | $5,000,000 | 2.0911 | $5,455,449 | $10,455,449 |
| Dillon Pionk | Son | 1/9/2008 | $5,000,000 | 2.0911 | $5,455,449 | $10,455,449 |
| Ashley Pionk | Daughter | 1/9/2008 | $6,250,000 | 2.0911 | $6,819,312 | $13,069,312 |
| Gale Light | Sister | 12/21/2004 | $2,500,000 | 2.5964 | $3,991,111 | $6,491,111 |
| Lynn Poulin, Jr. | Son | 12/21/2004 | $6,250,000 | 2.5964 | $9,977,778 | $16,227,778 |
| Michael Poulin | Son | 12/21/2004 | $5,000,000 | 2.5964 | $7,982,222 | $12,982,222 |
| Estate of Sherry Kay Rockholt | Mother | 4/28/2005 | $6,250,000 | 2.5445 | $9,653,056 | $15,903,056 |
| Kelli Anderson | Sister | 5/28/2007 | $2,500,000 | 2.1938 | $2,984,468 | $5,484,468 |
| Kara West | Sister | 5/28/2007 | $2,500,000 | 2.1938 | $2,984,468 | $5,484,468 |
| Carter West | Half-Brother | 5/28/2007 | $2,500,000 | 2.1938 | $2,984,468 | $5,484,468 |

| Plaintiff | Relation to Direct Victim | Date of Attack | Solatium Damages | Multiplier | Prejudgment Interest | Total with Prejudgment Interest |
|---|---|---|---|---|---|---|
| Kristen Simon | Mother | 2/18/2007 | $5,000,000 | 2.2395 | $6,197,496 | $11,197,496 |
| Sherri Laska | Sister | 6/9/2006 | $3,125,000 | 2.3633 | $4,260,177 | $7,385,177 |

Dated: March 14, 2025

Respectfully submitted,

By: */s/ Deborah E. Greenspan*
Deborah E. Greenspan, Esq.
Special Master

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2025, I electronically filed the foregoing document with the Clerk of the Court using the Court's ECF system, which will send notification of such filing to attorneys of record.

Dated: March 14, 2025                    */s/ Deborah E. Greenspan*
                                         Deborah E. Greenspan
                                         Special Master
                                         BLANK ROME LLP
                                         1825 Eye Street, N.W.
                                         Washington, DC 20006
                                         Telephone: (202) 420-2200
                                         Facsimile: (202) 420-2201
                                         Deborah.Greenspan@blankrome.com