**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROBERT MARTINO, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>  Defendant. | Case No. 21-1808 (RDM) |

**PLAINTIFFS' MOTION FOR PAYMENT OF SPECIAL MASTER STEPHEN A. SALTZBURG REGARDING REPORT AND RECOMMENDATIONS FOR TRANCHE 1 EASTERN ANBAR PLAINTIFFS**

Plaintiffs respectfully move for an Order on payment to Special Master Stephen A. Saltzburg, who served this Court by making findings of facts and recommendations on liability and compensatory damages for the Tranche 1 Eastern Anbar Plaintiffs and two additional plaintiffs injured by two attacks for which the Court found Iran liable in previous rulings in accordance with the Court's Administrative Plan and Order Appointing Special Masters (Dkt. 64).[1]  Plaintiffs request $21,450 in payment for Special Master Saltzburg, as supported by Special Master Saltzburg's voucher and timecard submitted with this Motion as Exhibit A.

**I.    CLAIMS OF THE TRANCHE 1 EASTERN ANBAR PLAINTIFFS**

Plaintiffs are family members of United States servicemembers and civilians injured or killed in terrorist attacks in Iraq perpetrated by the Zarqawi organization and/or Ansar al-Sunnah. They bring claims against the Islamic Republic of Iran under the terrorism exception to the Foreign Sovereigns Immunities Act, 28 U.S.C. § 1605A, for  providing material support for these attacks.

---

[1] Unless otherwise specified, citations to "Dkt." Are to the docket entries in *Martino v. Islamic Republic of Iran*, No. 21-1808.

The Tranche 1 Eastern Anbar Plaintiffs are a subset of Plaintiffs, consisting of 61 non-bellwether Plaintiffs associated with 27 non-bellwether attacks (the "Attacks") that occurred in Eastern Al Anbar Province, Iraq. The additional two plaintiffs for which Special Master Saltzburg assessed damages consist of one plaintiff associated with a non-bellwether attack that occurred in Fallujah, Al Anbar Province, Iraq, and one plaintiff associated with a non-bellwether attack that occurred in Western Al Anbar Province, Iraq, both of which are attacks this Court has previously found Iran liable for. *See* Dkts. 92, 105.

## II.    THE COURT'S APPOINTMENT OF SPECIAL MASTER SALTZBURG AND ADOPTION OF THE RELEVANT ADMINISTRATIVE PLAN

On October 30, 2024, the Court entered an Order appointing Special Masters Deborah E. Greenspan, Stephen A. Saltzburg, Paul. G. Griffin, Shelby R. Grubbs, David L. Broom, and Brad Piggott to recommend liability and damage awards for non-bellwether Plaintiffs. Dkt. 64. The Court adopted an Administrative Plan to govern their appointments, including dividing the non-bellwether Plaintiffs' claims into Tranche 1 and Tranche 2, and further dividing Tranche 1 among the appointed Special Masters by attacks. Dkt. 64 at 6. The Administrative Plan detailed the method, manner, and scope of work the Special Masters would perform, their powers, and the schedule for completion of such work. Dkt. 64. The Administrative Plan also detailed the rates and manner of compensation for work performed by the Special Master. *Id*.

## III.    THE WORK PERFORMED BY SPECIAL MASTER SALTZBURG

On October 17, 2025, Special Master Saltzburg filed his report and recommendations containing proposed findings of fact and recommendations for liability and damages for the Tranche 1 Eastern Anbar Non-Bellwether Plaintiffs. Dkt. 106. In compiling his report and drafting his recommendations, Special Master Saltzburg relied on sworn declarations, military records, birth certificates, and an expert report. Dkt. 106 at 3, 6, 18–19. He conducted legal research

related to standing, Plaintiffs' claims, and compensatory damages, and reviewed the Court's prior opinions and prior decisions in similar cases. *Id.* at 18–27.

The specific work performed by Special Master Saltzburg is detailed in the Special Master's voucher and supporting time card, which Plaintiffs have filed alongside this motion as Exhibit A. In compliance with the Administrative Plan, Special Master Saltzburg's submission: "(1) identifies each date that work was performed; (2) describes with reasonable detail the type of work performed on each date (including which Plaintiffs' reports were worked on); (3) states the total hours worked on each date; (4) states whether the hours worked on each date constitute a full or half day of work; (5) lists the total amount due for that day (i.e., either the half-day or full-day rate); and (6) states the total amount claimed on the voucher." Dkt. 64 at 8.

## IV. THE COURT SHOULD ENTER AN ORDER OF PAYMENT TO SPECIAL MASTER SALTZBURG FOR WORK ON THE DAMAGES CLAIMS OF THE TRANCHE 1 EASTERN ANBAR PLAINTIFFS

Plaintiffs request an order directing the payment of $21,450 to Special Master Saltzburg, as supported by his voucher and timecard. *See* Exhibit A.

Plaintiffs brought their claims under 28 U.S.C. § 1605A, which authorizes this Court to "appoint special masters to hear damage claims brought under this section." 28 U.S.C. § 1605A(e)(1). The statute also provides for compensation of Special Masters from special funds:

> The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984 (42 U.S.C. § 10603c), to the Administrator of the United States district court in which any case is pending which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1). Any amount paid in compensation to any such special master shall constitute an item of court costs.

28 U.S.C. § 1605A(e)(2). Consistent with the statute, the Administrative Plan specifies:

> Payment of the Special Master is contingent upon receipt of funding from a fund administered by the Department of Justice ("DOJ") and will be disbursed consistent with the procedures set forth by the DOJ's Office for Victims of Crime ("OVC"). *See* 28 U.S.C. § 1605A(e)(2) ("The Attorney General shall transfer, from funds

available for the program under section 1404C of the Victims of Crime Act of 1984[,] . . . such funds as may be required to cover the costs of special masters . . . .").

Dkt. 64 at 7.

The Administrative Plan provides that the Special Master shall be paid $1,300 per day of work under the plan. *Id.* Where less than a full work day but more than one-half of a work day (i.e., four hours or more) is expended, the Special Master shall be paid $1,300 for that day. *Id.* When half or less than one-half of a work day is expended (i.e., less than four hours), the Special Master shall be paid $650 for that day. *Id.* Other restrictions and limitations on compensation for work are set forth in detail in the Administrative Plan, *see id.* at 6-8, and were followed by Special Master Saltzburg. Special Master Saltzburg prepared and submitted a voucher attesting to the time he spent preparing his report and recommendations, and the nature of such work. Exhibit A.

The Court should enter an Order directing payment to Special Master Saltzburg. The Order should state that the case in which Special Master Saltzburg's costs were incurred was brought under 28 U.S.C. § 1605A, and direct the Clerk of the Court to submit to the Department of Justice's Office of Victims of Crime ("OVC"): (1) a request for the transfer of a total of $21,450 from the Victims of Crime Fund to an account maintained by this Court, for payment to Special Master Saltzburg; (2) a copy of this Motion and the supporting Exhibit A, including the Special Master's voucher and supporting timecard; (3) a copy of the Order Appointing the Special Masters and Order Adopting Administrative Plan Concerning the Special Masters (Dkt. 64); and (4) the Court's Order on this Motion.

The Court's Order should further specify that the Clerk of the Court is to coordinate any requisite follow-up with the OVC, and that, upon completion of the transfer of these funds, the

Clerk of the Court is promptly to transfer funds in the amounts listed above to Special Master Saltzburg at his address on file with the Court. These funds should be transferred by the Department of Justice's OVC to this Court from the funds available under Section 1404C of the Victims of Crime Act of 1984 (42 U.S.C. § 10603c) (now codified at 34 U.S.C. § 20106), for the payment of Special Masters, in accordance with 28 U.S.C. § 1605A(e).

## CONCLUSION

Plaintiffs respectfully request that the Court grant this motion and direct payment to Special Master Saltzburg consistent with the terms of the attached proposed order.


Dated: October 23, 2025                     Respectfully submitted,

                                            */s/ Nicholas Reddick*
                                            Nicholas Reddick (D.C. Bar No. 1760683)
                                            Willkie Farr & Gallagher LLP
                                            333 Bush Street
                                            San Francisco, CA 94104
                                            Tel: (415) 858-7400
                                            Fax: (415) 858-7599
                                            NReddick@willkie.com

                                            Michael J. Gottlieb (D.C. Bar No. 974960)
                                            Logan R. Kenney (D.C. Bar. No. 90005142)
                                            Willkie Farr & Gallagher LLP
                                            1875 K Street, NW
                                            Washington, DC 20006-1238
                                            Tel: (202) 303-1000
                                            Fax: (202) 303-2000
                                            MGottlieb@willkie.com
                                            LKenney@willkie.com


                                            Ryan R. Sparacino (D.C. Bar No. 493700)
                                            Eli J. Kay-Oliphant (D.C. Bar No. 503235)
                                            Sparacino PLLC
                                            1920 L Street, NW, Suite 835
                                            Washington, D.C. 20036

Tel: (202) 629-3530
ryan.sparacino@sparacinopllc.com
eli.kay-oliphant@sparacinopllc.com

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of October, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

*/s/ Nicholas Reddick*
Nicholas Reddick