**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ROBERT MARTINO, *et al.*,

              Plaintiffs,

      v.

ISLAMIC REPUBLIC OF IRAN,

              Defendant.

Case No. 21-1808 (RDM)

**PLAINTIFFS' MOTION FOR PAYMENT OF SPECIAL MASTER STEPHEN A. SALTZBURG REGARDING REPORTS AND RECOMMENDATIONS FOR TRANCHE 1 SALADIN, BABIL, AND NINEVEH PLAINTIFFS AND TRANCHE 1 DIYALA AND BAGHDAD PLAINTIFFS**

Plaintiffs respectfully move for an Order on payment to Special Master Stephen A. Saltzburg, who served this Court by making findings of facts and recommendations on liability and compensatory damages for the Tranche 1 Saladin, Babil, and Nineveh Non-Bellwether Plaintiffs and Tranche 1 Diyala and Baghdad Non-Bellwether Plaintiffs (along with damages recommendations for three additional plaintiffs). Plaintiffs' Motion is in accordance with this Court's Administrative Plan and Order Appointing Special Masters (Dkt. 64).[1] Plaintiffs request the total of $29,250 in payment for Special Master Saltzburg—$15,600 for the Tranche 1 Saladin, Babil, and Nineveh Plaintiffs and $13,650 for Tranche 1 Diyala and Baghdad Plaintiffs and three additional plaintiffs—as supported by Special Master Saltzburg's vouchers and timecards submitted with this Motion as Exhibits A and B.

---

[1] Unless otherwise specified, citations to "Dkt." are to the docket entries in *Martino v. Islamic Republic of Iran*, No. 21-1808.

## I.    CLAIMS OF THE TRANCHE 1 SALADIN, BABIL, AND NINEVEH PLAINTIFFS AND TRANCHE 1 DIYALA AND BAGHDAD PLAINTIFFS

Plaintiffs are family members of United States servicemembers and civilians injured or killed in terrorist attacks in Iraq perpetrated by the Zarqawi organization, Ansar al-Sunna, and/or the Badr Organization of Reconstruction and Development.  They bring claims against the Islamic Republic of Iran under the terrorism exception to the Foreign Sovereigns Immunities Act, 28 U.S.C. § 1605A, for providing material support for these attacks.  The Tranche 1 Saladin, Babil, and Nineveh Plaintiffs are a subset of Plaintiffs, consisting of 57 non-bellwether plaintiffs associated with 23 non-bellwether attacks that occurred in the Saladin, Babil, and Nineveh provinces of Iraq.  The Tranche 1 Diyala and Baghdad Plaintiffs are a subset of Plaintiffs, consisting of 40 non-bellwether plaintiffs associated with 19 non-bellwether attacks that occurred in Diyala and Baghdad Provinces of Iraq.

Special Master Saltzburg also assessed damages for three additional plaintiffs, who are included in the Tranche 1 Diyala and Baghdad Report and Recommendation: (1) a plaintiff associated with a non-bellwether attack in Saladin Province, for which Special Master Saltzburg has recommended a liability finding against Iran and on which this Court's liability ruling remains pending, Dkt. 114 at 79-80; (2) a plaintiff associated with a bellwether attack in Diyala Province, for which this Court has already found Iran liable, Dkt. 55 at 38-40; and (3) a plaintiff associated with a non-bellwether attack in Fallujah Province, for which this Court has likewise found Iran liable, Dkts. 91, 74-1 at 109-111.

## II.    THIS COURT'S APPOINTMENT OF SPECIAL MASTER SALTZBURG AND ADOPTION OF THE RELEVANT ADMINISTRATIVE PLAN

On October 30, 2024, this Court entered an Order appointing Special Masters Deborah E. Greenspan, Stephen A. Saltzburg, Paul. G. Griffin, Shelby R. Grubbs, David L. Broom, and Brad Piggott to recommend liability and damage awards for non-bellwether Plaintiffs.  Dkt. 64.  This

Court adopted an Administrative Plan to govern their appointments, including dividing the non-bellwether Plaintiffs' claims into Tranche 1 and Tranche 2, and further dividing Tranche 1 among the appointed Special Masters by attacks. *Id.* at 6. The Administrative Plan detailed the method, manner, and scope of work the Special Masters would perform, their powers, and the schedule for completion of such work. *Id*. at 2-7. The Administrative Plan also detailed the rates and manner of compensation for work performed by the Special Master. *Id*. at 7-8.

## III.    THE WORK PERFORMED BY SPECIAL MASTER SALTZBURG

On November 3, 2025, Special Master Saltzburg filed his report and recommendations containing proposed findings of fact and recommendations for liability and damages for the Tranche 1 Saladin, Babil, and Nineveh Non-Bellwether Plaintiffs. Dkt. 114. In compiling his report and drafting his recommendations, Special Master Saltzburg relied on sworn declarations, military records, birth certificates, and an expert report. *See id.* Ex. A. He conducted legal research related to standing, Plaintiffs' claims, and compensatory damages, and reviewed this Court's prior opinions and prior decisions in similar cases. *See id.* Ex. A.

On December 22, 2025, Special Master Saltzburg filed his report and recommendations containing proposed findings of fact and recommendations for liability and damages for the Tranche 1 Diyala and Baghdad Non-Bellwether Plaintiffs and three additional plaintiffs. Dkt. 124. In compiling his report and drafting his recommendations, Special Master Saltzburg relied on sworn declarations, military records, birth certificates, and an expert report. *See id.* Ex. A. He conducted legal research related to standing, Plaintiffs' claims, and compensatory damages, and reviewed this Court's prior opinions and prior decisions in similar cases. *See id.* Ex. A.

The specific work performed by Special Master Saltzburg is detailed in the Special Master's vouchers and supporting time cards, which Plaintiffs have filed alongside this Motion as

Exhibits A and B.  In compliance with the Administrative Plan, Special Master Saltzburg's submission: "(1) identifies each date that work was performed; (2) describes with reasonable detail the type of work performed on each date (including which Plaintiffs' reports were worked on); (3) states the total hours worked on each date; (4) states whether the hours worked on each date constitute a full or half day of work; (5) lists the total amount due for that day (i.e., either the half-day or full-day rate); and (6) states the total amount claimed on the voucher."  Dkt. 64 at 8.

## IV.    THIS COURT SHOULD ENTER AN ORDER OF PAYMENT TO SPECIAL MASTER SALTZBURG FOR WORK ON THE LIABILITY AND DAMAGES CLAIMS OF THE TRANCHE 1 SALADIN, BABIL, AND NINEVEH PLAINTIFFS AND TRANCHE 1 DIYALA AND BAGHDAD PLAINTIFFS

Plaintiffs request an order directing the payment of $15,600 for the Tranche 1 Saladin, Babil, and Nineveh Plaintiffs and $13,650 for Tranche 1 Diyala and Baghdad Plaintiffs and three additional plaintiffs to Special Master Saltzburg, as supported by his vouchers and timecards. *See* Exs. A, B.

Plaintiffs brought their claims under 28 U.S.C. § 1605A, which authorizes this Court to "appoint special masters to hear damage claims brought under this section."  28 U.S.C. § 1605A(e)(1).  The statute also provides for compensation of Special Masters from special funds:

> The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984 (42 U.S.C. § 10603c), to the Administrator of the United States district court in which any case is pending which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1).  Any amount paid in compensation to any such special master shall constitute an item of court costs.

28 U.S.C. § 1605A(e)(2).  Consistent with the statute, the Administrative Plan specifies:

> Payment of the Special Master is contingent upon receipt of funding from a fund administered by the Department of Justice ("DOJ") and will be disbursed consistent with the procedures set forth by the DOJ's Office for Victims of Crime ("OVC"). *See* 28 U.S.C. § 1605A(e)(2) ("The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984[,] . . . such funds as may be required to cover the costs of special masters . . . .").

Dkt. 64 at 7.

The Administrative Plan provides that the Special Master shall be paid $1,300 per day of work under the plan. *Id.* Where less than a full work day but more than one-half of a work day (i.e., four hours or more) is expended, the Special Master shall be paid $1,300 for that day. *Id.* When half or less than one-half of a work day is expended (i.e., less than four hours), the Special Master shall be paid $650 for that day. *Id.* Other restrictions and limitations on compensation for work are set forth in detail in the Administrative Plan, *see id.* at 6-8, and were followed by Special Master Saltzburg.[2] Special Master Saltzburg prepared and submitted vouchers attesting to the time he spent preparing his reports and recommendations, and the nature of such work. Exs. A, B.

This Court should enter an Order directing payment to Special Master Saltzburg. The Order should state that the case in which Special Master Saltzburg's costs were incurred was brought under 28 U.S.C. § 1605A, and direct the Clerk of this Court to submit to the Department of Justice's Office of Victims of Crime ("OVC"): (1) a request for the transfer of $15,600 for the Tranche 1 Saladin, Babil, and Nineveh Plaintiffs and $13,650 for Tranche 1 Diyala and Baghdad Plaintiffs and three additional plaintiffs from the Victims of Crime Fund to an account maintained by this Court, for payment to Special Master Saltzburg; (2) a copy of this Motion and the supporting Exhibits A and B, including the Special Master's vouchers and supporting timecards;

---

[2] The Administrative Plan provides that "Plaintiffs shall submit a motion for payment . . . within 30 days after each Special Master submits his or her Tranche 1 report." Dkt. 64 at 9. Plaintiffs respectfully note that the motion for payment for Special Master Saltzburg's work on the Tranche 1 Saladin, Babil, and Nineveh Plaintiffs is being filed slightly outside the 30-day period due to unforeseen technical issues affecting the supporting time record for the Special Master's voucher. The corrupted file required assistance from technical support to recover, which was completed this week. Plaintiffs regret the delay and respectfully request that the Court excuse this brief departure from the Administrative Plan.

(3) a copy of the Order Appointing the Special Masters and Order Adopting Administrative Plan Concerning the Special Masters (Dkt. 64); and (4) this Court's Order on this Motion.

This Court's Order should further specify that the Clerk of this Court is to coordinate any requisite follow-up with the OVC, and that, upon completion of the transfer of these funds, the Clerk of this Court is promptly to transfer funds in the amounts listed above to Special Master Saltzburg at his address on file with this Court. These funds should be transferred by the Department of Justice's OVC to this Court from the funds available under Section 1404C of the Victims of Crime Act of 1984 (42 U.S.C. § 10603c) (now codified at 34 U.S.C. § 20106), for the payment of Special Masters, in accordance with 28 U.S.C. § 1605A(e).

## CONCLUSION

Plaintiffs respectfully request that this Court grant this Motion and direct payment to Special Master Saltzburg consistent with the terms of the attached proposed Order.

Dated: January 9, 2026

Respectfully submitted,

*/s/ Nicholas Reddick*
Nicholas Reddick (D.C. Bar No. 1760683)
Willkie Farr & Gallagher LLP
333 Bush Street
San Francisco, CA 94104
Tel: (415) 858-7400
Fax: (415) 858-7599
NReddick@willkie.com

Michael J. Gottlieb (D.C. Bar No. 974960)
Logan R. Kenney (D.C. Bar. No. 90005142)
Willkie Farr & Gallagher LLP
1875 K Street, NW
Washington, DC 20006-1238
Tel: (202) 303-1000
Fax: (202) 303-2000
MGottlieb@willkie.com
LKenney@willkie.com

Ryan R. Sparacino (D.C. Bar No. 493700)
Eli J. Kay-Oliphant (D.C. Bar No. 503235)
Sparacino PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
Tel: (202) 629-3530
Ryan.Sparacino@sparacinopllc.com
Eli.Kay-Oliphant@sparacinopllc.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January, 2026, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

*/s/ Nicholas Reddick*
Nicholas Reddick