**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ROBERT MARTINO, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>　　　　　　　Defendant. | Case No. 1:21-cv-01808-RDM |

## PLAINTIFFS' MOTION TO AMEND CAPTION

Plaintiffs respectfully move to amend the caption of this case to reflect the correct legal names of plaintiffs Elizabeth Loving (previously referenced as Elizabeth Kormanyos), Jessica Pedroza (previously referenced as Jessica Hernandez), and Austin Young (previously referenced as Austin Jacobs.)

## BACKGROUND

Elizabeth Loving, the sister of attack victim U.S. Army Captain John Teal, was named as Plaintiff (notated as Elizabeth Kormanyos) in the First Amended Complaint.  Dkt. 15 ¶ 1860. Since then, it has come to Plaintiffs' attention that Elizabeth Loving's legal surname has changed from "Kormanyos" to "Loving."  Jessica Pedroza, the sister of attack victim U.S. Army Sergeant Frank Bustamante Hernandez Jr., was named as Plaintiff (notated as Jessica Hernandez) in the First Amended Complaint.  *Id.* ¶ 903.  Since then, it has come to Plaintiffs' attention that Jessica Pedroza's legal surname has changed from "Hernandez" to "Pedroza."  Austin Young, the half-sister of attack victim U.S. Army Specialist Morgen N. Jacobs, was named as Plaintiff (notated as Austin Jacobs) in the First Amended Complaint.  *Id.* ¶ 966.  Since then, it has come to Plaintiffs' attention that Austin Young's correct legal surname is "Young."

**ARGUMENT**

**I.      Correcting Plaintiffs' Names is Proper Under Federal Rule of Civil Procedure 15.**

Federal Rule of Civil Procedure 15 allows a party to amend its pleading with the court's leave, providing that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[I]t is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment.'"  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (cleaned up); *see, e.g.*, *Ray v. Chafetz*, 236 F. Supp. 3d 66, 70 n.2 (D.D.C. 2017) (granting petitioner's Motion to Amend Caption because "justice so requires"); *Ventura v. BEBO Foods, Inc.*, 595 F. Supp. 2d 77, 80 (D.D.C. 2009) (granting plaintiffs' motion to provide an "opportunity to amend the complaint caption to correct what is essentially a misnomer of identified defendants").  Granting this Motion is proper because none of the factors outlined under *Foman* and *Firestone* are present.  *See Foman*, 371 U.S. at 182; *Firestone*, 76 F.3d at 1208.  The First Amended Complaint detailed Elizabeth Loving's familial relationship to attack victim U.S. Army Captain John Teal.  *See* Dkt. 15 ¶ 1860. The First Amended Complaint also detailed Jessica Pedroza's familial relationship to attack victim U.S. Army Sergeant Frank Bustamante Hernandez Jr.  *See id.* ¶ 903.  And the First Amended Complaint detailed Austin Young's familial relationship to attack victim U.S. Army Specialist Morgen N. Jacobs. *See id.* ¶ 966.  Correcting plaintiffs names to their current legal names amounts to nothing more than ensuring that they are properly addressed on the docket; it does not add new plaintiffs or raise any new legal theories that require the gathering and analysis of additional facts. *See Foman*, 371 U.S. at 182; *Firestone*, 76 F.3d at 1208; *Ventura*, 595 F. Supp. 2d at 80.  The proposed amendment does not unduly delay the proceeding or unduly prejudice Iran, and this Court should freely give leave to amend the caption of this case.  *See Foman*, 371 U.S. at 182;

*Firestone*, 76 F.3d at 1208; *Ray*, 236 F. Supp. 3d at 70; *Ventura*, 595 F. Supp. 2d at 80.

## II.   Correcting Plaintiffs' Names Does Not Require Re-Serving the Complaint Under the Foreign Sovereign Immunities Act.

Granting this Motion would not require Plaintiffs to effect service on Iran again.  Although a foreign state sued in the United States is entitled to be served with the initial complaint and summons, it largely forgoes the right to receive service of further filings if it fails to appear and defaults, as Iran did here.  Dkt. 29, Clerk's Entry of Default as to Islamic Republic of Iran; *see Dammarell v. Islamic Republic of Iran*, 370 F. Supp. 2d 218, 223-25 (D.D.C. 2005); *see also* 28 U.S.C. § 1608 (requiring service of the initial complaint and summons, and of any eventual default judgment, but not of any intermediary filings); Fed. R. Civ. P. 5(a)(2) (waiving service requirements for most pleadings after the original complaint, discovery papers, motions, and other documents for "a party who is in default for failing to appear").

While courts have acknowledged "the possibility that additions to a complaint could be so substantial that the amended complaint must be served on a foreign state under section 1608 even though the foreign state is not being added to the complaint for the first time," *Dammarell*, 370 F. Supp. 2d at 225, those *substantial* changes are not present here.  *See* Fed. R. Civ. P. 5(a)(2) (requiring that even a defaulting defendant be served with any "pleading that asserts a new claim for relief against" them).  Indeed, amendments to a complaint that "do[] not add any claims but instead clarif[y] existing claims," as here, do not trigger a renewed service obligation.  *Maalouf v. Islamic Republic of Iran*, 514 F. Supp. 3d 280, 286 (D.D.C. 2021) (quoting *Dammarell*, 370 F. Supp. 2d at 224); *see also* Min. Order Granting Mot. to Substitute Party, *Zambon*, 1:18-cv-02065-JDB (Apr. 17, 2024) (removing parent as next friend and amending docket to reflect child as plaintiff without requiring renewed service on Iran).

This Court has previously recognized implicitly that correcting the legal name of a plaintiff is not "so substantial" that renewed service on Iran might be required.  *See* Min. Order Granting Mot. to Amend Caption, *Martino v. Islamic Republic of Iran*, 1:21-cv-01808-RDM (Dec. 1, 2025); *see also* Min. Order Granting Mot. to Amend Caption, *Martino* (Feb. 26, 2025).  Correcting plaintiffs names—from Elizabeth Kormanyos to Elizabeth Loving, from Jessica Hernandez to Jessica Pedroza, and from Austin Jacobs to Austin Young—amounts to nothing more than ensuring that plaintiffs are properly addressed on the docket.  Because the amendment does not assert new claims for relief and only corrects names, Rule 5(a)(2) does not require service notwithstanding Iran's default.  Thus, this Court should order that Plaintiffs are not required to re-serve the Complaint on Defendant.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Motion be granted and the attached Order be entered, thereby reflecting Elizabeth Loving's, Jessica Pedroza, and Austin Young's correct legal names.

Dated:  January 12, 2026

Respectfully submitted,

*/s/ Nicholas Reddick*
Nicholas Reddick (D.C. Bar No. 1670683)
Willkie Farr & Gallagher LLP
333 Bush Street
San Francisco, CA 94104
Tel: (415) 858-7400
Fax: (415) 858-7599
NReddick@willkie.com

Michael J. Gottlieb (D.C. Bar No. 974960)
Logan R. Kenney (D.C. Bar No. 90005142)
Willkie Farr & Gallagher LLP
1875 K Street, NW
Washington, DC 20006-1238
Tel: (202) 303-1000
Fax: (202) 303-2000
MGottlieb@willkie.com
LKenney@willkie.com

Ryan R. Sparacino (D.C. Bar No. 493700)
Eli J. Kay-Oliphant (D.C. Bar No. 503235)
Sparacino PLLC
1920 L Street, NW, Suite 535
Washington, DC 20036
Tel: (202) 629-3530
Ryan.Sparacino@sparacinopllc.com
Eli.Kay-Oliphant@sparacinopllc.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12 day of January 2026, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

*/s/   Nicholas Reddick*
Nicholas Reddick